UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **MANIDHARI GUMS & CHEMICALS** § | | **CIVIL ACTION** |
| § | | |
| **V.** § | | **NO. 2014-CV-00708** |
| § | | |
| **CELERITAS CHEMICALS, LLC, et al.** § | | **JUDGE TERRY MEANS** |

<u>**DEFENDANTS' MOTION TO COMPEL DISCOVERY AND TO QUASH OR MODIFY NOTICES OF DEPOSITION AND BRIEF IN SUPPORT THEREOF**</u>

Defendants file this Motion to Compel Discovery and Quash or Modify Notices of Deposition and Brief in Support thereof, and would respectfully show the Court the following:

### I.    Executive Summary

Defendants served Plaintiff Manidhari Gums & Chemicals with a Notice of Deposition and *Duces Tecum* (the "Manidhari *Duces Tecum*"). Plaintiff did not object to the Manidhari *Duces Tecum* or file any motion for protective order, yet failed to comply with the Manidhari *Duces Tecum* and refuses to produce any ESI or any responsive documents, including documents it has received from third parties in this lawsuit. Additionally, Plaintiff has failed and refused to properly respond to Plaintiff's written discovery, including its Requests for Production and Interrogatories. Plaintiff's boilerplate objections should be overruled, and Plaintiff should be compelled to produce sworn answers to the interrogatories and documents responsive to the requests for production.

Finally, Plaintiff has noticed the depositions of a third party accountant and Defendant Percy Pinto and intends to use the third party documents it refuses to produce at those depositions. Defendants move to quash or modify those depositions until Plaintiff produces all documents as required by the Federal Rules, and additionally moves to quash or modify the Notice of Deposition served on Percy Pinto because Plaintiff has attached 100 requests for document production that are duplicative of previous discovery.

## II.     Factual Background

A. <u>Plaintiff Refused, Without a Timely Objection, to Comply with the Document Production Requests in Defendants' Notice of Deposition and *Duces Tecum*</u>

Defendants served Plaintiff with the Manidhari *Duces Tecum* on July 14, 2015.[1] The Manidhari *Duces Tecum* requested that Plaintiff produce documents at the deposition including:

1. All documents and ESI evidencing the formation, status, and management of Manidhari, including but not limited to the type of entity (corporation, limited partnership, limited liability company, business trust, real estate investment trust, cooperative, public or private limited company, or any other entity that affords limited liability under the law of the jurisdiction of formation for any owner or member) and the identity of owners or members.
2. All documents and ESI evidencing communications between you and any third party relating to the sale of the guar that is the subject of the Contracts.

And:

22. All documents received by you from any third party upon which you issued and served a subpoena for production of documents in this lawsuit.

Defendants took Plaintiff's 30(b)(6) deposition on September 21, 2015. Plaintiff produced one document (related to a claim it made on its insurance policy) at the deposition and admitted to bringing no other responsive documents, all of which Plaintiff stated were in the possession of its attorney.[2]

Since this deposition, Defendants have repeatedly requested the ESI and communications responsive to its requests. Plaintiff's counsel has repeatedly promised to produce ESI and communications. However, Plaintiff has produced only sixteen scanned pages of emails, and those are only between Plaintiff and Defendants. In contrast, Defendants have produced 50,000 pages of emails, communications and other documents to Plaintiff in response to its requests for production.

---

[1]     A true and correct copy of the Manidhari *Duces Tecum* is attached as Exhibit "A."
[2]     *See* excerpt from the Deposition of Manish Chhajer at pp. 12-22, attached as Exhibit "B."

**DEFENDANT'S MOTION TO COMPEL DISCOVERY AND QUASH DEPOSITIONS - Page 2 of 9**

Plaintiff also refuses to produce documents it has received via subpoena from third parties. In a letter from Plaintiff's attorney, dated October 22, 2015 (the "Letter"), Plaintiff provided a list of categories of documents it has received from third parties but has not produced, that include:

1. Records from Mark Owens, CPA;
2. Records from Magnablend;
3. Bank of America statements/canceled checks;
4. Chase Bank credit card statements and bank statements
5. Records from Fidelity Investments;
6. Documents produced by John Landrum, CPA;
7. Records produced by Wells Fargo; and
8. Additional documents produced by Vandolyn Roszell, CPA.

A true copy of the Letter is attached as Exhibit "C".[3]

B. Plaintiff's Responses to Defendants' Written Discovery Are Inadequate

Plaintiff served its First Supplemental Answer to Interrogatories and First Supplemental Responses to Requests for Production on September 10, 2015 ("Plaintiff's Response").[4] Plaintiff has failed to adequately respond to Defendant's Requests for Production. Specifically, Plaintiff provided impermissible evasive responses, in the form of boilerplate objections lacking any specificity.[5] *See* Fed. R. Civ. P. 34; *see also* Fed. R. Civ. P. 37(a)(4) (treating evasive responses as a failure to respond). Moreover, Plaintiff objects to numerous requests for production by stating that documents responsive to the request are in Defendant's possession, or are documents which Defendants "can obtain."[6]

Plaintiff has failed and refused to produce or even identify:

---

[3] In its letter, Plaintiff demands that "[Defendants agree to] share in the expense of obtaining these records and pay [their] share for the last batch of documents which were copied" before it will produce documents. Plaintiff's demand has no basis in the Rules. Regardless, Plaintiff waived any such demand by failing to file a written objection or seeking a motion for protective order in response to the Manidhari *Duces Tecum*.
[4] A true copy of Plaintiff's Response is attached hereto as Exhibit "D."
[5] *See* Plaintiff's Responses Nos. 1, 4, 5.
[6] *See* Plaintiff's Responses 6-23.

**DEFENDANT'S MOTION TO COMPEL DISCOVERY AND QUASH DEPOSITIONS - Page 3 of 9**

- communications between Plaintiff and third parties, regarding the sale of guar gum, which is the subject matter of this case;[7]

- documents evidencing any transfer of funds and/or property, which are directly related to Plaintiff's claims that Defendant violated the Texas Uniform Fraudulent Transfer Act;[8]

- documents evidencing false representation of Defendant's financial viability as alleged in Plaintiff's Second Amended Complaint.[9]

Plaintiff has failed to respond to Defendant's requests for production, by way of evasive and incomplete responses. Defendant respectfully requests an order overruling each of Plaintiff's discovery objections, striking these objections from Plaintiff's discovery responses, and requiring full and complete production of documents responsive to Defendants' discovery requests.

C. The Court Should Quash or Modify the Notices of Deposition

   i.   *Plaintiff's multiple, repetitive, and abusive Requests for Production are unduly burdensome, and an abuse of the discovery process.*

Plaintiff took the deposition of Percy Pinto on September 23 (the "First Pinto Notice"); the notice of that deposition contained dozens of discovery requests that were duplicative of Plaintiff's requests for production.[10] Defendants have, to date, produced over 50,000 pages of responsive documents in compliance with Plaintiff's Requests for Production and the First Pinto Notice. Plaintiff then served Defendant with notices of the deposition of John Landrum (the "Landrum Notice"), a third-party accountant, and the second deposition of Percy Pinto (the "Second Pinto

---

[7]   Plaintiff's Response 23.
[8]   Plaintiff's Response 21.
[9]   Plaintiff's Response 22.
[10]  *See* Notice of Deposition of Percy Pinto dated Sept. 9, 2015, attached as Exhibit "E."

**DEFENDANT'S MOTION TO COMPEL DISCOVERY AND QUASH DEPOSITIONS - Page 4 of 9**

Notice"), on October 30, 2015.[11] These depositions are scheduled to be taken on November 11, 2015.

      ii.    *Defendants cannot adequately prepare for the depositions noticed, because Plaintiff refuses to respond to Defendants' requests for production.*

Plaintiff intends to use documents it received from third parties, specifically including but not limited to John Landrum – which are among the same documents it refused to produce in response to the Manidhari *Duces Tecum* – at the depositions of John Landrum and Percy Pinto. Because Plaintiff has failed to adequately and fully respond to Defendants' document production requests, Defendants are unable to adequately prepare for these depositions. Therefore, Defendants respectfully request this Court quash the depositions of Percy Pinto and John Landrum, or alternatively, modify the date of the depositions until Plaintiff has complied with Defendants' discovery requests.[12]

### III.    Arguments and Authority

A. <u>The Court Should Compel Production of Documents Responsive to the Mandhari *Duces Tecum* and Defendants' Requests for Production</u>

An order to compel discovery is the appropriate form of judicial intervention for a party's non-compliance with Rule 34 production requirements. Fed. R. Civ. P. 37(a)(3)(B)(iv).

Discovery is a method by which a party "can obtain" "any designated documents or electronically stored information." Fed. R. Civ. P. 34(a)(1)(A). A party may serve a deposition notice on another party accompanied by a *duces tecum* request for production of documents under Rule 34 for production at the deposition. Fed. R. Civ. P. 30(b)(2), 34. A party may object to a

---

[11] A true copy of the Second Pinto Notice and the Landrum Notice are attached hereto as Exhibits "F" and "G," respectively.

[12] Quashing these depositions will require the parties and the court to extend the discovery period. Defendants have no objection to such an extension, especially in light of the fact that the parties have not completed expert discovery at this time.

**DEFENDANT'S MOTION TO COMPEL DISCOVERY AND QUASH DEPOSITIONS - Page 5 of 9**

subpoena *duces tecum* before the earlier of the date specified for compliance or fourteen days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B).  The Federal Rules of Civil Procedure require that any objection to a request provides a reason for the objection. Fed. R. Civ. P. 34(b)(2)(B). An objection to only a part of a request must specify the part of the request to which the party objects, and permit inspection of the rest. *Id*. at 34(b)(2)(C).

Parties to litigation may secure the production of documents produced by a third party in response to a subpoena by obtaining it from the subpoenaing party, or by securing a court order that the documents be produced. FRCP 45 – 2013 Notes of Advisory Committee at ¶ 6.

In this case, Defendants properly served a request for production within the Manidhari *Duces Tecum*. Plaintiff did not object to any of the requests and failed to produce responsive ESI and communications as well as documents they subpoenaed from third parties, all despite admitting in its deposition that said documents exist. Further, the fact that Defendants may possess certain documents requested from Plaintiff does not preclude the existence of responsive documents held by Plaintiff outside of Defendants' possession. Plaintiff should be compelled to fully and properly respond to the Manidhari *Duces Tecum*.

B. <u>The Court Should Quash or Modify the Depositions of Percy Pinto and John Landrum</u>

Any person subject to or affected by a subpoena may file a motion to quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3). A court must modify or quash a notice or subpoena in response to a timely filed motion to quash (*i.e.*, before the time for compliance) when it is set at an unreasonable time or is unduly burdensome. Fed. R. Civ. P. 45(d)(3)(A)(i), (iii).

In this case, the notices of deposition for Messrs. Landrum and Pinto set their depositions at an unreasonable time and are unduly burdensome because Plaintiff has not yet complied with its obligations to produce written discovery, which Defendants require to prepare for the depositions. Defendants therefore request that the Court either (1) quash the depositions outright,

**DEFENDANT'S MOTION TO COMPEL DISCOVERY AND QUASH DEPOSITIONS - Page 6 of 9**

or (2) modify the date of the depositions to a date after Plaintiff complies with its discovery obligations.

In addition, the Second Pinto Notice is unduly burdensome due to multiple, repetitive and abusive requests for production.[13] Because the deposition noticed in the Second Pinto Notice is merely a continuation of Mr. Pinto's first deposition, and because the document requests are largely duplicative of preexisting requests, any additional document requests or topics in the Second Pinto Notice are unduly burdensome upon Defendants, and an abuse of the discovery process. Therefore, Defendants request this Court modify the notice of deposition to strike any additional document requests or deposition topics not contained in the First Notice of Deposition to Percy Pinto.

## IV.  Prayer for Relief

Defendants respectfully request this Court enter an order compelling the immediate production of the documents requested in its written discovery and Manidhari *Duces Tecum*, quashing the Notices of Deposition of Percy Pinto and John Landrum or alternatively modifying the deposition date until a reasonable date after responsive documents are produced, modifying the Notice of Deposition of Percy Pinto to strike new and additional deposition topics and requests for production, and for such other and further relief, in law or equity, to which they may be entitled.

---

[13]  Plaintiff, in the First Pinto Notice, made ninety-two separate requests for production which were duplicative of the ninety-two set forth in Plaintiff's first Requests for Production. In the Second Pinto Notice, Plaintiff made 100 separate requests for production—most of which were duplicative of the original ninety-two requests—along with eighty-two "Topics/Interrogatories."

**DEFENDANT'S MOTION TO COMPEL DISCOVERY AND QUASH DEPOSITIONS - Page 7 of 9**

DATED: November 6, 2015                    Respectfully submitted,

_____
James M. Stanton
Texas State Bar No. 24037542
stanton@stantontrialfirm.com
H. Alex Fuller
Texas State Bar No. 24055509
afuller@stantontrialfirm.com

STANTON LAW FIRM PC
9400 N. Central Expressway, Suite 1304
Dallas, Texas 75231
Telephone: 972.233.2300
Facsimile:  972.692.6812

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

    Counsel for movant and counsel for respondent have personally conducted a conference at which there was a substantive discussion of every item presented to the Court in this motion and despite best efforts the counsel have not been able to resolve those matters presented.

    Certified on this the 6th day of November, 2015, by:

_____
H. Alex Fuller

## CERTIFICATE OF SERVICE

I certify this document was electronically filed via ECF which, pursuant to Northern District of Texas Local Rule 5.1(d), constitutes service pursuant to the Federal Rules of Civil Procedure.

_____
H. Alex Fuller

# Exhibit A