# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **MANIDHARI GUMS & CHEMICALS** | § | **CIVIL ACTION** |
| | § | |
| **V.** | § | **NO. 2014-CV-00708** |
| | § | |
| **CELERITAS CHEMICALS, LLC, et al.** | § | **JUDGE TERRY MEANS** |

**DEFENDANTS' NOTICE OF DEPOSITION AND DUCES TECUM**

To: Plaintiff Manidhari Gums & Chemicals, by and through its attorney of record, Paul C. Miniclier, Law Office of Paul C. Miniclier, 1305 Dublin Street, New Orleans, Louisiana 70118.

Please take notice that pursuant to Rule 30(b)(6) and Rule 34 of the Federal Rules of Civil Procedure, Defendants will take the oral deposition of Plaintiff Manidhari Gums & Chemicals ("Manidhari"). Plaintiff will designate a representative or representatives to testify about the matters in Exhibit A attached hereto and produce the documents described in Exhibit B attached hereto. The deposition will take place on September 21, 2015 at 9:00 a.m. at the Stanton Law Firm PC, 9400 North Central Expressway, Suite 1304, Dallas, Texas 75231 and will be recorded by audio, audiovisual, and stenographic means.

Respectfully submitted,

James M. Stanton
Texas State Bar No. 24037542
stanton@stantontrialfirm.com
Catherine A. Brandt
Texas State Bar No. 02565200
brandt@stantontrialfirm.com

STANTON LAW FIRM PC
9400 N. Central Expressway, Suite 1304

Dallas, Texas 75231
Telephone:  972.233.2300
Facsimile:  972.692.6812

**ATTORNEYS DEFENDANTS**

## EXHIBIT A

1. The corporate formation, management, and status of Manidhari.
2. PO 277 dated July 12, 2012 that is the subject of this action.
3. PO 308 dated July 26, 2012 that is the subject of this action.
4. PO 309 dated July 26, 2012 that is the subject of this action.
5. The marketing and sale of the guar that is the subject of PO's 277, 308, and 309 by Defendants or Manidhari.
6. The sale by Manidhari of any of the guar that is the subject of PO's 277, 308, and 309.
7. The sale by Defendants of any of the guar that is the subject of PO's 277, 308, and 309.
8. Payments received by Manidhari from Defendants or any other third party for the guar that is the subject of PO's 277, 308, and 309.
9. Communications between Manidhari and Defendants regarding the guar that is the subject of PO's 277, 308, and 309, including any ownership, storage, marketing, or sale of the guar and any payments received therefrom.
10. Communications between Manidhari and any third party regarding the guar that is the subject of PO's 277, 308, and 309, including any ownership, storage, marketing, or sale of the guar and any payments received therefrom.
11. Claims made to and payments received from any insurance company, including Export Credit Guarantee Corporation of India, regarding the guar that is the subject of PO's 277, 308, and 309.
12. Any assistance received by Manidhari from Defendants in making claims to any insurance company, including Export Credit Guarantee Corporation of India, for payment regarding the guar that is the subject of PO's 277, 308, and 309.
13. Any insurance policy covering non-payment for the guar that is the subject of PO's 277, 308, and 309.
14. Any communications relating to demurrage, shipping, freight, and storage charges regarding the guar that is the subject of PO's 277, 308, and 309.
15. Demurrage, shipping, freight, and storage charges regarding the guar that is the subject of PO's 277, 308, and 309 and any payments of such charges.
16. Any sales by Manidhari to Celeritas Chemicas, LLC ("Celeritas") regarding the guar that is the subject of PO's 277, 308, and 309.
17. Any agreements between Celeritas and Manidhari regarding the guar that is the subject of PO's 277, 308, and 309.
18. Any agreements between Celeritas and Manidhari regarding ownership of the guar that is the subject of PO's 277, 308, and 309.
19. The facts supporting Manidhari's claims of alter ego, piercing the corporate veil, fraud, and fraudulent transfer alleged in this lawsuit.

## EXHIBIT B

### DEFINITIONS

Unless otherwise noted, the following definitions apply to this request:

1. "Contracts" refer to the purchase order number PO 277 dated July 12,2012, purchase order number PO 308 dated July 26, 2012, and purchase order number PO 309 dated July 26, 2012 and any/and all amendments and/or endorsements to the purchase orders which are the subject of this lawsuit.

2. "Mr. Pinto" refers to the Defendant, Percy Pinto, and any and all representatives, agents, mandataries, or persons acting on his behalf, or at the request of the Defendants, including his attorneys, his staff or agents, and his experts.

3. "Celeritas" refers to the Defendant, Celeritas Chemical, LLC., and any and all representatives, agents, mandataries, or persons acting on its behalf, or at the request of the Defendants, including its attorneys, its staff or agents and its experts.

4. "Snap" and/or "Snap Holdings" refer to the Defendant, Snap Holdings, Inc., and any and all representatives, agents, mandataries, or persons acting on its behalf, or at the request of the Defendants, including its attorneys, its staff or agents, and its experts.

5. "PrimeNA" refers to Defendant, PrimeNA Technologies, Inc., and any and all of its representatives, agents, mandatories, or persons acting on its behalf or at the request of Defendant, including its attorneys, its staff or agents, and its experts.

6. “Manidhari” refers to Plaintiff, Manidhari Gums and Chemicals and any and all of its representatives, agents, mandatories, or persons acting on its behalf or at the request of Manidhari, including its attorneys, staff or agents, and experts.

7. "You" and/or "your" refers to Manidhari Gums and Cheimicals and all of its representatives, agents, mandataries, or persons acting on its behalf, or at the request of the Manidhari Gum and Chemicals, including its attorneys, staff or agents, and experts.

8. "Documents" or "all documents" means all documents and tangible things within the scope of the Rules of Civil Procedure, including all non-original, non-conforming, non-identical copies, whether by reason of subsequent modification, notations, deletions, or otherwise. This definition includes, without limitation, all accounts, acknowledgments, advertisements, affidavits, agreements, agenda, analyses, annual reports, applications, applications for patents, appointment books, articles, articles of incorporation, assignments, audiocassette tapes, audit reports, balance sheets, bills, bills of lading, bills of sale, books, briefs, brochures, bulletins, business cards, by-laws, calculations, calendars, catalogues, charges, checks, check registers, check stubs, circulars, claim files, client lists, clippings, communications, compact disks, CD-ROM disks, computer tapes, consultant lists, consultant resumes, consultation reports, contracts, conveyances, corporate minutes and minute books, correspondence, cover notes, customer call records, customer lists, data compilations, deeds, deposition transcripts, diagrams, diaries, descriptions, drafts, drawings, e-mails, employment applications, employment records, endorsements, evaluations, expense accounts, expense reports, files, file wrappers, films, financial statements, forms, formulae, graphs, hearing transcripts, histories, income statements,

indices, instructional materials, instructions, insurance policies, insurance records, insurance reports, inventories, invoices, job assignments, job descriptions, journals, ledgers, letters licenses, lists, literature, log books, loose-leaf binders, magazines, mailgrams, manuals, maps, medical files, meetings transcripts, memoranda, messages, microfiche, microfilm, minutes, minute books or reports, models, mortgages, motion pictures, motions and supporting memoranda, news clippings, newsletters, newspapers, notebooks, notes, notices, opinions, order, organizational charts, pamphlets, papers, patents, periodicals, personnel records, phono-records, photographic negatives, photographs, pleadings, pocket calendars, policies, press releases, profit and loss statements, prints, procedures, prototypes, publications, purchase orders, receipts, records, regulations, reports, resumes, Rolodex cards, rules, samples, schedules, searches, security agreements, shipping orders, shop drawings, slides, specifications, statements, statements of account, statements of assets and liabilities, statistics, studies, summaries, surveys, tangible things, tape recordings, tax returns, telefacsimiles, telegrams, telephone bills, telephone lists, telephone logs, telexes, test results, time cards, time sheets, trade letters, transcripts, travel vouchers, treatises, trip reports, underwriting files, videotapes, warranties, work orders, work sheets, wrappers, writings, and Zip disks.

9. Electronically Store Information (ESI) means exact copies (i.e. bit by bit) of any and all documents and/or information stored in any and all types of electronic format(s) and/or programs and in any medium(s) or location(s) including, but not limited to, internet based storage (i.e. "cloud" based or off site backups and/or storages), hard drives on any computer and/or server, back-up tapes or other back-up devices, PDA's, cell phones, computer, laptops, or any other device or medium used to store and/or contain ESI information and/or documents.

Should any of the ESI be located and/or stored offsite from your office(s) either by physical and/or remote access, such as internet/"Cloud" based storage and/or backup, you shall provide exact copies (i.e. bit by bit) of any and all documents. Please be advised that the form and/or format of the ESI must be in its native format as done in the usual course of business so that the ESI can be reasonably searched and used as the supporting software and/or program is designed. As such, simply copying the ESI onto a compact disc and/or memory stick will not satisfy this request.

The ESI should be produced in an electronic and native format which is not redacted or modified or restricted or password protected and which includes any and all related metadata. The form of the ESI must be produced as it is used in the usual course of business and organized and/or labeled to correspond to the categories in this discovery request. The form of the ESI should be produced in a usable native form or forms, including but not limited to the ability to conduct searches, data selections, report generation and other generally used formats and/or features, which can be used and/or reviewed by use of commercially available programs or systems. If the ESI's form is maintained on a proprietary system or format, the ESI shall be converted to a non-proprietary format or image file or you shall provide access to the use of the proprietary form or system.

10. "Communication" means any expression of any sort, whether oral, written, visual, or otherwise, and includes but is not limited to documents, as defined herein.

11. "Policy language" means any portion, segment, phrase, section, addendum, endorsement, exhibit, exclusion, paragraph, clause, or word of any insurance policy.

12. "Relates to" or "relating to" means constituting, referring, reflecting, mentioning, evidencing, concerning, pertaining to, summarizing, analyzing, touching upon, or being logically or factually connected in any way with the matter discussed.

13. The terms "and" and "or" shall be construed **in** the conjunctive or in the disjunctive as necessary to bring within the request's or specification's scope all responses that might otherwise be construed to be outside its scope.

14. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

15. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

16. "Including" shall be construed to include the phrase "without limitation."

A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, wherever necessary to bring within the request's or specification's scope of all responses that might otherwise be construed as outside its scope.

The use of a verb in any tense shall be construed to be the use of the verb in all other tenses, wherever necessary to bring within the request's or specification's scope all responses that might otherwise be construed as outside its scope.

Definitions provided in these Definitions and Instructions apply to any grammatical variant of the terms or phrase defined.

## INSTRUCTIONS

1. Each request is deemed to be a continuing one. In the event that at any later date the party to whom these requests are propounded obtains or discovers any additional information which would either add to or amend its responses to these requests, plaintiff hereby requests that said party supplement his responses hereto promptly.

2. If any objection is made to any request propounded below on the grounds that it requests information that falls within the attorney-client privilege, is protected by the work product immunity or for any other reason, please provide the following information as to each objection by way of a written privilege log:

The nature of the privilege or immunity invoked and all bases, both legal and factual, of

its invocation.

If a document is involved, identify the specific document(s) and give the date, author, recipient, persons to whom copies were furnished together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted and the request to which such documents respond.

If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person known to defendants to whom the substance of the communication has been disclosed.

To whom the substance of the communication has been disclosed.

If you lack information with respect to any request, or any subpart thereof, please respond to the request to the best of your knowledge and belief.

3. The party to whom these requests are propounded shall produce the requested documents for inspection, copying, or photographing as they are kept in the usual course of business, or shall organize and label them to correspond with each and every category outlined in these requests below. If any set of documents are produced "in globo", they must be marked in such a manner so that specific pages can be identified as a response to each category set forth below.

4. The responses herein shall state, with respect to each requested item or document's category, that inspection, copying or photographing will be permitted as requested, unless the request is objected to, in which event the reasons for that objection shall be stated. If any objection is made to part of a requested item or document's category, the particular part objected to shall be specified.

5. Each request is to be separately and individually responded to and organized as they are kept in the usual course of business. Any blanket or generalized reference to a group of documents which goes beyond the request will not be acceptable. You should make a reasonable effort to respond to each request.

**DOCUMENTS TO BE PRODUCED**

1. All documents and ESI evidencing the formation, status, and management of Manidhari, including but not limited to the type of entity (corporation, limited partnership, limited liability company, business trust, real estate investment trust, cooperative, public or private limited company, or any other entity that affords limited liability under the law of the jurisdiction of formation for any owner or member) and the identity of owners or members.
2. All documents and ESI evidencing communications between you and any third party relating to the sale of the guar that is the subject of the Contracts.
3. All documents and ESI evidencing communications between you and Mr. Pinto or Celeritas relating to the Contracts or the sale of the guar that is the subject of the

Contracts.

4. All documents and ESI evidencing the sale of the guar to any third party that is the subject of the Contracts.

5. All documents and ESI evidencing communications relating to demurrage, shipping, freight, and storage charges for the guar that is the subject of the contracts.

6. All documents and ESI evidencing demurrage, shipping, freight, and storage charges for the guar that is the subject of the contracts.

7. All documents and ESI evidencing or relating to the sale of the guar that is the subject of the Contracts to Celeritas.

8. All documents and ESI evidencing payments made by Celeritas to you for the guar that is the subject of the Contracts.

9. All documents and ESI evidencing payments made by Celeritas for demurrage, shipping, freight, and storage charges for the guar that is the subject of the Contracts.

10. All documents and ESI evidencing communications relating to payments made by Celeritas to you for the guar that is the subject of the Contracts.

11. All documents and ESI evidencing communications relating to payments made by Celeritas for demurrage, shipping, freight, and storage charges for the guar that is the subject of the Contracts.

12. All documents and ESI evidencing efforts made by you or Celeritas to sell the guar that is the subject of the Contracts.

13. All documents and ESI evidencing communication relating to marketing and selling the guar that is the subject of the Contracts.

14. All documents and ESI evidencing or relating to payments received by you from the sale of the guar that is the subject of the Contracts.

15. All documents and ESI evidencing or relating to any agreements between you and Celeritas or Mr. Pinto regarding the guar that is the subject of the Contracts, including any designation of owner or importer with respect to such guar.

16. All documents and ESI evidencing or relating to claims made or payments received by you from any insurance company, including Export Credit Guarantee Corporation of India, for any loss from the sale of the guar that is the subject of the Contracts.

17. All documents and ESI evidencing insurance policies covering the loss from the sale of the guar that is the subject of the Contracts.

18. All documents and ESI evidencing communications with any insurance company, including Export Credit Guarantee Corporation of India, relating to any loss from the sale of the guar that is the subject of the Contracts.

19. All documents and ESI evidencing any assistance received by you from Defendants in making any claim with any insurance company, including Export Credit Guarantee Corporation of India, relating to any loss from the sale of the guar that is the subject of the Contracts.

20. All documents evidencing reports prepared by any expert in this case retained by you to testify in this matter.

21. All documents sent to, received from, or reviewed by any expert in this case retained by you to testify in this matter.

22. All documents received by you from any third party upon which you issued and served

a subpoena for production of documents in this lawsuit.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via email on the following counsel on this 14th day of July, 2015.

Paul C. Miniclier
1305 Dublin Street
New Orleans, Louisiana 70118
pcm@minilaw.net

James M. Stanton

# Exhibit B

depositions --

09:34 A. I need to be slow.

09:34 Q. Yes, sir, absolutely. It's important to be slow and to speak precisely because the court reporter has to take everything down. And I completely understand. When I was a baby lawyer, the court reporters used to throw things at me because I talk so fast. So if you are going too fast, I'll try to let you know.

09:34 A. Sure.

09:34 Q. Okay?

09:34 A. Okay.

09:34 Q. Thank you. So could you -- let's ask that question again.

09:34 Have you -- have you reviewed this document before coming here today?

09:34 A. Yes.

09:34 Q. Okay. And when was that?

09:34 A. It was yesterday, when we were together.

09:34 Q. Okay. Had you ever seen it before then?

09:34 A. Yes. I have been informed about this in the past.

09:34 Q. You were informed about it?

09:34 A. Yes.

09:34 Q. Were you given a copy in the past?

09:34 A. No, I was not given a copy of this in the past.
09:34 Q. Okay. So yesterday was the first day you saw it?
09:34 A. Yes.
09:34 Q. Would you please turn to page 3 of Exhibit 1.
09:34 A. Yes.
09:35 Q. And page 3 of Exhibit 1 is marked Exhibit A and it is a list of 19 topics --
09:35 A. Yes.
09:35 Q. -- that you are here to testify about.
09:35 A. Okay.
09:35 Q. Is that correct?
09:35 A. Yes.
09:35 Q. Okay. Would you please review them very quickly.
09:35 A. (Reviewing document.) Okay.
09:36 Q. Is there any topic on page 3 of Exhibit 1 that you are not prepared to answer questions about here today?
09:36 A. I think I am ready for almost all of them.
09:36 Q. Okay. You said almost all of them. Is there any one in particular that you don't think you're ready on?
09:36 A. Not on the last one.
09:36 Q. You're not ready to answer questions about

topic number 19?

09:36 A. Yes.

09:36 Q. Okay. One more thing that I think I overlooked in our initial discussion, English is not your first language; is that correct?

09:36 A. Yes, English is not my first language.

09:36 Q. Okay. But I've seen your e-mails that you've written, and we've been talking today.

09:37 Is it fair to say that you're fluent in English?

09:37 A. Yeah. I am quite clear in English.

09:37 Q. Okay. Very good. Thank you. I just wanted to make sure that that wasn't a reason that we might have a communication problem, and it doesn't look like it is.

09:37 A. Okay.

09:37 Q. Would you please turn to page 7 of Exhibit 1, and let me know when you're there.

09:37 A. Yes, I'm here.

09:37 Q. Okay. Page 7 and page 8 are the documents that you were requested to bring with you to the deposition of this case; is that correct?

09:37 A. Yes.

09:37 Q. Would you take a minute to please review this list of documents.

09:37 A. Yes.

09:37 Q. Have you seen this list of documents before?
09:37 A. Yes.
09:37 Q. Was that yesterday?
09:37 A. No. It was given to me earlier.
09:37 Q. Okay.
09:38 A. (Reviewing document.) Okay.
09:39 Q. One of the things that each of these questions -- almost all of them asks you for is to produce ESI, which is defined as electronically stored information. That would be e-mails or .pdf documents that are kept in their native format.
09:39 Have you brought any of those with you today?
09:39 A. I got almost all of them, which I had to him in the past.
09:39 Q. In the electronic native format that they were natively stored in?
09:39 A. Yes.
09:39 Q. Okay. And so you presented them to your lawyer, but you have not brought them with you today; is that correct?
09:39 A. Sorry?
09:39 Q. You gave them to your lawyer, but you did not bring them with you today?
09:40 A. Yes. I don't have any of them with me today.

09:40 Q. All right. Have you produced to us, looking at number 2, document request number 2, all communications or e-mails, including e-mails, between you and any third party relating to the sale of the guar that is the subject of the contracts between you and Percy Pinto that form the basis of this lawsuit?

09:40 A. Yes. We just gave you e-mail copy from the Caremoli USA, Inc., because this was the only sale which happened before I came to U.S. in those days. The balance all the sales happened in the office in the U.S. itself, so there was no electric communication among us and the party to whom we sold the goods. It was a face-to-face discussion. Oh, sorry.

09:40 Q. May I ask you to slow down, please.

09:40 A. Yeah. It is --

09:40 Q. Could you please repeat that last answer.

09:40 A. I will repeat it, of course.

09:40 Out of the total sale, the sale to Caremoli USA was done before I came to U.S.

09:41 Q. Could you spell Caremoli, please.

09:41 A. C-a-r-e-m-o-l-i.

09:41 As far as the balance sales, all the communication for the sale was done on face-to-face basis with the new consignees in their office itself.

09:41 Q. So of all of the sales other than Caremoli --

09:41 A. Yes.
09:41 Q. Am I saying Caremoli correctly?
09:41 A. Yes.
09:41 Q. All of the sales other than the sale to Caremoli were done face to face; is that right?
09:41 A. Yes.
09:41 Q. So you have no documents responsive to number 2 that have not been produced; is that correct?
09:41 A. No.
09:41 Q. All right. Have you produced all e-mails -- all communications and e-mails between you and Mr. Pinto or you and Celeritas relating to the contracts --
09:41 A. Yes.
09:41 Q. -- for the sale of the guar?
09:41 A. Yes. All of them have been produced to my counselor in the past.
09:41 Q. Okay. So you've given them to your counselor, but you don't know if they've all been given to us?
09:42 A. Yes.
09:42 Q. And would that be the same for number four, documents and ESI evidencing the sale of guar to any third party that is the subject of the contracts?
09:42 A. As far as any document or ESI evidencing the sale of guar to any third party, I just replied to you earlier. One of the copy to Caremoli USA has been given

to you.

09:42 Q. Uh-huh.

09:42 A. And for all others here, it was a face-to-face basis.

09:42 Q. Yes, sir. And I -- I'm asking a little bit of a different question there. The first question was about communications and e-mails.

09:42 A. Yes.

09:42 Q. This question would be about any other documents evidencing the sale, which might be contracts or purchase orders.

09:42 A. Yes. That has been given by me to my counselor.

09:42 Q. Have you turned over all documents and electronically stored information evidencing communications relating to demurrage, shipping, freight, and storage charges for the guar that you might have incurred?

09:43 A. Yes.

09:43 Q. You've turned all that over to your counselor?

09:43 A. Yes.

09:43 Q. Have you turned over all documents and electronically stored information evidencing or relating to payments received by you from the sale of the guar that is the subject of these contracts?

09:43 A. Yes.
09:43 Q. Would that include -- have you -- does that include check stubs, wire transfers, bank account records?
09:43 A. The payment which came to us was through the wire transfer --
09:43 Q. Okay.
09:43 A. -- to our banks. And records of all those wire transfer has been given by me to my counselor.
09:43 Q. Okay. Thank you.
09:44 Have you turned over all documents and all communications between you and your insurance company or any insurance company for the loss of the sale -- for the loss of the guar that is the subject of this contract?
09:44 A. We had export insurance for one of the consignments with the ECGC of India.
09:44 Q. Okay.
09:44 A. It is a government of India enterprise and any --
09:44 Q. May I ask you to repeat that last part.
09:44 A. It is a government of India enterprise.
09:44 Q. Government of India enterprise?
09:44 A. Yes.
09:44 Q. Okay. Thank you.
09:44 A. So any communication which is done with a

government enterprise is only in a written format.

09:44 Q. Uh-huh.

09:44 A. They don't accept e-mails as a formal communication.

09:44 So there was -- in this case we are supposed to fill a claim form which is given to us by the insurance company which was filled and given back to them by us.

09:45 In addition to that, the purchase orders which we received, the export invoices which you have made and the bill of ladings, along with the payments which we have realized by the resale of this guar was supposed to be given to them in hard copies as I produced copies which we had given to them.

09:45 Other than that, there is no communication which does occur between us and the insurance companies. The only communication which finally came to us was acceptance of a claim and the copy of which has been given to you today.

09:45 Q. Thank you. So all of the documents that you have provided to the insurance company you have also provided to us; is that correct?

09:45 A. Yes.

09:45 Q. Have you also provided to us all documents received by you or by your counsel from any third party

upon whom your counsel has issued or served a subpoena in this case?

09:46 A. I'm sorry. I could not understand that.

09:46 Q. That's a question for your attorney. I'm sorry. Let me rephrase it.

09:46 A. Yes.

09:46 Q. Your attorney has issued many subpoenas to many third parties in this case, including to banks and to accountants.

09:46 A. Okay.

09:46 Q. Okay. You were asked to provide all documents received by you from any third party --

09:46 A. No, I have not --

09:46 Q. -- to us.

09:46 A. -- received any document from any third party regarding this.

09:46 Q. Okay. But your counselor has; is that correct?

09:46 A. He must be having them.

09:46 Q. Okay. And do you know if your counselor has turned over everything that he has to us?

09:46 A. I'm not quite sure about it.

09:46 MR. FULLER: Counselor, is there anything that we're missing?

09:46 MR. MINICLIER: I'm not here to be questioned.

09:46 MR. FULLER: Okay.

09:47 Q. Did you ask your attorney if he had any documents that he had not turned over to us that he'd received from third parties?

09:47 A. No, I never questioned him.

09:47 Q. Okay. So when you were looking through this document --

09:47 A. Yes.

09:47 Q. -- getting ready today, did you go through the document with your attorney to make sure that you had all the documents that you needed to turn over?

09:47 A. I just had a formal discussion with him yesterday, and he stated that he has --

09:47 MR. MINICLIER: No conversations. Don't --

09:47 THE WITNESS: Okay.

09:47 MR. MINICLIER: Don't say anything regarding any conversations you've had with me.

09:47 THE WITNESS: Okay.

09:47 Q. When I'm asking you about anything you've done with your attorney, you don't need to tell me what you and he talked about. Okay?

09:47 A. Okay.

09:47 Q. So we'll move on.

09:47 How long have you known Mr. Pinto?

# Exhibit C

LAW OFFICE OF

Paul C. Miniclier+*

1305 DUBLIN STREET
NEW ORLEANS, LOUISIANA 70118
TELEPHONE: (504) 864-1276
TELEFAX: (504) 864-1278
URL: minilaw.net
E-MAIL: pcm@minilaw.net

*PROFESSIONAL LAW CORPORATION
+ATTORNEYS ADMITTED TO PRACTICE IN LOUISIANA, FLORIDA AND TEXAS

October 22, 2015
***via U.S. Mail***

James M. Stanton, Esq.
H. Alex Fuller, Esq.
THE STANTON LAW FIRM, PC
9400 North Central Expressway
Suite 1304
Dallas, Texas 75231

Re: Manidhari Gums and Chemicals
vs. Celeritas Chemicals LLC, et al
USDC Northern District Texas, Case No.: 14-cv-00708, Div. Y
Our File: 20208-002

Dear Counselors:

Per my telephone conference on Friday, October 16th with Alex, the following documents and/or discs have been provided to you in our client's prior discovery responses:

1. Original discovery responses:
   a. Commercial invoices from Manidahari labeled Ex. 1;
   b. Purchase orders from Manidahari labeled Ex. 2:
2. First Supplemental Response to Request for Production:
   a. Corporate documents from Manidhari, labeled Ex. 3
   b. Payments for quar gum, labelex Ex. 4;
   c. Copy of disc from Magnolia Legal Service that contained Vandolyn Roszell documents, Charles Cooley's records, Benchmark Bank, Frost Bank and American Express documents, labeled Ex 5;
   d. Disc with copy flash drive # 1provided at 30b6 depo of Celeritas labeled "Box 1 - 3519-5451 , labeled Ex. 6
   e. Disc with copy flash drive provided at 30b6 depo of Celeritas labeled "Box 2 - 5452-7968, labeled Ex. 7
   f. Disc with copy flash drive provided at 30b6 depo of Celeritas labeled "Box 3 -7969 -10452, labeled Ex. 8
   g. Disc with copy flash drive provided at 30b6 depo of Celeritas labeled "Box 4 - 10453-12574, labeled Ex. 9

h. Disc with copy flash drive provided at 30b6 depo of Celeritas labeled "Box 5 - 12575-15204and CEL 003518, labeled Ex. 10

i. Disc with copy flash drive provided at 30b6 depo of Celeritas labeled "Disc 2", labeled Ex. 11

3. Second Supplemental Response to Request for Production:

   a. Export Credit Guarantee Corporation of India, Ltd.'s ("ECGC") insurance policy, policy no. SCR 0330000583. issued to Manidhari Gums and Chemicals, labeled Ex. 12

The following additional documents are available at my office for inspection. Since these documents were obtained through my firm's work product, copies may be inspected and copied once it is agreed that your firm will share in the expense of obtaining these records and pay your share for the last batch of documents which were copied.

1. Records from Mark Owens, CPA;
2. Records from Magnablend;
3. Bank of America statements/canceled checks;
4. Chase Bank credit card statements and bank statements
5. Records from Fidelity Investments;
6. Documents produced by John Landrum, CPA;
7. Records produced by Wells Fargo; and
8. Additional documents produced by Vandolyn Roszell, CPA.

Your client owes my firm $2,552.17 for his share of the costs from the first set of documents. Your client will need to pay $974.01 for the second batch of documents. The total amount owed is $3526.18.

With best regards, I am

Sincerely,

***/s/ Paul C. Miniclier***

Paul C. Miniclier

PCM/gk

# Exhibit D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **MANIDHARI GUMS & CHEMICALS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO.: 2014-cv-00708** |
| **CELERITAS CHEMICALS, LLC, ET AL** | * | **JUDGE: TERRY R. MEANS** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S FIRST SUPPLEMENTAL ANSWER TO INTERROGATORIES AND AND FIRST SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Manidhari Gums & Chemicals, who provides Supplemental Answers the Interrogatories and Supplemental Responses to request for Production of Documents propounded by Defendants, as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

*With respect to the quar gum that is the subject of Purchase Orders 277, 308 and 309 that you have since sold to third parties as alleged in Paragraphs 9, 10, and 112 of your Second Amended Complaint, please list the date of such sale, the amount sold, the purchase price, and identify by name, address, and phone number the party to whom sold.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 1:**

Objected to as a compound Interrogatory. Without waiving said objection,

A.
1. Date of Sale: October 26, 2012
2. Amount Sold: USD. 7185.00 / MTON
3. Purchase Price: $260,565.50
4. Name: Spenko Solutions
5. Address: 310 E. Parker Street, Plumerville, AR 72127
6. Phone number: Unknown at this time

B.
1. Date of Sale: November 5, 2012
2. Amount Sold: USD.7110.00 / MTON

    3. Purchase Price: $525,990.77
4. Name: Victory Oilfield Supply
5. Address: 201 W. Vermillion, Suite 200, Lafayette, LA 70501
6. Phone number: Unknown at this time

C.
1. Date of Sale: October 11, 2012
2. Amount Sold: USD. 7000.00 / MTON
3. Purchase Price: $254,520.00
4. Name: Caremoli Gums USA, LLC
5. Address: 23959 580th Avenue, Ames, IA 50010
6. Phone number: (515) 233-3175

D Two containers were sold at a reduced price to Celeritas Chemicals at USD. 6600.00 / MTON.

**INTERROGATORY NO. 2:**

*For each false repeated assurance and/or representation made by Celeritas and Mr. Pinto as alleged in Paragraph 18 of your Second Amended Complaint, please identify the person making the representation, the date made, to whom it was made, the substance of the representation, and the method of communication of the representation.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:**

Objected to as a compound Interrogatory and encompassing information protected by the attorney client and/or work product privileges. Without waiving said objections, see the documents and information already within the possession of the defendants and/or their agents and/or former employees and/or officers and/or contractors. Additionally, the various assurances and/o representations regarding financial viability and payment of purchase orders were given to Manidhari and Mr. Chajjer by Mr. Percy Pinto and/or the employees, including Ms. Williams and Ms. Buhler, of Celeritas through e-mails in the months of June through September, 2012. In particular, when the containers started reaching the Port of Houston, Mr. Pinto claimed his inability to pay for these goods in an e-mail on 3rd October, 2012. Then, during a series of visits to Mr. Pinto's office in Texas on or about October 27-30, 2012, he assured Mr. Chajjer that Mandihari would be compensated for this loss. See also Exhibits "1" and "2" from original

answer and responses and Exhibit C attached to these Supplemental Answers to Interrogatories and Supplemental Responses to Requests for Production of Documents.

Discovery is on going and, as such, manidhari reserves the right to supplement these answers and responses.

**INTERROGATORY NO. 3:**

*State all facts that support your contention that Defendants comingled funds as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 3:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objections, the information and documents regarding the various factors for Manidhari's alter ego claim are set forth, in part, in the documents and information already in defendants' possession and/or possession of its agents, and/or experts and/or professionals and/or former employees and/or officers and/or contractors, including but not limited to the depositions, pleadings, documents and/or information produced in and/or received by defendants in *SRK Consultants, LLC v. Celeritas Chemicals, LLC*, cause no. 096-262354-12 in th 96th Judicial District Court for the County of Tarrant County, State of Texas, the Smith Oil arbitration, the Ruchi-Soya litigation, the Chase litigation and/or other claims and/or litigation, the defendants' financial and corporate records or documents, the documents and testimony at the depositions in this matter, the documents produced by the defendants in discovery in this matter and the documents produced at the records depositions in this matter and those documents and information which are currently the subject of discovery motions and/or will be the subject of a motion to compel.

Also, see Exhibits "1" and "2" from original discovery answers and responses and

Exhibits 3, 4, 5, 6, 7, 8, 9, 10 and 11 attached to this supplemental answer and responses to request for production of documents. Also, see Supplemental Answer to Interrogatory No. 7.

Discovery is ongoing and, as such, Manidhari reserves the right supplement these answers and responses.

**INTERROGATORY NO. 4:**

*State all facts that support your contention that Defendants failed to follow corporate formalities as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 4:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see the Supplemental Answers to Interrogatory No. 3 and 7.

**INTERROGATORY NO. 5**

*State all facts that support your contention that Defendants failed to observe and/or follow separate corporate operations as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see the Supplemental Answers to Interrogatory No. 3 and 7.

**INTERROGATORY NO. 6:**

*State all facts that support your contention that Defendants were undercapitalized as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 6:**

Objected to potentially calling for materials protected by attorney/client and/or attorney

work product. Without waiving said objection, see the Supplemental Answers to Interrogatory No. 3 and 7.

**INTERROGATORY NO. 7:**

*State all facts that support your contention that Defendants improperly transferred funds and/or capital and/or assets for the purpose of avoiding the payment of just debts and/or invoices as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 7:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objections, see the Supplemental Answer to Interrogatory No. 3.

Also, early in the process, it appears that all of the business conducted by Mr. Pinto was only in the name of Celeritas Chemicals LLC and/or related companies. Then, after the dispute with Dr. Chowdhary arose in 2012 and after Celeritas and Mr. Pinto refused to honor the contracts and/or purchase orders with various companies in 2012, there was a substantial decline in the market for the material sold by Celeritas, a rapid increase in claims and/or lawsuits in 2012 and afterward, an increase in accounts payable with declining revenue, a substantial reduction or loss of business and access to Indian and/or other vendors/suppliers to provide material for sale; all of which rendered the defendants' future business highly uncertain, unpredictable and speculative. In turn, Mr. Pinto, in his personal and/or representative capacity started importing guar gum and other products in the name of other companies, including Prime NA, without any fair compensation. Mr. Pinto, in his personal and/or representative capacity, also formed and/or activated certain companies, including PrimeNA and Snap Holdings, as well as used Celeritas' and/or his funds, to purchase both immovable and movable property, and funded purported operating and/or rental expenses for these other companies and incurred

additional financial obligations, when he knew and/or should have known that due to the existing debts and/or liabilities, both fixed and contingent, exceeded his and Celeritas' assets and that certain existing debts and/or liabilities and/or claims were owed and/or payable and that such transfers of funds and/or assets rendered Celeritas insolvent and/or near insolvency and/or undercapitalized; all of which made the payment of these debts uncertain and unlikely.

Additionally, Mr. Pinto has refused to produce his personal financial records and/or documents, including but not limited to those of his bank and other financial institutions. Mr. Pinto, in his representative capacity for Celeritas, PrimeNA and Snap Holdings, has also refused to specifically identify records and/or documents relevant to this interrogatory and/or produce the ESI versions of the requested documents; all of which has resulted in a motion to compel to be filed and/or to be filed.

See also, the documents attached to these responses as Exhibits 3, 4, 5, 6, 7, 8, 9, 10 and 11.

Discovery is ongoing and, as such, Manidhari reserves the right supplement these answers and responses.

**INTERROGATORY NO. 8:**

*State all facts that support your contention that Defendants improperly used Celeritas' funds to form and/or purchase new companies and/or their assets for the purpose of avoiding the payment of debt and/or invoices, including but not limited to primeNA and/or Snap Holdings as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 8:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objections, see the Supplemental Answers to Interrogatory No. 3 and No. 7.

**INTERROGATORY NO. 9:**

*State all facts that support your contention that Defendants improperly used funds and/or assets to purchase immovable property and/or movable property and placed the title and/or ownership and/or control of other companies and/or individuals as that it would avoid the payment of just debts, including but not limited to Mr. Pinto, Snap Holdings and/or primeNA as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 9:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objections, see the Supplemental Answers to Interrogatory No. 3 and No. 7.

**INTERROGATORY NO. 10:**

*State all facts that support your contention that Defendants failed to maintain proper financial records as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 10:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objections, see the Supplemental Answer to Interrogatory No. 3 and No. 7.

**INTERROGATORY NO. 11:**

*State all facts that support your contention that Defendants failed to hold sufficient meetings of shareholders and/or directors as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 11:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objection, see the Supplemental Answer to Interrogatory No. 3 and 7.

**INTERROGATORY NO. 12:**

*State all facts that support your contention that Defendants had common shareholders, officers, and/or directors and/or employees which failed to act independently as alleged in Paragraph* 20 of your Second Amended Complaint.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 12:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objection, see the Supplemental Answer to Interrogatory No. 3. See also, public records for the State of Texas and local jurisdictions.

**INTERROGATORY NO. 13:**

*State all facts that support your contention that Defendants had common employees as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 13:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objection, see the Supplemental Answer to Interrogatory No. 3 and No. 7. Additionally, Ms. Kirsten Williams and Ms. Cris Buhler were employees of Celeritas Chemicals and were later put on the employee list of PrimeNA. There may be more employees like these.

**INTERROGATORY NO. 14:**

*State all facts that support your contention that Defendants' employees' actions and/or inactions were on behalf of Mr. Pinto, Celeritas, primeNA, and Snap Holdings as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 14:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objection, see the Supplemental Answer to Interrogatory No. 3 and No. 7. See also, the Supplemental Responses to Request for Production of Documents and discovery responses of defendants; all of which show these employees acting

on behalf of the defendants.

**INTERROGATORY NO. 15:**

*State all facts that support your contention that Defendants had common offices as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 15:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objection, Without waiving said objection, see the Supplemental Answer to Interrogatory No. 3 and No.7. Also, see public records from the Texas Secretary of State and local jurisdiction.

**INTERROGATORY NO. 16:**

*State all facts that support your contention that Defendants had centralized accounting and/or financial services as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 16:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objection, see the Supplemental Answer to Interrogatory No. 3 and No. 7.

**INTERROGATORY NO. 17:**

*State all facts that support your contention that Defendants improperly documented transfers of funds as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 17:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objection, see the Supplemental Answer to Interrogatory No. 3 and No. 7.

**INTERROGATORY NO. 18:**

*State all facts that support your contention that Defendants improperly used the property*

*and/or funds of the Pinto companies in an attempt to avoid the payment of lawful debts and increase the likelihood of insolvency as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 18:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objection, see the Supplemental Answer to Interrogatory No. 3 and No.7.

**INTERROGATORY NO. 19:**

*State all facts that support your contention that Defendants improperly received and/or transferred business from related and/or affiliated companies without receipt of like kind value as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 19:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objection, see the Supplemental Answer to Interrogatory No. 3 and 7.

**INTERROGATORY NO. 20:**

*State all facts that support your contention that Defendants had unified administration and control as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 20:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objection, see the Supplemental Answer to Interrogatory No. 3, No. 7 and the public records of the State of Texas and local jurisdiction.

**INTERROGATORY NO. 21:**

*For each transfer of funds and/or property that you contend violated the Texas Uniform Fraudulent Transfer Act as alleged in Paragraph 21 of your Second Amended Complaint, please state the date of the transfer, the amount or property the subject of the transfer, value received for the transfer, and identify the parties to the transfer by name, address,* and telephone number.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 21:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objection, Without waiving said objection, see the Supplemental Answers to Interrogatory No. 3 and No.7. Additionally, Mr. Pinto misrepresented the financial viability of Celeritas and reasons therefor to Manidhari in e-mails and in person.

**INTERROGATORY NO. 22:**

*For each false representation regarding financial viability of Celeritas as alleged in Paragraph 22 of your Second Amended Complaint, please identify the person making the representation, the date made, to whom it was made, the substance of the representation, and the method of communication of the representation.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 22:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges and a compound interrogatory. Without waiving said objections, Without waiving said objection, see the Supplemental Answers to Interrogatory No. 3, No. 7 and No. 21, as well as the documents attached to the Supplemental Responses to the Request for Production of Documents.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

*Please produce any and all documents regarding the administration of your company and/or any other corporate entity owned, in whole or part, by any of your shareholders and/or officers and/or directors for the last five (5) years.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objected to as over broad, burdensome and not designed to lead to the discovery of

admissible evidence. Without waiving said objection, please see the attached hereto as Exhibit 3 and prior responses.

**REQUEST FOR PRODUCTION NO. 2:**

*All documents evidencing each false repeated assurance and/or representation made by Celeritas and Mr. Pinto as alleged in Paragraph 18 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objected to as a compound request and to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objections, the information and documents regarding the various factors for Manidhari's alter ego claim are set forth, in part, in the documents and information already in defendants' possession and/or possession of its agents, and/or experts and/or professionals and/or former employees and/or officers and/or contractors, including but not limited to the depositions, pleadings, documents and/or information produced in and/or received by defendants in *SRK Consultants, LLC v. Celeritas Chemicals, LLC*, cause no. 096-262354-12 in th 96th Judicial District Court for the County of Tarrant County, State of Texas, the Smith Oil arbitration, the Ruchi-Soya litigation, the Chase litigation and/or other claims and/or litigation, the defendants' financial and corporate records or documents, the documents and testimony at the depositions in this matter, the documents produced by the defendants in discovery in this matter and the documents produced at the records depositions in this matter and those documents and information which are currently the subject of discovery motions and/or will be the subject of a motion to compel.

Additionally, the various assurances regarding financial viability were given to Manidhari and Mr. Chajjer by Mr. Percy Pinto and/or the employees, including Ms. Williams and Ms. Buhler, of Celeritas through emails in the months of June through September, 2012. In particular, when the containers started reaching the Houston Port, Mr. Pinto expressed his

inability to pay for these goods in an email as on 3rd October, 2012. Then, during a series of visits to Mr. Pinto's office in Texas on or about October 27-30, 2012, he assured Mr. Chajjer that Manidhari would be compensated for this loss. See also Exhibits "1" and "2" from original Answers to Interrogatories and Responses to Requests for Production of Documents and See Supplemental Answers to Interrogatories No. 3 & 7.

Discovery is on going and, as such, Manidhari reserves the right to supplement these answers and responses.

**INTERROGATORY NO. 3:**

*State all facts that support your contention that Defendants comingled funds as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 3:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product privileges. Without waiving said objections, the information and documents regarding the various factors for Manidhari's alter ego claim are set forth, in part, in documents and information already in defendants' possession and/or possession of its agents, and/or experts and/or professionals and/or former employees and/or officers and/or contractors, including but not limited to the depositions, pleadings, documents and/or information produced in and/or received by defendants in *SRK Consultants, LLC v. Celeritas Chemicals, LLC*, cause no. 096-262354-12 in th 96th Judicial District Court for the County of Tarrant County, State of Texas, the Smith Oil arbitration, the Ruchi-Soya litigation, the Chase litigation and/or other claims and/or litigation, the defendants' financial and corporate records or documents, the documents and testimony at the depositions in this matter, the documents produced by the defendants in discovery in this matter and the documents produced at the records depositions in this matter and those documents and information which are currently the subject of discovery motions and/or

will be the subject of a motion to compel. See also Exhibits "1" and "2" from original Answers to Interrogatories and Responses to Requests for Production of Documents and See Supplemental Answers to Interrogatories No. 3 & 7. See attached Exhibits 3, 4, 5, 6, 7, 8, 9, 10 and 11.

Discovery is ongoing and, as such, Manidhari reserves the right supplement these answers and responses.

**REQUEST FOR PRODUCTION NO. 4:**

*All documents that support your contention that Defendants failed to follow corporate formalities as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see the Supplemental Responses to Requests No. 2 and 3.

Also, the Response to this Request for Production of Documents may be supplemented since discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 5:**

*All documents that support your contention that Defendants failed to observe and/or follow separate corporate operations as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses.. Also, see Supplemental Responses to Requests No. 2 and 3.

Also, the Response to this Request for Production of Documents may be supplemented since discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 6:**

*All documents that support your contention that Defendants were undercapitalized as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. The response to this Request for Production of Documents may be supplemented since discovery is ongoing. Also, see correspondences and e-mails already in defendants' possession. Also, see the Supplemental Response to Request No. 2 and 3.

Also, the Response to this Request for Production of Documents may be supplemented since discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 7:**

*All documents that support your contention that Defendants improperly transferred funds and/or capital and/or assets for the purpose of avoiding the payment of just debts and/or invoices as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK*

*Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. The response to this Request for Production of Documents may be supplemented since discovery is ongoing. Also, see Supplemental Response to Request No. 2 and 3.

Also, the Response to this Request for Production of Documents may be supplemented since discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 8:**

*All documents that support your contention that Defendants improperly used Celeritas' funds to form and/or purchase new companies and/or their assets for the purpose of avoiding the payment of debt and/or invoices, including but not limited to primeNA and/or Snap Holdings as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. The response to this Request for Production of Documents may be supplemented since discovery is ongoing. Also, see Supplemental Response to Request No. 2 and No. 3

Also, the Response to this Request for Production of Documents may be supplemented since discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 9:**

*All documents that support your contention that Defendants improperly used funds and/ or assets to purchase immovable and/or movable property and placed the title and/or ownership and/or control of other companies and/or individuals so that it would avoid the payment of just debts, including but not limited to Mr. Pinto, Snap Holdings and/or primeNA as allege in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, Also, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. The response to this Request for Production of Documents may be supplemented since discovery is ongoing. Also, see Supplemental Response to Request No. 2 and No. 3.

**REQUEST FOR PRODUCTION NO. 10:**

*All documents that support your contention that Defendants failed to maintain proper financial records as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. The response to this Request for Production of Documents may be supplemented since discovery is ongoing. Also, see Supplemental Response to Request No. 2 and No.3.

**REQUEST FOR PRODUCTION NO. 11:**

*All documents that support your contention that Defendants failed to hold sufficient meetings of shareholders and/or directors as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. The response to this Request for Production of Documents may be supplemented since discovery is ongoing. Also, see the Supplemental Response to Request No. 2 and No.3.

**REQUEST FOR PRODUCTION NO. 12:**

*All documents that support your contention that Defendants had common shareholders, officers and/or directors and/or employees which failed to act independently as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. The response to this Request for Production of Documents may be supplemented since discovery is ongoing. Also, see the Supplemental Response to Request No. 2 and No.3.

**REQUEST FOR PRODUCTION NO. 13:**

*All documents that support your contention that Defendants had common employees as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. The Responses to this Request for Production of Documents may be supplemented since discovery is ongoing. Also, see Supplemental Response to Request No. 2 and No. 3.

**REQUEST FOR PRODUCTION NO. 14:**

*All documents that support your contention that Defendants' employees' actions and/or inactions were on behalf of Mr. Pinto, Celeritas, primeNA, and Snap Holdings as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objected to as overly broad and burdensome. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. Also, see the Supplemental Response to Request No. 2 and No.3.

**REQUEST FOR PRODUCTION NO. 15:**

*All documents that support your contention that Defendants had common offices as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession

and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. Also, see the Supplemental Response to Request No. 2 and No. 3.

**REQUEST FOR PRODUCTION NO. 16:**

*All documents that support your contention that Defendants had centralized accounting and/or financial services as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. Also, see the Supplemental Response to Request No. 2 and No.3.

**REQUEST FOR PRODUCTION NO. 17:**

*All documents that support your contention that Defendants improperly transfers funds as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. Also, see the Supplemental Response to Request No. 2 and No.3.

**REQUEST FOR PRODUCTION NO. 18:**

*All documents that support your contention that Defendants improperly used the property and/or funds of the Pinto companies in an attempt to avoid the payment of lawful debts and increase the likelihood of insolvency as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. Also, see the Supplemental Response to Request No. 2 and No. 3.

**REQUEST FOR PRODUCTION NO. 19:**

*All documents that support your contention that Defendants improperly received and/or transferred business from related and/or affiliated companies without receipt of like kind value as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. Also, see the Supplemental Response to Request No. 2 and No.3.

**REQUEST FOR PRODUCTION NO. 20:**

*All documents that support your contention that Defendants unified administration and control as alleged in Paragraph 20 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. Also, see the Supplemental Response to Request No. 2 and No.3.

**REQUEST FOR PRODUCTION NO. 21:**

*All documents evidencing each transfer of funds and/or property that you contend violated the Texas Uniform Fraudulent Transfer Act as alleged in Paragraph 21 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. Also, see the Supplemental Response to Request No. 2 and No. 3.

**REQUEST FOR PRODUCTION NO. 22:**

*All documents evidencing each false representation regarding the financial viability of Celeritas as alleged in Paragraph 22 of your Second Amended Complaint.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objected to potentially calling for materials protected by attorney/client and/or attorney work product. Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants'

discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received. Also, see the Supplemental Response to Request No. 2 and No.3.

**REQUEST FOR PRODUCTION NO. 23:**

    *All communications between you and any third party regarding the sale of the guar gum the subject of Purchase Orders 277, 308, and 309.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

    Objected to as overly broad and burdensome.  Without waiving said objection, see documents already in defendants' possession and/or documents which defendants can obtain and/or public records and/or defendants' discovery responses and/ore the attached e-mails and/or invoices and/or the records of *SRK Consultants, LLC v. Celeritas Chemicals, LLC* and/or the records produced and/or received.  Also, see the purchase orders and funds transfer forms from Spenko Solutions, Victory Oilfield Supply and Caremoli Gums USA, LLC attached to prior discovery answers and labeled as Exhibit "2" of prior responses.  See, also Exhibit "4" attached hereto. Also, see the Supplemental Response to Request No. 2 and No. 3.

**REQUEST FOR PRODUCTION NO. 24:**

    *All communications between you and Defendants regarding the purchase and sale of the guar gum the subject of Purchase Orders 277, 308, and 309.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

    Please see all correspondences and e-mails already in defendants' possession. Also, see Also, see the Supplemental Response to Request No. 2 and No. 3.See, also Exhibit "4" attached hereto.

Plaintiff reserves the right to supplement and amend these Supplemental Answers to Interrogatories and Supplemental Responses to Request for Production of Documents since discovery is ongoing.

Respectfully submitted:

BY: /s/ Paul C. Miniclier
Paul C. Miniclier, (Bar # 24001361)
Law Office of Paul C. Miniclier
1305 Dublin Street
New Orleans, Louisiana 70118
Telephone: (504) 864-1276
Fax: (504) 864-1278
E-mail: pcm@minilaw.net; job@minilaw.net
Attorneys for plaintiff, Manidhari Gums
& Chemicals

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record and/or parties by placing same in the United States mail, properly addressed and postage pre-paid, this 10th day of September, 2015.

/s/ Paul C. Miniclier

**GOVERNMENT OF RAJASTHAN**
**IN THE OFFICE OF THE REGISTRAR OF FIRMS.**
**NEW POWER HOUSE ROAD, "UDHYOG BHAWAN" JODHPUR**

**Registration No. 17/18/ 257/2010**

In the matter of M/S MANIDHARI GUMS & CHEMICALS, KHASRA NO. 247/2, SALAWAS INDUSTRIAL AREA, JODHPUR

I hereby Certify that the Under mentioned documents have been filed and Registered Pursuant to the Provision of the Indian Partnership Act,1932.

FORM "A" UNDER SECTION 58 OF THE INDIAN PARTNERSHIP ACT,1932.

Given under my hand and Seal the 18TH day of AUG, , 2010.

FEES Rs.300/-

(D. K. NAGORI)
Registrar of firms
Jodhpur

REGISTRAR OF FIRMS
JODHPUR.

Note- For futrue Correspondence the above registration Number should be mentioned invariably otherwise no action will be possible.





## PARTNERSHIP DEED

This Deed of Partnership is executed on 09th Day of August 2010 by and between :-

1. **MANISH CHHAJER S/o DHARM CHAND CHHAJER** aged about 31 years resident of C-11, Shastri Nagar, Jodhpur (Hereinafter called as First Party)

2. **NARABADA BEN CHHAJER W/o DHARM CHAND CHHAJER** aged about 62 years resident of C-11, Shastri Nagar, Jodhpur (Hereinafter called as Second Party)

3. **DHARM CHAND CHHAJER S/o MULTAN MAL CHHAJER** aged about 70 years resident of C-11, Shastri Nagar, Jodhpur (Hereinafter called as Third Party)

AND

4. **PREETI CHHAJER W/o MANISH CHHAJER** aged about 29 years resident of C-11, Shastri Nagar, Jodhpur (Hereinafter called as Fourth Party)

(The parties referred to above shall, unless repugnant to the context or otherwise, include their respective heirs, legal representatives, executors, administrators and assignees.)

WHEREAS the above referred first party to fourth Party have mutually decided to establish new Gum and Chemicals business under name and style of M/s MANIDHARI GUM AND CHEMICALS, at Reg. office 288, Kalbadevi Road 2nd floor Mumbai, and Adm. Office at Khasra No. 247/2 Gram Salawas Industrial Area, Jodhpur,

Contd..

(1) Manish

(2) Narbada ben

(3) Dharmchand

(4) Priti

NOTARY, JODHPUR

**AND FURTHER WHEREAS** all the parties hereto are desirous to reduce to writing the terms and conditions of Partnership deed upon which they all agreed on 09.08.2010 therefore this deed of Partnership witness as under :

NOW THIS PARTNERSHIP WITNESS AS UNDER:

1. That the business of this partnership has been and shall be carried on under the same name and style of M/s Manidhari Gum and Chemicals, Reg. office at 288, Kalbadevi Road 2nd floor Mumbai and Adm.office at Khasra No. 247/2 Gram Salawas Industrial Area, Jodhpur under such other name or names as the partner may mutually agreed upon. The branches may opened at any convenient place.

2. That the business of the partnership has been shall continuous to be that of Manufacturing Trading & Export of Gum, Chemicals and other related items etc. and any other business which may be mutually decided by the partners.

3. That the business of the partnership shall be deemed to have been commenced w.e.f. 09th Day of August, 2010.

4. That the proper books of accounts and the other relevant records shall be maintained and all such transactions as any relate to the partnership business shall be recorded therein and shall be kept at the place of business and the same shall be open for inspection by any of the partners or his authorized agents, at all reasonable times with power to take copies and extracts thereof.

5. That the books of accounts of this partnership shall be closed on 31st Day of March each year of all assets and liabilities of the firm, after defraying all the chargeable expenses, interest to partners, remuneration to working partners etc. and accounting for the business of the business. Any Profit or loss resulting therefore shall be credited or debited, as the case may be, to the personal accounts of the partners.

6. That the Profits and losses of the business shall be divided among the partners and liabilities and assets, if any, shall be borne by them in proportion to their respective shares in the business, which shall be as under : -

| | | |
|---|---|---|
| i. Shri Manish Chhajer | First Party | 40% |
| ii Smt. Narabda Ben Chhajer | Second Party | 30% |
| iii Shri Dharam Chand Chhajer | Third Party | 20% |
| iv Smt. Preeti Chhajer | Fourth Party | 10% |

NOTARY BHARAT SINGH GEHLOT Advocate Distt Jodhpur Regd No. 7724 GOVT. OF INDIA

7. That the capital contributed or to be contributed by the partners shall be paid Interest @ 12% P.A. by the firm.

8. That the first party to this deed shall be active working partner in this firm, each of whom shall engage himself actively in conducting of the partnership business and shall be responsible for discharge of the legal obligation resting on the firm. In

(1) Manish    (2) Narbada Ben

(4) Priti

consideration of services and keeping in view the experience skill, capability and involvement of each of the working partners. Remuneration shall be paid or credited to the partners as per provision of income tax act 1961 subject to the following minimum limits :-

| Name of Partner | Remuneration |
|---|---|
| Shri Manish Chhajer | 12500/- P.M. |

9. That the Bank Account shall be opened in the name of the firm and either partners or all the partners or all the partners may open/operate one or more bank account or accounts on behalf of and for this partnership business and either partners or all partners may sign documents on behalf of the firm and to borrow money from bank, financial Institutions for business purpose. Provided that no partner shall be entitled to or empowered to raise any loan for and on behalf of the firm except with the consent of the other partners. Any partner doing so in contravention of this clause shall personally be liable and responsible for its payment.

10. That first partner shall be entitled to sign the agreement contracts or any other documents for and on behalf of the firm and shall also be authorised to draw the payments either in cash or by cheque /demand drafts etc. from the govt. departments, local authorities, business houses or any other person(s) connected with or concerned with the business of the firm. All the acts, deeds, things of each partner shall be deemed to have been done for and behalf of the firm which shall be binding on the other partners.

11. That none of the partners shall be entitled to dispose off, transfer or in any other way alienate or part with his share or interest in the firm to any other person except with the written consent of the other partners.

12. That each partner shall be entitled to draw for his personal use against the expected profit and shall pay interest on such drawing as per the Income Tax Act,1961.

13. That in the case of any dispute among the partners, as to the constitution, meaning, interpretation etc. of any of the above clauses of the Partnership Deed or any other matter concerning the business of the firm, shall be dealt with in accordance with the provisions of the Indian Partnership Act,1932 as may be applicable from time to time.

14. That in any case the dispute arises between the partners in respect of any other matter which cannot be resolved among themselves, the same shall be referred to an arbitrator(s) and the proceeding of the arbitration shall be governed by the Indian Arbitrator Act as may be in force at the relevant time. Any decision or award there under shall be binding upon all the partners hereto.

15. That the partnership shall be "AT WILL" and terminable by any of the partners with one month's notice in an advance in writing to the other partners.

NOTARY GOVT. OF INDIA BHARAT SINGH GEHLOT Advocate Distt. Jodhpur Regd No. 7724

(1) Manish (2) Narbada ben

(3) (4) priti (5)

16. That in the event of the death of any of the partner, the firm shall not be dissolved but shall be carried on with the heirs of the deceased, if the heirs so desire on such terms and conditions as shall be agreed upon by them mutually.

17. That in the case of the dissolution the business shall be wind up and the assets and the liabilities shall be dealt with in accordance with the provisions of the Indian partnership Act, 1932, as may be force at the relevant time.

18. That the terms and conditions here to mentioned above may be verified, altered, amended, added or deleted by the mutual consent of all the aforesaid Partners.

19. That provisions of the Indian Partnership Act,1932 and statutory modifications thereof shall apply to all other matters not provided for hereinabove.

IN WITNESS WHEREOF THE PARTNERS HAVE SET THEIR RESPECTIVE HANDS ON THIS INSTRUMENT OF PARTNERSHIP DEED, ON THE DAY, MONTH AND THE YEAR AS AFOREMENTIONED.

NOTARY
BHARAT SINGH GEHLOT
Advocate
Distt. Jodhpur
Regd No. 7724
GOVT. OF INDIA

WITNESSES :

PARTNERS :-

Manish

1. MANISH CHHAJER
(First Party)

Narbada ben

2. NARABADA BEN CHHAJER
(Second Party)

Dharmchand

3. DHARM CHAND CHHAJER
(Third Party)

Priti

4. PREETI CHHAJER
(Fourth Party)

IDENTIFIED BY
[NITESH JAIN]

Signature T. I. of मनीष S/o धर्मचन्द जी कोठारी
R/o C-11 - शास्त्री नगर जोधपुर
Identified by श्री नितेश जैन

ATTESTED
NOTARY, JODHPUR
17/8/2010

# Bank of the Ozarks
## International Wire Transfer Payment Order Form

FAX TO (501) 978-2261 OR EMAIL TO WIRE.ROOM-RAHLING
BEFORE 2:00 PM CST FOR SAME DAY PROCESSING
(1:30 if wire is denominated in foreign currency)

Date: 10/26/12 Test Code: 334096

(FOR WIRE ROOM USE ONLY)
REF #: ______
LOADED BY: ______
VERIFIED BY: ______

Branch Name And Number: Conway North 301

Account Memo Posted By: Ashley Austin
*(Responsibility of WT Representative)*

Account Secured Transaction Entry Prepared By: Sandra McDonald
*(Responsibility of WT Representative)*

Remitter/ Originator/ BOTO Customer: Name: Spenko Solutions/Sandy Potts Address: 310 E Parker St, Plumerville, AR 72127

Account #: ______

Currency wire being sent in: US Dollars Amount: 260,565.50

Exchange Rate: = Total USD: (Credit G/L 10120100)

+ Wire Fee (G/L 74002700) $35.00 = Total Customer Debit: $ 260,600.50

Bank Name: State Bank of Bikaner & Jaipur

Swift Code/Bank Code: SBBJINB019

Bank Street Address: Bhagat Ki Kothi Branch, Jodhpur

City & Country: INDIA

Beneficiary Name: Manidhari Gums & Chemicals

Beneficiary Street Address: C - 11, Shastri Nagar, Jodhpur - 342003

City & Country: Jodhpur INDIA

Beneficiary Account #: 61133337360

Special Instructions:

Intermediary Bank in U.S. (if known) ______

* IF THIRD PARTY WIRE, BANK MANAGEMENT SIGNS HERE IF CUSTOMER SIGNATURE IS MISSING.
CUSTOMER SIGNATURE: Sandra Potts

**CALL BACK TO YOUR CUSTOMER IS MANDATORY WHEN CUSTOMER SIGNATURE IS MISSING. DOCUMENTATION OF CALL BACK TO CUSTOMER SHOULD BE NOTED IN THE COLUMNS TO THE RIGHT**

| CUSTOMER NAME: | DATE: |
|---|---|
| Sandy Potts | 10/26/12 |
| PHONE: | TIME: |
| (501) 977-0533 | 9:44 |

Approved By: ______ 2nd Approval: ______

Call Back Rep Name & Phone Number: Linda J Moore (501) 932-3020

FOR TMS DEPT. USE ONLY:

Verified With: ______ Time: ______ Verified By: ______ OFAC: ______

Revised 6/12

EXHIBIT
4

SWIFT NO:
PIN CODE:

Settlement Advice

Date :31/10/2012

To :MANIDHARI GUMS AND CHEMICALS
C-11 SHASTRI NAGAR

Dear Sir,

We have to advise realisation of Export Bill as per details hereunder, towards the payment of Export bill Number 1097512BP0099683

Other Details are as follows:

| | |
|---|---|
| Invoice No 1 | :05 |
| Invoice No 2 | : |
| Applicant Name | :CELERITASCHEMICALS |
| Applicant Address | :USA |
| Drawing Reference Number | :1097512BP0099683 |
| Drawing Number | : |
| LC Number | :005 |
| Presentation Currency | :USD |
| Presentation Amount | :1,108,980.00 |
| Due date | :01/10/2012 |
| Realisation Amount | :260,560.50 |
| Total Realised Amount(LCY) | :1,45,57,515.00 |
| Value date | :26/10/2012 |
| Net Amount to be settled | :0.00 |
| Late/Early Payment | :25 Days |
| Interest Rate | : + |
| Overdue/Refund Interest | :1,17,158.00 |
| Overdue Interest | :0 |
| Overdue Charges | :0.00 |
| Comm on Excess Realisation | : |
| EEFC Account | : |
| EEFC Amount in Txn CCY | :0.00 |
| EEFC Amount for Conversion | :0.00 |
| Swap charges | :0.00 |
| NEFC Charges(First CCY) | :USD 0.00 |
| NEFC Charges(Other CCY) | : 0.00 |

Received for 02 containers from Brazil, USA

Rate Break up Memo Field:
#1. REALS 260560.5 USD/INR 0.1037511007359

| | |
|---|---|
| Swap Gain | :0.00 |
| Swap Loss | :0.00 |

Yours Sincerely,

Authorised Signatory

PLEASE CONTACT BRANCH FOR eTradeSBI FACILITY-INTERNET ACCESS TO TRADE FINANCE

Victory Oilfield Supply, LLC

THE TRUE MATERIAL SOURCE

# PURCHASE ORDER

201 W. Vermilion, Suite 200
Lafayette, LA70501
USA

The following number must appear on all invoices, bills of lading, and acknowledgements relating to this PO:
PURCHASE ORDER: 1105-1

P.O. DATE November 5, 2012
TERMS By TT Remittance
F.O.B. Warehouse Houston, TX
SHIP VIA. N/A

TO: Manish Chhajer
Manidhari Gums & Chemicals
Khasra No.247/1, Salawas Industrial Area
Salawas Road, Behind Gowindam weigh Bridge
Jodhpur - 342004, India
Tel:011-91-941-4090111
Tel:011-91-291-211-3644

ADDRESS CORRESPONDENCE TO:
Martin Korn

E-mail mtkorn@vos-oil.com
Phone 1-702-495-8318
Toll Free 1-855-860-6059

VOS Tax I.D. 45-3707965

| QTY | UNIT | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 72.73 | metric tons | FHG, Cas # 39421-75-5, Oil Drilling Grade, Loaded in 900 kg Jumbo Bags 18.18 mt/20'container, 6 FCLS<br><br>Balance of 65% to be paid after 20 days.<br><br>04 containers | $ 7,229.12 | $ 525,990.77 |
| | | | subtotal | $ 525,990.77 |

| PLEASE NOTIFY US IMMEDIATELY IF THIS ORDER CANNOT BE SHIPPED COMPLETE ON OR BEFORE: 11/9/12 | | | |
|---|---|---|---|
| | SHIPPING | | $ - |
| | DEPOSIT | 0.35 | $ 184,096.77 |
| | OTHER | 0 | |
| | BALANCE TOTAL | | $ 341,894.00 |

PAY TO:
BANK: STATE BANK OF BIKANER & JAIPUR
BANK ADDRESS: BHAGAT KI KOTHI BRANCH, JODHPUR
SWIFT CODE: SBBJINBQ19
BENEFICIARY: MANIDHARI GUMS & CHEMICALS
BENEFICIARY ADDRESS: C-11, SHASTRI NAGAR, JODHPUR-342003, INDIA.

[signature] 11-05-2012

APPROVED BY DATE

## Wire Transfer Sender Information

| | | | | |
|---|---|---|---|---|
| Sender Name: HOWARD RODRIGUEZ JR | | | | |
| Account Name: VICTORY OILFEILD SUPPLY LLC | Street Address: 201 W VERMILION ST STE 200 | | | |
| City: LAFAYETTE | State: LA | Zip: 70501-6847 | Country: USA | Daytime Phone: 337-501-3042 |
| Primary ID Type: Driver's License | ID Issuer: LA | ID Number: [redacted] | ID Issue Date: 06/18/2007 | ID Exp: 10/16/2016 |
| Secondary ID Type: Chase or Bank Issued Debit Card | ID Issuer: CHASE VISA | ID Number: XXXXXXXXXXXX1981 | ID Issue Date: | ID Exp: 01/31/2015 |
| Authentication Method: | Request Method: Walkin | Comments: | | |
| Callback Performed by (Employee Signature): | Caller (Employee) Phone number: | | | |
| Callback made to: | Callback Phone #: | Callback Date: | Callback Time: | |

## Wire Transfer Information

| | | | |
|---|---|---|---|
| Request Date: 11/05/2012 | Request time: 02:11:02PM Eastern time | Effective date: 11/05/2012 | Wire Type: International |
| Debit Account #: 002613730 | Debit Account Type: BUSINESSSELECT CHKG | Available balance: [redacted] | Wire Amount (US dollars): $184,096.77 |
| Qualifying Account #: | Qualifying Account Type: | Source of funds: Checking | Wire Fee: $45.00 |
| Currency type to be sent: US Dollars | Exchange rate: N/A | Foreign currency amount: N/A | Amount to Collect (USD): $184,141.77 |
| FX Contract Number: | | | |

Customer Disclosure: If you initiate more than three Rapid Cash funds transfers during any calendar month, you will incur a Rapid Cash Remittance Fee of $45 for each Rapid Cash funds transfer in excess of three. These fees will be deducted from your checking account.

## Recipient Account Information

| | | | | |
|---|---|---|---|---|
| Account Name: MANIDHARI GUMS & CHEMICALS | | | | |
| Street Address: | Account Number: 61133337360 | | | |
| | City: | State: | Zip: | Country: |
| Text to Recipient: P.O. 1105-1 | | | | |

## Receiving Bank Information

| | | | | |
|---|---|---|---|---|
| Bank Name: State Bank of Bikaner and Jaipur | | | | |
| Street Address: Jodhpur | Bank ABA/SWIFT Code: SBBJINBB019 | | | |
| | City: Jodhpur | State: | Zip: 342001 | Country: IN |
| Intermediary Bank Name: | | | | |
| Street Address: | Intermediary Bank ABA: | | | |
| | City: | State: | Zip: | Country: |
| Text to Receiving Bank: | | | | |

Sender name:
HOWARD RODRIGUE JR

| Request Date: | Request time: | Effective date: |
|---|---|---|
| 11/05/2012 | 02:11:02PM Eastern time | 11/05/2012 |

| Currency type to be sent: | Exchange rate (if applicable): | Wire amount to be sent: | Amount to collect (USD): |
|---|---|---|---|
| US Dollars | N/A | $184,096.77 | $184,141.77 |

## Terms and Conditions

The undersigned confirms to JPMorgan Chase Bank, N.A. (the "Bank") that it has purchased the funds transfer described in this document; it has received and reviewed the Bank's current fee schedule; and it agrees that the funds transfer is made subject to the following Terms and Conditions. The Bank may reject any transfer in the Bank's sole discretion at any time prior to final acceptance of the transfer by recipient's bank. The Bank will notify you if a transfer is rejected and will advise you as soon as is reasonably possible after it becomes aware of the rejection. The notice or advice shall be deemed commercially reasonable if given electronically, orally, by telephone, facsimile transmission, first class mail or private delivery service. This transfer will be processed within the Bank's established cut-off hours. The Customer acknowledges that the Bank and the recipient's bank may rely solely on an identifying or account number to designate the receiving bank and the owners of the accounts to be credited, whether or not the name of the recipient or receiving bank matches the identifying number or account number. The Bank reserves the right to execute the funds transfer through any intermediary bank which the Bank deems reasonable. The Customer authorizes the Bank and any intermediary bank in the transaction to deduct processing fees and, if applicable, exchange fees from the amount of the funds transfer. If this transfer is in a foreign currency, and funds are returned because, for any reason, payment cannot be made, the Bank's liability will be limited to the New York currency exchange market value rate at the time refund is made, less charges taken by any correspondent banks. The Bank operates within the guidelines established by the Treasury's Office of Foreign Assets Control (OFAC) imposing economic sanctions against targeted hostile foreign countries and entities. Under penalty of Federal Law, the Bank is obligated to block transactions where any party is included on one of OFAC's lists of designees. Proceeds from blocked transactions must be held until such entity is removed from the list or upon special permission from OFAC. The Bank will not be liable to you for any amount other than as specifically required by Article 4A of the Uniform Commercial Code. You agree to indemnify Bank and its agents and employees against any claims, losses, costs, expenses, and damages of any kind (other than claims arising from the Bank's gross negligence or willful misconduct), asserted against or incurred by the Bank directly or indirectly relating to this transaction.

Customer Notice: The Bank may record, store, and use all telephone conversations.

| Customer Signature | Date |
|---|---|
| Howard R Rodrigue Jr [signature] | 11/5/2012 |

## Branch / Department Information

Initiated by:
NICOLE M REBSTOCK / V074898

| Initiating Branch/Department: | Phone #: | Wire Transfer |
|---|---|---|
| Winwood - 25 | 337-265-4301 | ☐ Released ☐ Declined |

Released/Declined by:

| Releasing Branch/Dept | Releaser Signature: | Date: |
|---|---|---|
| | | |

| Decline Reason: | Comments: |
|---|---|
| | |

| Approving Manager (wire amount over limit) | Method of Approval (attach required supporting documentation) |
|---|---|
| | ☐ Phone call ☐ Email ☐ Other (explain) |

## Wire Tracking Information

| CA Confirmation Number | Transaction Reference Number (TRN), if available |
|---|---|
| 824000576-0001 | 824000035778-0001 |
| FED Reference Number, if available | Rapid Cash® Number |
| | |

Page 1 of 2

BHAGAT KI KOTHI SWIFT NO:
JODHPUR PIN NO: 342005

Date: 07/11/2012

MANIDHARI GUMS AND CHEMICALS
C-11 SHASTRI NAGAR

JODHPUR

Inward Remittance payment advice

| | |
|---|---|
| Payment Ref No. | : 1037512TP0000422 |
| Sender | : VICTORYOILFEILDSSUPPLYLLC |
| | : USA |

Dear Sirs,

We have to advise having received an inward remittance,details of which are furnished hereunder.

| | | | |
|---|---|---|---|
| Remittance amount | : USD 184,071.77 | | |
| Amount credited to EEFC AC No | : | USD | |
| Amount for credit to EEFC in | : USD | | conv at 0 |
| Amount credited to EEFC AC No | : | | 0.00 |
| Amount credited to PCFC | : USD 77,957.36 | | |
| Amount for credit to PCFC in | : USD | | conv at 0 |
| Amount Credited to PCFC in | : 0.00 | | |
| PCFC account no in USD | : 00000061151470300 | | |
| PCFC account no in | : | | |
| Amount Converted to INR | : USD 106,114.41 | | |
| Conversion Rate(weighted Avg) | : 54.03 # | | |
| Converted amount | : INR 57,33,362.00 | | |
| Credit to EPC AC 00000061151469384 | 0.00 | | |
| Credit to CC/CA | : 57,33,362.00 | | |
| Account Number | : 00000061133337360 | | |

(handwritten:) (part) part payment for Victory Oilfield supply LLC for all [illegible]

# Rate Break up :
#1. CONVB 106114.41 USD/INR 54.03 1037511007450

We have recovered the following amount towards charges on account of Remittance

| | |
|---|---|
| Postage | : 100.00 |
| Commission | : 3,500.00 |
| Other Charges | : |
| Total Charges Recovered | : 3,600.00 |
| Service Charges | : |
| Service Tax Details | |
| Service Tax | :1,228.00 |
| Education Cess | :24.56 |
| Secondary and higher Education Cess | :12.28 |
| Total | :1,264,84 |
| EEFC Charges(First CCY) | : USD 0.00 |
| EEFC Charges(Other CCY) | : 0.00 |

Yours sincerely,

Authorised signatory

PLEASE CONTACT BRANCH FOR eTradeSBI FACILITY-INTERNET ACCESS TO TRADE FINANCE

MFx Sr No: 10375A001

Deal Date: 13/12/2012

Transaction Type: TP-TT Paid

Sale/Purchase Indicator: P-Pur

INR Cash Involved: N-No

Branch Reference: 10375 | 12 | TP | 0000388

Value Date: 29/11/2012

CIF Number: 71123692164

Customer Name: MANIDHARI GUMS

Address Line1: C-11 SHASTRI NAGAR

Address Line2: JODHPUR

Other Details:

Statement Narrative: TT 1615

**Transaction Details:**

Txn Currency: USD UNITED STATES

Total Amt: 341860.41

**Conversion:**

FC Conversion Amt: 341860.41

Exchange Rate: 54.18

INR Equivalent Amt: 18521997

**Non Conversion:**

Nonconversion Amt1: 0

Nonconversion Amt2: 0

Nostro Bank: MMBM

R-Return Code: P0103

**Cross Currency:**

Second Currency:

Cross Curr Amt1: 0

Cross Curr Rate: 0

Cross Curr Amt2: 0

**Margin:**

Margin Sign Bit: +

Margin Amt: 0

Correspondent Ref: 302520

Customer Account for Charges: 61133337360

Cheque Purchase Account: 0 GEN

| No | SYS | Dr/Cr | Amt | Acct | Currency | Product |
|---|---|---|---|---|---|---|
| Conversion Entries: | | | | | | |
| 1. | DEP | C-Cr | 18521997 | 61133337360 | INR INDIAN RUPEES | |
| Nonconversion Entries: | | | | | | |
| 2. | DEP | C-Cr | 0 | 0 | USD UNITED STATES | 00 NA |
| 3. | DEP | C-Cr | 0 | 0 | USD UNITED STATES | 00 NA |
| Cross Currency Entries: | | | | | | |
| 4. | DEP | C-Cr | 0 | 0 | | 00 NA |
| Commission, Postage and Service Tax Entries: | | | | | | |
| 5. | GEN | C-Cr | 3500 | 97960103752 | INR INDIAN RUPEES | |
| 6. | GEN | C-Cr | 100 | 98741103754 | INR INDIAN RUPEES | |
| 7. | GEN | C-Cr | 2846 | 3197937103758 | INR INDIAN RUPEES | |

Service Tax Flag: Y-Yes

Balance (70%) payment received from Victory Dilliard Bank LLC for ...

# Wire Transfer Sender Information

Sender Name:
HOWARD RODRIGUE JR

| Account Name:<br>VICTORY OILFEILD SUPPLY LLC | | | Street Address:<br>201 W VERMILION ST STE 200 | | |
|---|---|---|---|---|---|
| City:<br>LAFAYETTE | State:<br>LA | Zip:<br>70501-6847 | Country:<br>USA | | Daytime Phone:<br>337-501-3042 |
| Primary ID Type:<br>Driver's License | ID Issuer:<br>LA | ID Number: | | ID Issue Date:<br>10/16/2012 | ID Exp:<br>10/16/2016 |
| Secondary ID Type: | ID Issuer: | ID Number: | | ID Issue Date: | ID Exp: |
| Authentication Method: | Request Method:<br>Walk-in | | Comments: | | |
| Callback Performed by (Employee Signature): | Caller (Employee) Phone number: | | | | |
| Callback made to: | Callback Phone #: | | Callback Date: | Callback Time: | |

## Wire Transfer Information

| Request Date:<br>10/31/2012 | Request time:<br>12:11:52PM Eastern time | Effective date:<br>10/31/2012 | Wire Type:<br>International |
|---|---|---|---|
| Debit Account #:<br>092883730 | Debit Account Type:<br>BUSINESSSELECT CHKG | Available balance: | Wire Amount (US dollars):<br>$73,512.64 |
| Qualifying Account #: | Qualifying Account Type: | Source of funds:<br>Checking | Wire Fee:<br>$45.00 |
| Currincy type to be sent:<br>US Dollars | Exchange rate<br>N/A | Foreign currency amount:<br>N/A | Amount to Collect (USD):<br>$73,557.64 |
| FX Contract Number: | | | |

Customer Disclosure : If you initiate more than three Rapid Cash funds transfers during any calendar month, you will incur a Rapid Cash Remittance Fee of $45 for each Rapid Cash funds transfer in excess of three. These fees will be deducted from your checking account.

## Recipient Account Information

Account Name:
MANDHARI GUMS & CHEMICALS

| Street Address: | Account Number:<br>61133337350 | | | |
|---|---|---|---|---|
| | City: | State | Zip | Country |

Text to Recipient:
P.O. NUMBER 1026-2

## Receiving Bank Information

Bank Name:
State Bank of Bikaner and Jaipur

| Street Address:<br>Jodhpur | Bank ABA/SWIFT Code:<br>SBBJINBB019 | | | |
|---|---|---|---|---|
| | City:<br>Jodhpur | State | Zip<br>342001 | Country<br>IN |

| Intermediary Bank Name: | | | | |
|---|---|---|---|---|
| Street Address: | Intermediary Bank ABA: | | | |
| | City: | State | Zip | Country |

Text to Receiving Bank:

Sender name:
HOWARD [illegible]

| Request Date: | Request time: | Effective date: |
|---|---|---|
| 10/31/2012 | 12:11:52PM Eastern time | 10/31/2012 |

| Currency type to be sent: | Exchange rate (if applicable): | Wire amount to be sent: | Amount to collect (USD): |
|---|---|---|---|
| US Dollars | N/A | $73,512.04 | $71,557.64 |

## Terms and Conditions

The undersigned confirms to JPMorgan Chase Bank, N.A. (the "Bank") that: it has purchased the funds transfer described in this document; it has received and reviewed the Bank's current fee schedule; and it agrees that the funds transfer is made subject to the following Terms and Conditions. The Bank may reject any transfer in the Bank's sole discretion at any time prior to final acceptance of the transfer by recipient's bank. The Bank will notify you if a transfer is rejected and will advise you as soon as is reasonably possible after it becomes aware of the rejection. The notice or advice shall be deemed commercially reasonable if given electronically, orally, by telephone, facsimile transmission, first class mail or private delivery service. This transfer will be processed within the Bank's established cut-off hours. The Customer acknowledges that the Bank and the recipient's bank may rely solely on an identifying or account number to designate the receiving bank and the owners of the accounts to be credited, whether or not the name of the recipient or receiving bank matches the identifying number or account number. The Bank reserves the right to execute this funds transfer through any intermediary bank which the Bank deems reasonable. The Customer authorizes the Bank and any intermediary bank in the transaction to deduct processing fees and, if applicable, exchange fees from the amount of the funds transfer. If this transfer is in a foreign currency, and funds are returned because, for any reason, payment cannot be made, the Bank's liability will be limited to the New York currency exchange market value rate at the time refund is made, less charges taken by any correspondent banks. The Bank operates within the guidelines established by the Treasury's Office of Foreign Assets Control (OFAC) imposing economic sanctions against targeted foreign countries and entities. Under penalty of Federal Law, the Bank is obligated to block transactions where any party is included on one of OFAC's lists of designates. Proceeds from blocked transactions must be held until such entity is removed from the list or upon special permission from OFAC. The Bank will not be liable to you for any amount other than as specifically required by Article 4A of the Uniform Commercial Code. You agree to indemnify Bank and its agents and employees against any claims, losses, costs, expenses, and damages of any kind (other than claims arising from the Bank's gross negligence or willful misconduct), asserted against or incurred by the Bank directly or indirectly relating to this transaction.

Customer Notice: The Bank may record, store, and use all telephone conversations.

| Customer Signature | Date |
|---|---|
| Howard R Rodriguez Jr [signature] | 10/31/2012 |

## Branch / Department Information

Initiated by:
NICOLE M REBSTOCK / V074898

| Initiating Branch/Department: | Phone #: | Wire Transfer |
|---|---|---|
| Winwood - 29 | 337-233-4201 | ☒ Released ☐ Declined |

Released/Declined by: Matthew B Lawson

| Releasing Branch/Dept | Releaser Signature: | Date: |
|---|---|---|
| | [signature] | 10/31/12 |

| Decline Reason: | Comments: |
|---|---|
| | |

| Approving Manager (wire amount over limit) | Method of Approval (attach required supporting documentation) |
|---|---|
| | ☐ Phone call ☐ Email ☐ Other (explain) |

## Wire Tracking Information

| CA Confirmation Number | Transaction Reference Number (TRN), if available |
|---|---|
| 0849009960-0001 | |
| **FED Reference Number, if available** | **Rapid Cash® Number** |
| | |

## Wire Transfer Sender Information

Sender Name:
HOWARD RODRIGUE JR

| Account Name: VICTORY OILFIELD SUPPLY  LLC | | Street Address: 201 W VERMILION ST STE 200 | | | |
|---|---|---|---|---|---|
| City: LAFAYETTE | State: LA | Zip: 70501-6847 | Country: USA | | Daytime Phone: 337-501-3042 |
| Primary ID Type: Driver's License | ID Issuer: LA | ID Number: [redacted] | | ID Issue Date: 10/16/2012 | ID Exp: 10/16/2016 |
| Secondary ID Type: Chase or Bank Issued Credit Card | ID Issuer: CHASE MASTERCARD | ID Number: XXXXXXXXXXXX4093 | | ID Issue Date: | ID Exp: 12/31/2014 |
| Authentication Method: | Request Method: Walk-In | Comments: | | | |
| Callback Performed by (Employee Signature): | Caller (Employee) Phone number: | | | | |
| Callback made to: | Callback Phone #: | Callback Date: | | Callback Time: | |

## Wire Transfer Information

| Request Date: 10/31/2012 | Request time: 12:03:50PM Eastern time | Effective date: 10/31/2012 | Wire Type: International |
|---|---|---|---|
| Debit Account #: 992683730 | Debit Account Type: BUSINESSSELECT CHKG | Available balance: [redacted] | Wire Amount (US dollars): $563,580.00 |
| Qualifying Account # | Qualifying Account Type: | Source of funds: Checking | Wire Fee: $45.00 |
| Currency type to be sent: US Dollars | Exchange rate N/A | Foreign currency amount: N/A | Amount to Collect (USD): $563,625.00 |
| FX Contract Number: | | | |

Customer Disclosure : If you initiate more than three Rapid Cash funds transfers during any calendar month, you will incur a Rapid Cash Remittance Fee of $45 for each Rapid Cash funds transfer in excess of three.  These fees will be deducted from your checking account.

## Recipient Account Information

Account Name:
MANIDHARI GUMS & CHEMICALS

| Street Address: | | Account Number: 61133337300 | | | |
|---|---|---|---|---|---|
| | | City | State | Zip | Country |
| Text to Recipient: P.O  ORDER 1026-1 | | | | | |

## Receiving Bank Information

Bank Name:
State Bank of Bikaner and Jaipur

| Street Address: Jodhpur | | Bank ABA/SWIFT Code: SBBJINBB019 | | | |
|---|---|---|---|---|---|
| | | City Jodhpur | State | Zip 342001 | Country IN |
| Intermediary Bank Name: | | | | | |
| Street Address: | | Intermediary Bank ABA: | | | |
| | | City | State | Zip | Country |
| Text to Receiving Bank: | | | | | |

Page 1 of 2

Sender name: HOWARD RODRIGUES JR

| Request Date: 10/31/2012 | Request time: 12:03:00PM Eastern time | Effective date: 10/31/2012 |
|---|---|---|

| Currency type to be sent: | Exchange rate (if applicable) | Wire amount to be sent: | Amount to collect (USD): |
|---|---|---|---|
| US Dollars | N/A | $583,500.00 | $583,525.00 |

## Terms and Conditions

The undersigned confirms to JPMorgan Chase Bank, N.A. (the "Bank") that it has purchased the funds transfer described in this document; it has received and reviewed the Bank's current fee schedule; and it agrees that the funds transfer is made subject to the following Terms and Conditions. The Bank may reject any transfer in the Bank's sole discretion at any time prior to final acceptance of the transfer by recipient's bank. The Bank will notify you if a transfer is rejected and will advise you as soon as is reasonably possible after it becomes aware of the rejection. The notice or advice shall be deemed commercially reasonable if given electronically, orally, by telephone, facsimile transmission, first class mail or private delivery service. This transfer will be processed within the Bank's established cutoff hours. The Customer acknowledges that the Bank and the recipient's bank may rely solely on an identifying or account number to designate the receiving bank and the owners of the accounts to be credited, whether or not the name of the recipient or receiving bank matches the identifying number or account number. The Bank reserves the right to execute the funds transfer through any intermediary bank which the Bank deems reasonable. The Customer authorizes the Bank and any intermediary bank in the transaction to deduct processing fees and, if applicable, exchange fees from the amount of the funds transfer. If this transfer is to a foreign currency, and funds are returned because, for any reason, payment cannot be made, the Bank's liability will be limited to the New York currency exchange market value rate at the time refund is made, less charges taken by any correspondent banks. The Bank operates within the guidelines established by the Treasury's Office of Foreign Assets Control (OFAC) imposing economic sanctions against target hostile foreign countries and entities. Under penalty of Federal Law, the Bank is obligated to block transactions where any party is included on one of OFAC's lists of designees. Proceeds from blocked transactions must be held until such entity is removed from the list or upon special permission from OFAC. The Bank will not be liable to you for any amount other than as specifically required by Article 4A of the Uniform Commercial Code. You agree to indemnify Bank and its agents and employees against any claims, losses, costs, expenses, and damages of any kind (other than claims arising from the Bank's gross negligence or willful misconduct), asserted against or incurred by the Bank directly or indirectly relating to this transaction.

Customer Notice: The Bank may record, store, and use all telephone conversations.

| Customer Signature: Howard R Rodrigues Jr [signature] | Date: 10/31/2012 |
|---|---|

## Branch / Department Information

Initiated by: NICOLE M REBSTOCK / V074380

| Initiating Branch/Department: Winwood - 25 | Phone #: 337-266-4391 | Wire Transfer: [X] Released [ ] Declined |
|---|---|---|

Released/Declined by: Matthew B Lawson

| Releasing Branch/Dept (if different than initiated) | Releaser Signature: [signature] | Date: 10/31/12 |
|---|---|---|

| Decline Reasons: | Comments: |
|---|---|
| Approving Manager (wire amount over limit) | Method of Approval (attach required supporting documentation) [ ] Phone call [X] Email [ ] Other (explain) |

## Wire Tracking Information

| CA Confirmation Number: 9640013 7049-0001 | Transaction Reference Number (TRN), if available |
|---|---|
| FED Reference Number, if available | Rapid Cash ID Number |

JODHPUR SWIFT NO:
PIN NO: 342005

Date: 02-11-2012

MANIDHARI GUMS AND CHEMICALS
C-11 SHASTRI NAGAR

JODHPUR

Inward Remittance payment advice

Payment Ref No. : 1037512TP0000420
Sender : VICTORYOILFEILDSUPPLYLLC
: USA

Dear Sirs,

We have to advise having received an inward remittance,details of which are furnished hereunder.

Remittance amount : USD 73,487.64
Amount credited to EEFC AC No : USD
Amount for credit to EEFC in : USD conv at 0
mount credited to EEFC AC No : 0.00

Amount credited to PCFC : USD 73,487.64
Amount for credit to PCFC in : USD conv at 0
Amount Credited to PCFC in : 0.00
PCFC account no in USD : 00000061151470300
PCFC account no in :

Amount Converted to INR : USD 0.00
Conversion Rate(weighted Avg) : 0 #
Converted amount : INR 0.00
Credit to EPC AC 00000061151469384 0.00
Credit to CC/CA : 0.00
Account Number : 00000061133337360

part payment Victory ... [illegible handwritten annotation]

# Rate Break up :
0

We have recovered the following amount towards charges on account of Remittance

Postage : 100.00
Commission : 3,500.00
Other Charges :
Total Charges Recovered : 3,600.00
Service Charges :
Service Tax Details
Service Tax :0.00
Education Cess :0.00
Secondary and higher Education Cess:0.00
Total :0.00
EEFC Charges(First CCY) : USD 0.00
EEFC Charges(Other CCY) : 0.00

Yours sincerely,

Authorised signatory

PLEASE CONTACT BRANCH FOR eTradeSBI FACILITY-INTERNET ACCESS TO TRADE FINANCE

SBI- EXIMV40029 - 10375-21558

File Edit View Window Help

Edit Accounting Entry

Reference No. 10375ETP000018 [illegible]

Transaction Date Time [illegible]

| Account No. | Item Reference | D/C | Ccy | Amount | Account Title | Rate | Value Date | Trans Code | Maturity Date | Customer ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2097862103927 | | D | USD | 563555.00 | Nostro Mirror Account | 0 | 30-11-2012 | | - - | 0000007112 | |
| 2097784103920 | | C | USD | 563555.00 | PCFC LOAN REPAID A/C - US | 0 | 30-11-2012 | | | 0000007112 | |
| 2097782103929 | | D | USD | 563555.00 | PCFC LOAN REPAID CONTRA | 0 | 30-11-2012 | | - - | 0000007112 | |
| 00000061151470300 | | C | USD | 563555.00 | PCFC Account Number | 0 | 30-11-2012 | | | 0000007112 | |
| 00000061133337360 | | D | INR | 3500.00 | Customer CC/CA/EPC A/C | 0 | 30-11-2012 | | - - | 0000007112 | |
| 3197625103753 | | C | INR | 3500.00 | COMM ON INWARD REM EXIM | 0 | 30-11-2012 | | | 0000007112 | |
| 00000061133337360 | | D | INR | 100.00 | Customer CC/CA/EPC A/C | 0 | 30-11-2012 | | - - | 0000007112 | |
| 98741103754 | | C | INR | 100.00 | C/A-PA CHARGES RECOVE | 0 | 30-11-2012 | | | 0000007112 | |

Start

part payment received for [illegible] [illegible]
[illegible] A/c [illegible] of customer

Our bank's inward remittance detail

DEBIT ADVICE FOR ISSUANCE OF eBRC

Date: 20/07/2013

BRC REFERENCE NUMBER : 1097513BR0002036
EXPORT BILL NO. : 1097513GC0103185
EXPORT BILL PAYMENT NO. : 1097513PM0000459
BENEFICIARY : MANIDHARI GUMS AND CHEMICALS
BENEFICIARY ADDRESS : C-11 SHASTRI NAGAR
JODHPUR
IEC CODE : 1311010921
EXPORT BILL AMOUNT : USD 945,361.00

INVOICE NO. 1 : 004 PO-277. INVOICE DATE 1:
INVOICE NO. 2 : INVOICE DATE 1:

AMOUNT REALISED : USD 7,26,663.18
REALISATION DATE : 20/06/2013

SHIPPING BILL DETAILS

| Sr No | Shipping Bill No. / Invoice No. | SB Date / InvoiceDate | ShippBillAmt / InvoiceAmt | Custom Port Code | eBRC Amt |
|---|---|---|---|---|---|
| 1 | 1056312 | 27/07/2012 | 9,45,360.91 | INBGK6 | 7,26,663.18 |
| 2 | | | 0.00 | | 0.00 |
| 3 | | | 0.00 | | 0.00 |
| 4 | | | 0.00 | | 0.00 |
| 5 | | | 0.00 | | 0.00 |
| 6 | | | 0.00 | | 0.00 |
| 7 | | | 0.00 | | 0.00 |
| 8 | | | 0.00 | | 0.00 |
| 9 | | | 0.00 | | 0.00 |
| 10 | | | 0.00 | | 0.00 |

We have debited your account number with the following sum on account of Issuance of eBRC for the captioned bill

eBRC Charge Amount : 120.00
DEBIT Account : 00000061133337360

Yours faithfully

Authorised Signatory

DEBIT ADVICE FOR ISSUANCE OF eBRC

Date: 20/07/2013

BRC REFERENCE NUMBER : 1097513BR0002037
EXPORT BILL NO. : 1097512BP0099683
EXPORT BILL PAYMENT NO. : EXNE
BENEFICIARY : MANIDHARI GUMS AND CHEMICALS
BENEFICIARY ADDRESS : C-11 SHASTRI NAGAR
JODHPUR
IEC CODE : 1311010921
EXPORT BILL AMOUNT : USD 1,108,980.00

INVOICE NO. 1 : 05 PO-308 INVOICE DATE 1:
INVOICE NO. 2 : INVOICE DATE 1:

AMOUNT REALISED : USD 6,27,788.50
REALISATION DATE : 31/10/2012

SHIPPING BILL DETAILS

| Sr No | Shipping Bill No. / Invoice No. | SB Date / InvoiceDate | ShippBillAmt / InvoiceAmt | Custom Port Code | eBRC Amt |
|---|---|---|---|---|---|
| 1 | 1219856 | 08/08/2012 | 11,08,980.00 | INBGK6 | 6,27,788.50 |
| 2 | | | 0.00 | | 0.00 |
| 3 | | | 0.00 | | 0.00 |
| 4 | | | | | |
| 5 | | | 0.00 | | 0.00 |
| 6 | | | 0.00 | | 0.00 |
| 7 | | | 0.00 | | 0.00 |
| 8 | | | 0.00 | | 0.00 |
| 9 | | | 0.00 | | 0.00 |
| 10 | | | 0.00 | | 0.00 |

We have debited your account number with the following sum on account of Issuance of eBRC for the captioned bill

eBRC Charge Amount : 120.00
DEBIT Account : 00000061133337360

Yours faithfully,

Authorised Signatory

DEBIT ADVICE FOR ISSUANCE OF eBRC

Date: 20/07/2013

BRC REFERENCE NUMBER : 1097513BR0002035
EXPORT BILL NO. : 1097513GC0103186
EXPORT BILL PAYMENT NO. : 1097513PM0000458
BENEFICIARY : MANIDHARI GUMS AND CHEMICALS
BENEFICIARY ADDRESS : C-11 SHASTRI NAGAR
JODHPUR
IEC CODE : 1311010921
EXPORT BILL AMOUNT : USD 1,108,980.00

INVOICE NO. 1 : 006 PD-309 INVOICE DATE 1:
INVOICE NO. 2 : INVOICE DATE 1:

AMOUNT REALISED : USD 5,63,555.00
REALISATION DATE : 20/06/2013

SHIPPING BILL DETAILS

| Sr No | Shipping Bill No. / Invoice No. | SB Date / InvoiceDate | ShippBillAmt / InvoiceAmt | Custom Port Code | eBRC Amt |
|---|---|---|---|---|---|
| 1 | 1385609 | 21/08/2012 | 11,08,980.00 | INBGK6 | 5,63,555.00 |
| 2 | | | 0.00 | | 0.00 |
| 3 | | | 0.00 | | 0.00 |
| 4 | | | 0.00 | | 0.00 |
| 5 | | | 0.00 | | 0.00 |
| 6 | | | 0.00 | | 0.00 |
| 7 | | | 0.00 | | 0.00 |
| 8 | | | 0.00 | | 0.00 |
| | | | 0.00 | | 0.00 |
| 10 | | | 0.00 | | 0.00 |

We have debited your account number with the following sum on account of Issuance of eBRC for the captioned bill

eBRC Charge Amount : 120.00
DEBIT Account : 00000061133337360

Yours faithfully,

Authorised Signatory

SWIFT NO:
PIN CODE:

---

Settlement Advice

Date :15/10/2012

To :MANIDHARI GUMS AND CHEMICALS
C-11 SHASTRI NAGAR

Dear Sir,

We have to advise realisation of Export Bill as per details hereunder, towards the payment of Export bill Number 1097512BP0099683

Other Details are as follows:

| | |
|---|---|
| Invoice No 1 | :05 |
| Invoice No 2 | : |
| Applicant Name | :CELERITASCHEMICALS |
| Applicant Address | :USA |
| Drawing Reference Number | :1097512BP0099683 |
| Drawing Number | : |
| LC Number | :005 |
| Presentation Currency | :USD |
| Presentation Amount | :1,108,980.00 |
| Due date | :01/10/2012 |
| Realisation Amount | :239,984.00 |
| Total Realised Amount(LCY) | :1,34,07,906.00 |
| Value date | :12/10/2012 |
| Net Amount to be settled | :0.00 |
| Late/Early Payment | :11 Days |
| Interest Rate | : |
| Overdue/Refund Interest | :52,897.00 |
| Overdue Interest | :0 |
| Overdue Charges | :0.00 |
| Comm on Excess Realisation | : |
| EEFC Account | : |
| EEFC Amount in Txn CCY | :0.00 |
| EEFC Amount for Conversion | :0.00 |
| Swap charges | :0.00 |
| EEFC Charges(First CCY) | :USD 0.00 |
| EEFC Charges(Other CCY) | : 0.00 |

Received from [illegible] by 02 [illegible]

Rate Break up Memo Field:
#1. REALS 239984 USD/INR 0 1037511007149

| | |
|---|---|
| Swap Gain | :0.00 |
| Swap Loss | :0.00 |

Yours Sincerely,

Authorised Signatory

CAREMOLI®

# Purchase Order

| Date | P.O. No. |
|---|---|
| 10/11/2012 | 00059 |

## Caremoli Gums USA LLC

23959 580th Ave Ames, IA 50010 Phone: (515) 233-3175 Fax: (515) 233-3001

### Vendor

Manidhari Gums & Chemicals
Khasra No. 247/2 Tanawara Ind. Area
Jodhpur (RAJ) 342804
India

### Ship To

Caremoli Gums USA LLC
23959 580th Ave
Ames, IA 50010

| Terms |
|---|
| EXW HOUSTON |

| Description | Qty | U/M | Rate | Amount |
|---|---|---|---|---|
| Guar Gum Fast Hydration 3540 FANN 2000lb Totes | 36,360 | kg | 7.00 | 254,520.00 |
| 50% PAID IN ADVANCE<br>50% PAID NET 21 DAYS | | | | |
| 02 containers | | | | |

| Purchase Total | $254,520.00 |
|---|---|

[Print] [Close]

## Wire Details

**Primary Company: CAREMOLI USA INC**

Status: Approved Reference Number: 966 Current Date: 10/16/201209:14CST

| Beneficiary | | Beneficiary Bank | |
|---|---|---|---|
| Template Type: | MANIDHARI GUMS & CHEMICALS | | |
| Name: | MANIDHARI GUMS & CHEMICALS | Bank Name: | STATE BANK OF BIKANER & JAIPUR |
| Address 1: | C-11 SHASTRI NAGAR | Address 1: | SWIFT: SBBJINBB019 |
| Address 2: | | Address 2: | ACC NO: 0422235 (UID032877) |
| City: | JODHPUR 342003 | City: | JODHPUR |
| State: | IA | State: | |
| Zip Code: | | Zip Code: | |
| Country: | INDIA | Country: | INDIA |
| Account Name: | MANIDHARI GUMS & CHEMCALS | Unknown: | |
| Account No.: | 61133337360 | | |
| Contact Name: | MANISH CHHAJER | | |
| Phone Number: | (291) 211-3644 | | |
| Fax Number: | | | |
| Email Address: | manidharigums@gmail.com | | |

| Receiving Bank | | Intermediary Bank | |
|---|---|---|---|
| Bank Name: | | Bank Name: | DEUTSCHE BANK TRUST CO. AMERICAS |
| Address 1: | | Address 1: | |
| Address 2: | | Address 2: | |
| City: | | City: | NEW YORK |
| State: | | State: | NY |
| Zip Code: | | Zip Code: | |
| Country: | | Country: | |
| ABA: | | ABA: | 021001033 |

Wire Information

| | | | |
|---|---|---|---|
| Company: | CAREMOLI GUMS USA LLC | Created Date/Time: | 10/16/201209:14CST |
| Account: | 232520-BASIC BUSINESS CKING | Created By: | JEVANS |
| Amount: | USD 127,260.00 | Denied Date/Time: | |
| Value Date: | 10/16/2012 | Denied By: | |
| Company Address 1: | 23959 580TH ST | Approved Date/Time: | |
| Company Address 2: | | Approved By: | |
| Company City: | AMES | Received Date/Time: | |
| Company State: | IA | Processed Date/Time: | |
| Company Zip: | 50010 | | |
| Bank Reference: | | | |
| Fed Reference: | | | |
| FRB Error Category: | | | |
| FRB Error Code: | | | |
| FRB Error Description: | | | |

EXP-004A-2012-13-CM

SWIFT NO:
PIN CODE:

---

Settlement Advice

Date :18/10/2012

To :MANIDHARI GUMS AND CHEMICALS
C-11 SHASTRI NAGAR

Our Bank's inward payment details

Dear Sir,

We have to advise realisation of Export Bill as per details hereunder, towards the payment of Export bill Number 1097512BP0099683

Other Details are as follows:

| | |
|---|---|
| Invoice No 1 | :05 |
| Invoice No 2 | : |
| Applicant Name | :CELERITASCHEMICALS |
| Applicant Address | :USA |
| Drawing Reference Number | :1097512BP0099683 |
| Drawing Number | : |
| LC Number | :005 |
| Presentation Currency | :USD |
| Presentation Amount | :1,108,980.00 |
| Due date | :01/10/2012 |
| Realisation Amount | :127,244.00 |
| Total Realised Amount(LCY) | :71,09,122.00 |
| Value date | :16/10/2012 |
| Net Amount to be settled | :0.00 |
| Late/Early Payment | :15 Days |
| Interest Rate | : |
| Overdue/Refund Interest | :35,059.00 |
| Overdue Interest | :0 |
| Overdue Charges | :0.00 |
| Comm on Excess Realisation | : |
| EEFC Account | : |
| EEFC Amount in Txn CCY | :0.00 |
| EEFC Amount for Conversion | :0.00 |
| Swap charges | :0.00 |
| EEFC Charges(First CCY) | :USD 0.00 |
| EEFC Charges(Other CCY) | : 0.00 |

50% payment received by Celeritas Chemicals for ... [illegible]

Rate Break up Memo Field:
#1. REALS 127244 USD/INR 0 1037511007215

| | |
|---|---|
| Swap Gain | :0.00 |
| Swap Loss | :0.00 |

Yours Sincerely,

Authorised Signatory

PLEASE CONTACT BRANCH FOR eTradeSBI FACILITY-INTERNET ACCESS TO TRADE FINANCE

## Wire Transfer Detail

**Reference Number** 1003

**Status** Approved

### Wire Information

| | | | |
|---|---|---|---|
| Company | CAREMOLI GUMS USA LLC | Created Date/Time | 11/19/2012 13:01CST |
| Account | | Created By | JEVANS |
| Amount | USD 127,260.00 | Denied Date/Time | |
| Value Date | 11/19/2012 | Denied By | |
| Company Address 1 | 23959 580TH ST | Approved Date/Time | |
| Company Address 2 | | Approved By | |
| Company City | AMES | Received Date/Time | |
| Company State | IA | Processed Date/Time | |
| Company Zip | 50010 | | |
| Bank Reference | | | |
| Fed Reference | | | |
| FRB Error Category | | | |
| FRB Error Code | | | |
| FRB Error Description | | | |
| Message to Beneficiary | EXP-004A-2012-13-CM | | |

| Beneficiary | | Beneficiary Bank | |
|---|---|---|---|
| Template Name | MANIDHARI GUMS & CHEMICALS | | |
| Name | MANIDHARI GUMS & CHEMICALS | Bank Name | STATE BANK OF BIKANER & JAIPUR |
| Address 1 | C-11 SHASTRI NAGAR | Address 1 | SWIFT: SBBJINBB019 |
| Address 2 | | Address 2 | ACC NO: 0422235 (UID032877) |
| City | JODHPUR 342003 | City | JODHPUR |
| State | IA | State | |
| Zip Code | | Zip Code | |

| Field | Value |
|---|---|
| MFx Sr No | 10375A005 |
| Deal Date | 20/11/2012 |
| Transaction Type | TP:TT Paid |
| Sale/Purchase Indicator | P:Pur |
| INR Cash Involved | N:No |
| Branch Reference | 10375 12 TP 0000336 |
| Value Date | 19/11/2012 |
| CIF Number | 71123692164 |
| Customer Name | MANIDHARI GUMS |
| Address Line1 | C-11 SHASTRI NAGAR |
| Address Line2 | JODHPUR |
| Other Details | |
| Statement Narrative | TT 1536 |

**Transaction Details:**

| Field | Value |
|---|---|
| Txn Currency | USD UNITED STATES |
| Total Amt | 127244 |

**Conversion:**

| Field | Value |
|---|---|
| FC Conversion Amt | 127244 |
| Exchange Rate | 54.97 |
| INR Equivalent Amt | 6994603 |

**Non Conversion:**

| Field | Value |
|---|---|
| Nonconversion Amt1 | 0 |
| Nonconversion Amt2 | 0 |
| Nostro Bank | BTC |
| R-Return Code | P0103 |

**Cross Currency:**

| Field | Value |
|---|---|
| Second Currency | |
| Cross Curr Amt1 | 0 |
| Cross Curr Rate | 0 |
| Cross Curr Amt2 | 0 |

**Margin:**

| Field | Value |
|---|---|
| Margin Sign Bit | + |
| Margin Amt | 0 |
| Correspondent Ref | 4422235 |
| Customer Account for Charges | 61133337360 |
| Cheque Purchase Account | 0 |

| No | SYS | Dr/Cr | Amt | Acct | Currency | Product |
|---|---|---|---|---|---|---|
| **Conversion Entries:** | | | | | | |
| 1. | DEP | C:Cr | 6994603 | 61133337360 | INR:INDIAN RUPEE | |
| **Nonconversion Entries:** | | | | | | |
| 2. | DEP | C:Cr | 0 | 0 | USD UNITED STATES | 00:NA |
| 3. | DEP | C:Cr | 0 | 0 | USD UNITED STATES | 00:NA |
| **Cross Currency Entries:** | | | | | | |
| 4. | DEP | C:Cr | 0 | 0 | | 00:NA |
| **Commission, Postage and Service Tax Entries:** | | | | | | |
| 5. | GEN | C:Cr | 3500 | 97960103752 | INR:INDIAN RUPEE | |
| 6. | GEN | C:Cr | 100 | 98741103754 | INR:INDIAN RUPEE | |
| 7. | GEN | C:Cr | 1421 | 3197937103758 | INR:INDIAN RUPEE | Service Tax Flag : Y:Yes |

Final payment recieved for Cannot Gums used for 02 container

Out ... payment details

# Export Credit Guarantee Corporation of India Ltd.

## SCHEDULE

Referred to in and forming part of Policy Bond

RUN DATE 28/08/2012
PAGE NO. 1

| | | | |
|---|---|---|---|
| PROPOSAL NO. | 202738 | DATE | 27/08/2012 |
| POLICY NO. | SCR . 0330000583 | DATE | 28/08/2012 |
| IE CODE/RBI CODE | 1311010921 | | |
| NAME & ADDRESS OF THE INSURED | MANIDHARI GUMS & CHEMICALS<br>KHASARA NO. 247/2<br>TANAWADA INDUSTRIAL AREA<br>SALAWAS ROAD<br>JODHPUR 342804<br>Rajasthan | | |
| STATUS OF THE EXPORTER | Other | | |
| MINIMUM PREMIUM PAID BY THE INSURED | Rs. 10,000.00 | | |
| PERIOD OF THE POLICY | From 27/08/2012 | To 31/08/2014 | |
| PERIODS OF DECLARATION OF SHIPMENTS AND DUE DATES FOR THEIR SUBMISSION | **PERIOD**<br>Monthly | **DUE DATE OF SUBMISSION**<br>15th of Next Month | |
| MAXIMUM LIABILITY | IN FIGURES Rs. | 20,00,00,000.00 | |
| | IN WORDS | RUPEES TWENTY CRORES ZERO ONLY | |
| COVER PERCENTAGE | 90 | | |

**ENDORSEMENTS**

At the time of Policy Issue Fresh/Renewal

**TYPE OF ENDORSMENTS** **Cover Type**

During Policy Period

| ENDO. NO. | TYPE OF ENDORSEMENTS | LC COVER | ML EFFECTIVE DATE | LC EFFECTIVE DATE |
|---|---|---|---|---|

| | |
|---|---|
| PREMIUM SCHEDULE APPLICABLE | Standard |
| BANKS NAME & ADDRESS | STATE BANK OF BIKANER & JAIPUR<br>BHAGAT KI KOTHI<br>JODHPUR<br>Rajasthan |

For **Export Credit Guarantee Corporation of India Ltd.**

Signature

Designation आदित्य सिंह, कार्यपालक अधिकारी
ADITYA SINGH, Executive Officer

# Exhibit E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **MANIDHARI GUMS & CHEMICALS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.: 2014-cv-00708** |
| | * | |
| **CELERITAS CHEMICALS, LLC, et al** | * | **JUDGE: TERRY R. MEANS** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF DEPOSITION**

**NOW INTO COURT,** through undersigned counsel, come Plaintiff, Manidhari Gums & Chemicals ("Manidhari"), who will take the deposition of **Mr. Percy Pinto,** for all purposes permitted under the Federal Rules of Civil Procedure before a Notary Public or other officer duly qualified to administer oaths. Pursuant to FRCP Rule 34, please be prepared to produce and discuss the documents and forth in the attached Exhibit "A" and Exhibit "B".

The deposition will be taken on the **6TH day of July, 2015, beginning at 1:00 p.m.,** at THE STANTON LAW FIRM, PC, 4350 Beltway Drive, Addison, Texas 75001, and continuing from day to day, including but not limited to July 8, 2015, until completed, before a person duly authorized to administer oaths.

Respectfully submitted,

BY: ______________________________

PAUL C. MINICLIER, # 24001361
Law Office of Paul C. Miniclier
1305 Dublin Street
New Orleans, Louisiana 70118
Telephone: (504) 864-1276
Fax: (504) 864-1278
E-mail: pcm@minilaw.net
Attorneys for plaintiff, Manidhari Gums & Chemicals

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the United States mail, properly addressed and postage pre-paid and/or via e-mail transmission and/or fax transmission, this 29TH day of June, 2015.

______________________

**EXHIBIT "A"- REQUEST FOR PRODUCTION OF DOCUMENTS**
**DEFINITIONS**

1. Unless otherwise noted, the following definitions apply to this request.

a. "Contracts" refer to the purchase order number PO 277 dated July 12, 2012, purchase order number PO 308 dated July 26, 2012 and purchase order number PO 309 dated July 26, 2012 and any/and all amendments and/or endorsements to the purchase orders which is the subject of this lawsuit.

b. "Mr. Pinto" refers to the defendant, Percy Pinto and any and all representatives, agents, mandataries or persons acting on behalf of Percy Pinto, or at the request of the Defendants, including his attorneys, his staff or agents and his experts.

c. "Celeritas" refers to the Defendant, Celeritas Chemical, LLC. and any and all representatives, agents, mandataries or persons acting on its behalf of Celeritas, or at the request of the Defendants, including its attorneys, its staff or agents and its experts.

d. "Snap" and/or "" refer to the Defendant, Snap Holdings, LLC and any and all representatives, agents, mandataries or persons acting on its behalf of, or at the request of the Defendants, including its attorneys, its staff or agents and its experts.

e. "PrimeNA" refers to Defendant, PrimeNA Technologies, Inc., and any and all of its representatives, agents, mandatories or persons acting on its behalf or at the request of Defendant, including its attorneys, its staff or agents and its experts.

f. "You" and/or "your" refers to PrimeNA Technologies, Inc. and all of its representatives, agents, mandataries or persons acting on behalf of PrimeNA Technologies, Inc., or at the request of the defendants, including its attorneys, its staff or agents and its experts.

g. "Documents" or "all documents" means all documents and tangible things within the scope of the Rules of Civil Procedure, including all non-original, non-conforming, non-identical copies, whether by reason of subsequent modification, notations, deletions or otherwise. This definition includes, without limitation, all accounts, acknowledgments, advertisements, affidavits, agreements, agenda, analyses, annual reports, applications, applications for patents, appointment books, articles, articles of incorporation, assignments, audiocassette tapes, audit reports, balance sheets, bills, bills of lading, bills of sale, books, briefs, brochures, bulletins, business cards, by-laws, calculations, calendars, catalogues, charges, checks, check registers, check stubs, circulars, claim files, client lists, clippings, communications, compact disks, CD-ROM disks, computer tapes, consultant lists, consultant resumes, consultation reports, contracts, conveyances, corporate minutes and minute books, correspondence, cover notes, customer call records, customer lists, data compilations, deeds, deposition transcripts, diagrams, diaries, descriptions, drafts, drawings, e-mails, employment applications, employment records, endorsements, evaluations, expense accounts,

expense reports, files, file wrappers, films, financial statements, forms, formulae, graphs, hearing transcripts, histories, income statements, indices, instructional materials, instructions, insurance policies, insurance records, insurance reports, inventories, invoices, job assignments, job descriptions, journals, ledgers, letters licenses, lists, literature, log books, loose-leaf binders, magazines, mailgrams, manuals, maps, medical files, meetings transcripts, memoranda, messages, microfiche, microfilm, minutes, minute books or reports, models, mortgages, motion pictures, motions and supporting memoranda, news clippings, newsletters, newspapers, notebooks, notes, notices, opinions, order, organizational charts, pamphlets, papers, patents, periodicals, personnel records, phono-records, photographic negatives, photographs, pleadings, pocket calendars, policies, press releases, profit and loss statements, prints, procedures, prototypes, publications, purchase orders, receipts, records, regulations, reports, resumes, Rolodex cards, rules, samples, schedules, searches, security agreements, shipping orders, shop drawings, slides, specifications, statements, statements of account, statements of assets and liabilities, statistics, studies, summaries, surveys, tangible things, tape recordings, tax returns, telefacsimiles, telegrams, telephone bills, telephone lists, telephone logs, telexes, test results, time cards, time sheets, trade letters, transcripts, travel vouchers, treatises, trip reports, underwriting files, videotapes, warranties, work orders, work sheets, wrappers, writings and Zip disks.

h. Electronically Store Information (ESI) means exact copies (i.e. bit by bit) of any and all documents and/or information stored in any and all types of electronic format(s) and/or programs and in any medium(s) or location(s) including, but not limited to, internet based storage (i.e. "cloud" based or off site backups and/or storages), hard drives on any computer and/or server, back-up tapes or other back-up devices, PDA's, cell phones, computer, laptops, or any other device or medium used to store and/or contain ESI information and/or documents.

Should any of the ESI be located and/or stored offsite from your office(s) either by physical and/or remote access, such as internet/"Cloud" based storage and/or backup, you shall provide exact copies (i.e. bit by bit) of any and all documents. Please be advised that the form and/or format of the ESI must be in its native format as done in the usual course of business so that the ESI can be reasonably searched and used as the supporting software and/or program is designed. As such, simply copying the ESI onto a compact disc and/or memory stick will not satisfy this request.

The ESI should be produced in an electronic and native format which is not redacted or modified or restricted or password protected and which includes any and all related metadata. The form of the ESI must be produced as it is used in the usual course of business and organized and/or labeled to correspond to the categories in this discovery request. The form of the ESI should be produced in a usable native form or forms, including but not limited to the ability to conduct searches, data selections, report generation and other generally used formats and/or features, which can be used and/or reviewed by use of commercially available programs or systems. If the ESI's form is maintained on a proprietary system or format, the ESI shall be converted to a non-proprietary format or image file or you shall provide access to the use of the proprietary form or system.

i. "Communication" means any expression of any sort, whether oral, written, visual, or otherwise, and includes but is not limited to documents, as defined herein.

j. "Policy language" means any portion, segment, phrase, section, addendum, endorsement, exhibit, exclusion, paragraph, clause, or word of any insurance policy.

k. "Relates to" or "relating to" means constituting, referring, reflecting, mentioning, evidencing, concerning, pertaining to, summarizing, analyzing, touching upon, or being logically or factually connected in any way with the matter discussed.

l. The terms "and" and "or" shall be construed in the conjunctive or in the disjunctive as necessary to bring within the request's or specification's scope all responses that might otherwise be construed to be outside its scope.

m. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

n. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

o. "Including" shall be construed to include the phrase "without limitation."

p. A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, wherever necessary to bring within the request's or specification's scope of all responses that might otherwise be construed as outside its scope.

q. The use of a verb in any tense shall be construed to be the use of the verb in all other tenses, wherever necessary to bring within the request's or specification's scope all responses that might otherwise be construed as outside its scope.

r. Definitions provided in these Definitions and Instructions apply to any grammatical variant of the terms or phrase defined.

## INSTRUCTIONS

1. Each request is deemed to be a continuing one. In the event that at any later date the party to whom these requests are propounded obtains or discovers any additional information which would either add to or amend its responses to these requests, plaintiff hereby requests that said party supplement his responses hereto promptly.

2. If objection is made to any request propounded below on the grounds that it requests information that falls within the attorney-client privilege, is protected by the work product immunity or for any other reason, please provide the following information as to each objection by way of a written privilege log:

(a) The nature of the privilege or immunity invoked and all bases, both legal and factual, of its invocation.

(b) If a document is involved, identify the specific document(s) and give the date, author, recipient, persons to whom copies were furnished together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted and the request to which such documents respond.

(c) If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person known to defendants to whom the substance of the communication has been disclosed.

(d) To whom the substance of the communication has been disclosed.

3. If you lack information with respect to any request, or any subpart thereof, please respond to the request to the best of your knowledge and belief.

4. The party to whom these requests are propounded shall produce the requested documents for inspection, copying, or photographing as they are kept in the usual course of business, or shall organize and label them to correspond with each and every category outlined in these requests below. If any set of documents are produced "in globo", they must be marked in such a manner os that specific pages can be identified as a response to each category set forth below.

5. The responses herein shall state, with respect to each requested item or document's category, that inspection, copying or photographing will be permitted as requested, unless the request is objected to, in which event the reasons for that objection shall be stated. If objection is made to part of a requested item or document's category, the particular part objected to shall be specified.

6. Each request is to be separately and individually responded to and organized as they are kept in the usual course of business. Any blanket or generalized reference to a group of documents which goes beyond the request will not be acceptable. You should make a reasonable effort to respond to each request.

**DOCUMENTS AND THINGS TO BE PRODUCED**

The following requested documents are based, in part, on previous written discovery. However, the following includes clarifications and specifications of the documents requested to be produced at the deposition.

1. Please produce any and all document regarding your formation and/or incorporation of the corporation and/or LLC including, but not limited to the Articles of Incorporation.

1a. Please produce complete documents, including any and all attachments or references which

are signed and dated.

2. Please produce any and all document regarding your bylaws, shareholder agreements, joint ventures and/or resolutions of the corporation and/or LLC.

3. Please produce any and all of your financial documents and/or financial statements and/or financial records for the last five (5) years.

3a. Please produce any and all ESI of your financial documents and/or financial statements and/or financial records for the last five (5) years stored .

4. Please produce any and all document regarding your state and federal tax returns for the last five (5) years.

4a. Please produce any and all tax returns and/or documents regarding any state and/or county and/or federal tax payments of any kind.

4b. Please produce any and all ESI for documents requested in 4 and 4a.

5. Please produce any and all documents regarding your board of directors and/or shareholders and/or officer meetings for the last five (5) years.

5a. Please produce any and all documents regarding any minute entry and/or resolutions for any/and all board of directors and/or shareholders and/or officer meetings for the last five (5) years, and if referring to previously produced documents, specifically identify the pages and/or documents responsive to this request.

5b. Please produce any and all ESI for documents requested in 5 and 5a.

6. Please produce any and all of your documents regarding any and all suppliers and/or brokers and/or manufacturers you have used and/or obtained material and/or equipment from in the last five (5) years.

6a. Please produce any and all ESI of your documents regarding any and all suppliers and/or brokers and/or manufacturers you have used and/or obtained material and/or equipment from in the last five (5) years.

7. Please produce any and all of your documents regarding any and all customers and/or clients who you have had an agreement with and/or provided services and/or equipment and/or material to for the last five (5) years,; including but not limited to SRK Consultants, Manjit S. Chowdhary, Apex Resources, Smith Oil, Preferred Quality Services, Preferred Chemicals, Victory Oilfield and any others.

7a. Please produce any and all ESI of your documents regarding any and all customers and/or clients who you have had an agreement with and/or provided services and/or equipment and/or material to for the last five (5) years,; including but not limited to SRK Consultants, Manjit S. Chowdhary, Apex Resources, Smith Oil, Preferred Quality Services, Preferred Chemicals, Victory Oilfield and any others.

8. Please produce any and all your documents regarding any and all accounts receivable, past due and/or open invoices and/or income records for the past five (5) years.

8a. Please produce any and all ESI of your documents regarding any and all accounts receivable, past due and/or open invoices and/or income records for the past five (5) years.

9. Please produce any and all documents regarding any and all loans received and/or made by you in the last five (5) years, including but not limited to Percy Pinto, Snap Holdings, LLC and/or Celeritas Chemicals, LLC.

9a. Please produce any and all loan documents, for any and all loans received and/or made by you in the last five (5) years, including but not limited to promissory notes, guaranty, mortgages,

applications for loans, financial disclosures required for loans and any other related loan documents.

9b. Please produce any and all ESI for documents requested in 9 and 9a.

10. Please produce any and all documents regarding any and all lawsuits and/or claims and/or arbitration and/or mediation and/or bankruptcy claims, proceedings or filings against you and/or by you in the last five (5) years; including but not limited to SRK Consultants and/or Manjit S. Chowdhary and /or Apex Resources and/or Smith Oil and/or Preferred Quality Services and/or Preferred Chemicals. These documents should include but are not limited to any and all pleadings and/or court filings, any and all depositions, any and all discovery and the responses by you and/or the opposing party, any and all settlement and/or mediation agreements, any and all correspondence between the parties and/or court and/or mediator, expert reports and other documents related to these matters.

10a. Please produce any and all depositions and ESI versions of depositions and attached exhibits.

10b. Please produce any and all of your discovery responses, along with documents and ESI.

10c. Please produce any and all of your and plaintiffs' experts' reports, attached exhibits and with ESI.

10d. Please produce any and all pleadings, exhibits and ESI.

10e. Please produce all ESI of the documents in the SRK Consultants and/or Manjit S. Chowdhary case requested in 10, 10a, 10b and 10c.

10f. Please produce all ESI of the of the documents requestsed in 10, 10a through 10e.

11. Please produce any and all documents regarding any and all banking and/or financial transactions in any form by you in the last five (5) years; including but not limited to the transfer and/or payments of funds to any individual(s) and/or corporations and/or other corporate entities;

transfers or funds and/or payments to and /or purchases for the benefit of Celeritas and/or Percy Pinto and/or Prime NA Technologies, Inc. and/or any other company and/or corporate entity and/or individual(s).

11a.   Please produce any and all ESI of any and all documents regarding any and all banking and/or financial transactions in any form by you in the last five (5) years; including but not limited to the transfer and/or payments of funds to any individual(s) and/or corporations and/or other corporate entities; transfers or funds and/or payments to and/or purchases for the benefit of Snap Holdings, LLC and/or Percy Pinto and/or Celeritas Chemicals, LLC and/or any other company and/or corporate entity and/or individual(s).

12.   Please produce any and all documents regarding any and all contracts you have agreed to in the last five (5) years.

12a.   Please produce any and all ESI of any and all documents regarding any and all contracts you have agreed to in the last five (5) years.

13.   Please produce any and all documents regarding any and all capital contributions you have made and/or received in the last five (5) years.

13a.   Please produce any and all ESI of any and all documents regarding any and all capital contributions you have made and/or received in the last five (5) years.

14.   Please produce any and all documents sent to and/or received from Manidhari.

14a.   Please produce any and all ESI of any and all documents sent to and/or received from Manidhari.

15.   Please produce any and all documents provided to your tax preparer for the last five (5) years.

15a. Please produce any and all ESI of any and all documents provided to your tax preparer for the last five (5) years.

16. Please produce any and all documents regarding your payment of wages, benefits, distributions, taxes, and/or bonuses to any and all employees and/or officers and/or directors and/or shareholders and/or others for the last five (5) years.

16a. Please produce any and all ESI of any and all documents regarding your payment of wages, benefits, distributions, taxes, and/or bonuses to any and all employees and/or officers and/or directors and/or shareholders and/or others for the last five (5) years.

17. Please produce any and all documents regarding your payment and/or distribution of any funds and/or dividends and/or any other form of compensation to any and all joint venturers, shareholders, officers and/or directors and/or others in the last five (5) years.

17a. Please produce any and all ESI of any and all documents regarding your payment and/or distribution of any funds and/or dividends and/or any other form of compensation to any and all joint venturers, shareholders, officers and/or directors and/or others in the last five (5) years.

18. Please produce any and all of your documents sent to and/or received from Percy Pinto in the last five (5) years.

18a. Please produce any and all ESI of any and all of your documents sent to and/or received from Percy Pinto in the last five (5) years.

19. Please produce any and all of your documents sent to and/or received from Celeritas Chemicals, LLC and/or its related companies in the last five (5) years.

19a. Please produce any and all ESI of any and all of your documents sent to and/or received from Celeritas Chemicals, LLC and/or its related companies in the last five (5) years.

20. Please produce any and all of your documents sent to and/or received from PrimeNA and/or its related companies in the last five (5) years.

20a. Please produce any and all ESI of any and all of your documents sent to and/or received from PrimeNA and/or its related companies in the last five (5) years.

21. Please produce any and all documents regarding your office locations for the last five (5) years.

21a. Please produce any and all ESI of any and all documents regarding your office locations for the last five (5) years.

22. Please produce any and all documents regarding the loan of any of your funds and/or compensation to individuals and/or other corporate entities for the last five (5) years.

22a. Please produce any and all ESI of any and all documents regarding the loan of any of your funds and/or compensation to individuals and/or other corporate entities for the last five (5) years.

23. Please produce any and all documents regarding the receipt of any loans and/or funds and/or compensation from any individual and/or other corporate entities for the last five (5) years.

23a. Please produce any and all ESI of any and all documents regarding the receipt of any loans and/or funds and/or compensation from any individual and/or other corporate entities for the last five (5) years.

24. Please produce any and all documents regarding the administration of your company and/or any other corporate entity owned, in whole or part, by any of your shareholders and/or officers and/or directors for the last five (5) years.

24a. Please produce any and all ESI of any and all documents regarding the administration of your company and/or any other corporate entity owned, in whole or part, by any of your shareholders

and/or officers and/or directors for the last five (5) years.

25. In regard to the affirmative defenses set forth in your answer to the amended complaint in this action, please produce each and every document regarding these defenses, including, but not limited to documents which your contend support the defense or which may undermine or negate this defense.

25a. If you contend that the documents were previously produced, please specifically identify and produce each and every page and/or documents which respond to each affirmative defense set forth in your answer including, 1. quasi estoppel; 2. promissory estoppel; 3. waiver; and 4. release

25b. Please produce any and all ESI of each and every document regarding these defenses, including, but not limited to documents which your contend support the defense or which may undermine or negate this defense.

26. In regard to your claim and/or defense that plaintiff agreed to waive and/or not pursue any deficiency judgment against you, please produce any and all documents regarding this claim and/or defense including, but not limited to, contract modification, emails and/or other correspondence which you contend support this claim, documents which demonstrate any marketing effort by you including phone research, correspondence and/or other documents.

26a. If you contend that the documents were previously produced, please specifically identify and produce each and every page and/or document which support this claim and/or defense.

26b. In regard to your response and supplemental response to Request for Production No. 25 and answer and supplemental answer to Interrogatory No. 2, please specify the exact page(s) and/or documents(s), produce the following documents and ESI:

1. Any and all documents and ESI where plaintiff sought assistance from you and/or Celeritas in marketing the guar at issue.

2. Any and all documents and ESI where plaintiff received your and/or Celeritas' assistance in marketing the guar at issue.

3. Any and all documents and ESI where plaintiff communicated to you and/or Celeritas that plaintiff would not seek to recover any deficiency against Celeritas or you.

4. Any and all documents and ESI where plaintiff communicated it would any "loss" through profits on future sale of guar by plaintiff to you and/or Celeritas.

5. Any and all documents and ESI where plaintiff sought the active assistance in marketing and sale of the guar, including, but not limited to, the seven (7) containers subject to purchase order 308. Theses documents and ESI should include any and all documents to and/or from the buyers and/or potential buyers including e-mails, letters, invoices, purchase orders and their related documents and ESI.

6. Any and all documents and ESI where plaintiff promised Celeritas that it would not seek a deficiency claim if Celeritas would actively assist in the marketing and the sale of the guar.

7. Any and all documents and ESI which show the interest by plaintiff to have Celeritas rely on the promise not to seek a deficiency claim and/or that it was reasonable foreseeable that Celeritas would rely on that promise.

8. Any and all documents and ESI which show that any reliance by Celeritas on the alleged promise by plaintiff to seek a deficiency claim was detrimental to Celeritas.

26c. Please produce any and all ESI for the documents requested in 25a and 25b.

27. For the time frame of January 1, 2012 until December 31, 2012, please provide any and all documents concerning any shipments of material, including but not limited to guar gum, you ordered and/or contracted for including, but not limited to, invoices, purchase orders, bills of lading, correspondence related to the shipments, payment records for the shipments, documents regarding the rejection and/or refused to pay for any of these shipments, documents regarding your clients' and/or end user's acceptance and/or rejection of all or a portion of the shipments.

27a. Please produce any and all ESI of any and all documents concerning any shipments of material, including but not limited to guar gum, you ordered and/or contracted for including, but not limited to, invoices, purchase orders, bills of lading, correspondence related to the shipments, payment records for the shipments, documents regarding the rejection and/or refused to pay for any of these shipments, documents regarding your clients' and/or end user's acceptance and/or rejection of all or a portion of the shipments for the time frame of January 1, 2012 until December 31, 2012.

28. For the shipments in your response to Request for Production No. 27, please provide any and all documents sent to and/or received from your customers and/or clients and/or end-suers regarding any rejected shipments or portions of shipments including, but not limited to, any claim and/or lawsuits and/or demand letters and/or invoices and/or past due notices and/or other documents.

28a. Please produce any and all ESI for the shipments in your response to Request for Production No. 27, please provide any and all documents sent to and/or received from your customers and/or clients and/or end-suers regarding any rejected shipments or portions of shipments including, but not limited to, any claim and/or lawsuits and/or demand letters and/or invoices and/or past due notices and/or other documents.

29. For the shipments in your Response to Request for Production Nos. 27 and 28, please provide

any and all documents which provide any support and/or explanation as to why you did not seek to recover the monies owed by your customers and/or clients and/or end users.

29a. Please produce any and all ESI for the shipments in your Response to Request for Production Nos. 27 and 28, please provide any and all documents which provide any support and/or explanation as to why you did not seek to recover the monies owed by your customers and/or clients and/or end users.

30. For the shipments in your Response to Request for Production Nos. 27, 28 and 29, please provide any and all documents regarding any advance payments made on the shipments and the source of funding for these shipments.

30a. Please produce any and all ESI for the shipments in your Response to Request for Production Nos. 27, 28 and 29, please provide any and all documents regarding any advance payments made on the shipments and the source of funding for these shipments.

31. For the shipments in your responses to Requests for Production No. 27, 28, 29 and 30, please provide any and all documents regarding the funds and/or monies owed by you on these shipments.

31a. Please produce any and all ESI for the shipments in your responses to Requests for Production No. 27, 28, 29 and 30 regarding the funds and/or monies owed by you on these shipments

32. For the monies and/or funds paid out of and/or transferred out of your accounts, please produce any and all documents which reflect and/ore demonstrate whether you received anything of value in exchange, including but not limited to goods, services, like kind exchange, or ownership interest in movable and/or immovable property.

32a. Please produce any and all ESI for the monies and/or funds paid out of and/or transferred out of your accounts which reflect and/or demonstrate whether you received anything of value in

exchange, including but not limited to goods, services, like kind exchange, or ownership interest in movable and/or immovable property.

33. With regard to any transfer and/or payment of funds from your account in 2012 and 2013, please provide any and all documents which would reflect and/or demonstrate your financial solvency.

33a. Please produce any and all ESI with regard to any and/or payments of funds from your account in 2012 and 2013 which would reflect and/or demonstrate your financial solvency.

34. With regard to any transfer and/or payment of funds from your account in 2012 and 2013, please provide any and all documents which would reflect and/or demonstrate whether you retained possession or control of the property and/or funds that were transferred.

34a. Please produce any and all ESI with regard to any transfer and/or payment of funds from your account in 2012 and 2013, please provide any and all documents which would reflect and/or demonstrate whether you retained possession or control of the property and/or funds that were transferred.

35. With regard to any transfer and/or payment of funds from your account in 2012 and 2013, please provide any and all documents which would reflect and/or demonstrate whether you and/or others, individuals and/or corporate entities, used all or a portion of those funds to acquire and operate PrimeNA Technologies. Inc.

35a. Please produce any and all ESI with regard to any transfer and/or payment of funds from your account in 2012 and 2013, please provide any and all documents which would reflect and/or demonstrate whether you and/or others, individuals and/or corporate entities, used all or a portion of those funds to acquire and operate PrimeNA Technologies. Inc.

36. With regard to any transfer and/or payment of funds from your account in 2012 and 2013, please provide any and all documents which would reflect and/or demonstrate whether you and/or others, individuals and/or corporate entities, used all or a portion of those funds to purchase any movable and/ore immovable property.

36a. Please produce any and all ESI with regard to any transfer and/or payment of funds from your account in 2012 and 2013, please provide any and all documents which would reflect and/or demonstrate whether you and/or others, individuals and/or corporate entities, used all or a portion of those funds to purchase any movable and/ore immovable property.

37. Please produce any and all exhibits you may introduce at trial and/or attach to any motion.

37a. Please produce any and all ESI of any and all exhibits you may introduce at trial and/or attach to any motion.

**EXHIBIT "B"- INTERROGATORIES**
**DEFINITIONS**

1. Unless otherwise noted, the following definitions apply to this request.

a. "Contracts" refer to the purchase order number PO 277 dated July 12, 2012, purchase order number PO 308 dated July 26, 2012 and purchase order number PO 309 dated July 26, 2012 and any/and all amendments and/or endorsements to the purchase orders which is the subject of this lawsuit.

b. "Mr. Pinto" refers to the defendant, Percy Pinto and any and all representatives, agents, mandataries or persons acting on behalf of Percy Pinto, or at the request of the Defendants, including his attorneys, his staff or agents and his experts.

c. "Celeritas" refers to the Defendant, Celeritas Chemical, LLC. and any and all representatives, agents, mandataries or persons acting on its behalf of Celeritas, or at the request of the Defendants, including its attorneys, its staff or agents and its experts.

d. "PrimeNA" and/or "PrimeNA Technologies" refer to the Defendant, PrimeNA Technologies, Inc. and any and all representatives, agents, mandataries or persons acting on its behalf of, or at the request of the Defendants, including its attorneys, its staff or agents and its experts.

e. "Snap Holdings" refers to Defendant, Snap Holdings, LLC and any and all of its representatives, agents, mandatories or persons acting on its behalf or at the request of Defendant, including its attorneys, its staff or agents and its experts.

f. "You" and/or "your" refers to PrimeNA Technologies, Inc. and all of its representatives, agents, mandataries or persons acting on behalf of PrimeNA Technologies, Inc. or at the request of the defendants, including its attorneys, its staff or agents and its experts.

g. "Documents" or "all documents" means all documents and tangible things within the scope of the Rules of Civil Procedure, including all non-original, non-conforming, non-identical copies, whether by reason of subsequent modification, notations, deletions or otherwise. This definition includes, without limitation, all accounts, acknowledgments, advertisements, affidavits, agreements, agenda, analyses, annual reports, applications, applications for patents, appointment books, articles, articles of incorporation, assignments, audiocassette tapes, audit reports, balance sheets, bills, bills of lading, bills of sale, books, briefs, brochures, bulletins, business cards, by-laws, calculations, calendars, catalogues, charges, checks, check registers, check stubs, circulars, claim files, client lists, clippings, communications, compact disks, CD-ROM disks, computer tapes, consultant lists, consultant resumes, consultation reports, contracts, conveyances, corporate minutes and minute books, correspondence, cover notes, customer call records, customer lists, data compilations, deeds, deposition transcripts, diagrams, diaries, descriptions, drafts, drawings, e-mails, employment applications, employment records, endorsements, evaluations, expense accounts,

expense reports, files, file wrappers, films, financial statements, forms, formulae, graphs, hearing transcripts, histories, income statements, indices, instructional materials, instructions, insurance policies, insurance records, insurance reports, inventories, invoices, job assignments, job descriptions, journals, ledgers, letters licenses, lists, literature, log books, loose-leaf binders, magazines, mailgrams, manuals, maps, medical files, meetings transcripts, memoranda, messages, microfiche, microfilm, minutes, minute books or reports, models, mortgages, motion pictures, motions and supporting memoranda, news clippings, newsletters, newspapers, notebooks, notes, notices, opinions, order, organizational charts, pamphlets, papers, patents, periodicals, personnel records, phono-records, photographic negatives, photographs, pleadings, pocket calendars, policies, press releases, profit and loss statements, prints, procedures, prototypes, publications, purchase orders, receipts, records, regulations, reports, resumes, Rolodex cards, rules, samples, schedules, searches, security agreements, shipping orders, shop drawings, slides, specifications, statements, statements of account, statements of assets and liabilities, statistics, studies, summaries, surveys, tangible things, tape recordings, tax returns, telefacsimiles, telegrams, telephone bills, telephone lists, telephone logs, telexes, test results, time cards, time sheets, trade letters, transcripts, travel vouchers, treatises, trip reports, underwriting files, videotapes, warranties, work orders, work sheets, wrappers, writings and Zip disks.

      h.     Electronically Store Information (ESI) means exact copies (i.e. bit by bit) of any and all documents and/or information stored in any and all types of electronic format(s) and/or programs and in any medium(s) or location(s) including, but not limited to, internet based storage (i.e. "cloud" based or off site backups and/or storages), hard drives on any computer and/or server, back-up tapes or other back-up devices, PDA's, cell phones, computer, laptops, or any other device or medium used to store and/or contain ESI information and/or documents.

      Should any of the ESI be located and/or stored offsite from your office(s) either by physical and/or remote access, such as internet/"Cloud" based storage and/or backup, you shall provide exact copies (i.e. bit by bit) of any and all documents. Please be advised that the form and/or format of the ESI must be in its native format as done in the usual course of business so that the ESI can be reasonably searched and used as the supporting software and/or program is designed. As such, simply copying the ESI onto a compact disc and/or memory stick will not satisfy this request.

      The ESI should be produced in an electronic and native format which is not redacted or modified or restricted or password protected and which includes any and all related metadata. The form of the ESI must be produced as it is used in the usual course of business and organized and/or labeled to correspond to the categories in this discovery request. The form of the ESI should be produced in a usable native form or forms, including but not limited to the ability to conduct searches, data selections, report generation and other generally used formats and/or features, which can be used and/or reviewed by use of commercially available programs or systems. If the ESI's form is maintained on a proprietary system or format, the ESI shall be converted to a non-proprietary format or image file or you shall provide access to the use of the proprietary form or system.

      i.     "Communication" means any expression of any sort, whether oral, written, visual, or otherwise, and includes but is not limited to documents, as defined herein.

j. "Policy language" means any portion, segment, phrase, section, addendum, endorsement, exhibit, exclusion, paragraph, clause, or word of any insurance policy.

k. "Relates to" or "relating to" means constituting, referring, reflecting, mentioning, evidencing, concerning, pertaining to, summarizing, analyzing, touching upon, or being logically or factually connected in any way with the matter discussed.

l. The terms "and" and "or" shall be construed in the conjunctive or in the disjunctive as necessary to bring within the request's or specification's scope all responses that might otherwise be construed to be outside its scope.

m. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

n. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

o. "Including" shall be construed to include the phrase "without limitation."

p. A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, wherever necessary to bring within the request's or specification's scope of all responses that might otherwise be construed as outside its scope.

q. The use of a verb in any tense shall be construed to be the use of the verb in all other tenses, wherever necessary to bring within the request's or specification's scope all responses that might otherwise be construed as outside its scope.

r. Definitions provided in these Definitions and Instructions apply to any grammatical variant of the terms or phrase defined.

## INSTRUCTIONS

1. Each request is deemed to be a continuing one. In the event that at any later date the party to whom these requests are propounded obtains or discovers any additional information which would either add to or amend its responses to these requests, plaintiff hereby requests that said party supplement his responses hereto promptly.

2. If objection is made to any request propounded below on the grounds that it requests information that falls within the attorney-client privilege, is protected by the work product immunity or for any other reason, please provide the following information as to each objection by way of a written privilege log:

(a) The nature of the privilege or immunity invoked and all bases, both legal and factual, of its invocation.

(b) If a document is involved, identify the specific document(s) and give the date, author, recipient, persons to whom copies were furnished together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted and the request to which such documents respond.

(c) If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person known to defendants to whom the substance of the communication has been disclosed.

(d) To whom the substance of the communication has been disclosed.

3. If you lack information with respect to any request, or any subpart thereof, please respond to the request to the best of your knowledge and belief.

4. The party to whom these requests are propounded shall produce the requested documents for inspection, copying, or photographing as they are kept in the usual course of business, or shall organize and label them to correspond with each and every category outlined in these requests below. If any set of documents are produced "in globo", they must be marked in such a manner os that specific pages can be identified as a response to each category set forth below.

5. The responses herein shall state, with respect to each requested item or document's category, that inspection, copying or photographing will be permitted as requested, unless the request is objected to, in which event the reasons for that objection shall be stated. If objection is made to part of a requested item or document's category, the particular part objected to shall be specified.

6. Each request is to be separately and individually responded to and organized as they are kept in the usual course of business. Any blanket or generalized reference to a group of documents which goes beyond the request will not be acceptable. You should make a reasonable effort to respond to each request.

## INTERROGATORIES

The following requested documents are based, in part, on previous written discovery. However, the following includes clarifications and specifications of the documents requested to be produced at the deposition.

1. Please provide the names, last known mailing addresses, e-mail addresses and telephone numbers of any and all past and present officers, directors, managers, members, shareholders, partners, joint venturers and/or employees of Celeritas.

1a. Please produce any and all of your ESI of the names, last known mailing addresses, e-mail addresses and telephone numbers of any and all past and present officers, directors, managers, members, shareholders, partners, joint venturers and/or employees of Celeritas.

2. Please describe in general and specific detail each and every fact(s) and /or document(s) and identify any witness(es) which you contend supports any of the affirmative defenses raised in your answer to the complaint, as amended at any time, including but not limited to the claims or defense of quasi estoppel and/or promissory estoppel and/or waiver.

2a. Please produce any and all of your ESI of general and specific detail each and every fact(s) and /or document(s) and identify any witness(es) which you contend supports any of the affirmative defenses raised in your answer to the complaint, as amended at any time, including but not limited to the claims or defense of quasi estoppel and/or promissory estoppel and/or waiver.

2b. If you content that any documents produced to date respond to this request, please specifically identify each and every page(s) and documents.

2c. In regard to your response and supplemental response to Request for Production No. 25 and answer and supplemental answer to Interrogatory No. 2, please specify the exact page(s) and/or documents(s), produce the following documents and ESI:

1. Any and all documents and ESI where plaintiff sought assistance from you and/or Celeritas in marketing the guar at issue.

2. Any and all documents and ESI where plaintiff received your and/or Celeritas' assistance in marketing the guar at issue.

3. Any and all documents and ESI where plaintiff communicated to you and/or Celeritas that plaintiff would not seek to recover any deficiency against Celeritas or you.

4. Any and all documents and ESI where plaintiff communicated it would any "loss" through profits on future sale of guar by plaintiff to you and/or Celeritas.

5. Any and all documents and ESI where plaintiff sought the active assistance in marketing and sale of the guar, including, but not limited to, the seven (7) containers subject to purchase order 308. Theses documents and ESI should include any and all documents to and/or from the buyers and/or potential buyers including e-mails, letters, invoices, purchase orders and their related documents and ESI.

6. Any and all documents and ESI where plaintiff promised Celeritas that it would not seek a deficiency claim if Celeritas would actively assist in the marketing and the sale of the guar.

7. Any and all documents and ESI which show the interest by plaintiff to have Celeritas rely on the promise not to seek a deficiency claim and/or that it was reasonable foreseeable that Celeritas would rely on that promise.

8. Any and all documents and ESI which show that any reliance by Celeritas on the alleged promise by plaintiff to seek a deficiency claim was detrimental to Celeritas.

3. Please provide the names of any and all contacts, mailing addresses, e-mail addresses and telephone numbers for any and all of your customers and/or clients and/or vendors and/or suppliers and/or brokers and/or end users of materials and/or services of Celeritas for the last five (5) years.

3a. Please produce any and all of your ESI of the names of any and all contacts, mailing addresses, e-mail addresses and telephone numbers for any and all of your customers and/or clients and/or vendors and/or suppliers and/or brokers and/or end users of materials and/or services of Celeritas for the last five (5) years.

4. Please describe in general and specific detail(s) each and every fact(s) and/or document(s) and identify any witness(es) which concerns your claim that Manidhari agreed to not to pursue a claim and/or deficiency judgment(s) against you in exchange for you marketing and/or assisting in the marketing and/or selling of the guar gum at issue.

4a. Please produce any and all of your ESI of general and specific detail(s) each and every fact(s) and/or document(s) and identify any witness(es) which concerns your claim that Manidhari agreed to not to pursue a claim and/or deficiency judgment(s) against you in exchange for you marketing and/or assisting in the marketing and/or selling of the guar gum at issue.

4b. If you content that any documents produced to date respond to this request, please specifically identify each and every page(s) and documents.

5. Please describe in general and specific detail each and every fact(s) and/or document(s) and identify any witness(es) which concern your marketing and/or assisting in the marketing of the guar gum at issue; including, but not limited to the date and the time of the marketing, who performed the marketing, who you contacted in this marketing effort, whether any of your marketing was successful, the amount of time you spent marketing, the cost you incurred in marketing, whether you were also marketing guar gum or other material not owned by Manidihari.

5a. Please produce any and all of your ESI of general and specific detail(s) each and every fact(s) and/or document(s) and identify any witness(es) which concern your marketing and/or assisting in the marketing of the guar gum at issue; including, but not limited to the date and the time of the marketing, who performed the marketing, who you contacted in this marketing effort, whether any of your marketing was successful, the amount of time you spent marketing, the cost you incurred in marketing, whether you were also marketing guar gum or other material not owned by Manidihari,

5b. If you content that any documents produced to date respond to this request, please specifically identify each and every page(s) and documents.

6. Please describe in general and specific detail each and every fact(s) and/or document(s) ) and identify any witness(es) in regard to any and all disputes and/or claims and/or lawsuits and/or arbitrations and/or mediation(s) between you and any customer, client, supplier, vendor, end user in the last five years, including the lawsuits by SLK Consultants and/or Apex Resources, and/or any other individual and/or corporate entity.

6a. Please produce any and all of your ESI of general and specific detail each and every fact(s) and/or document(s) and identify any witness(es) in regard to any and all disputes and/or claims and/or lawsuits and/or arbitrations and/or mediations between you and any customer, client, supplier, vendor, end user in the last five years, including the lawsuits by SLK Consultants and/or Apex Resources, and/or any other individual and/or corporate entity.

6b. Please produce and and all documents and ESI, including but not limited to correspondences, e-mails, pleadings, releases or settlement agreements, arbitration documents and mediation position papers for all disputes, claims, lawsuits, mediation and arbitrations, including SRK Consultants, Apex Resources, Smith Oil, Greenfield Energy and other individuals and/or corporate entities.

7. Please describe in general and specific detail each and every fact(s) and/or document(s) ) and identify any witness(es) in regard to any and all payments, transfer of funds, distribution of profits issuance of shares or other ownership interests and/or bonuses, and/or dividends by you to any other company, person and/or corporate entity, including but not limited to Percy Pinto, Celeritas, Prime NA Technologies and/or any other corporate entity or individual.

7a. Please produce any and all of your ESI of general and specific detail each and every fact(s)

and/or document(s) ) and identify any witness(es) in regard to any and all payments, transfer of funds, distribution of profits issuance of shares or other ownership interests and/or bonuses, and/or dividends by you to any other company, person and/or corporate entity, including but not limited to Percy Pinto, Celeritas, Prime NA Technologies and/or any other corporate entity or individual.

8.    Please describe in general and specific detail each and every fact(s) and/or document(s) ) and identify any witness(es) in regard any and all monies and/or funds and/or debts, both disputed and undisputed, owed by you to any individual and/or corporate entities for the last five(5) years.

8a.    Please produce any and all of your ESI of general and specific detail each and every fact(s) and/or document(s) ) and identify any witness(es) in regard any and all monies and/or funds and/or debts, both disputed and undisputed, owed by you to any individual and/or corporate entities for the last five(5) years.

9.    Please describe in general and specific detail each and every fact(s) and/or document(s) and identify any witness(es) in regard any and all monies and/or funds and/or debts, both disputed and undisputed, owed to you to any individual and/or corporate entities for the last five(5) years.

9a.    Please produce any and all of your ESI of general and specific detail each and every fact(s) and/or document(s) and identify any witness(es) in regard any and all monies and/or funds and/or debts, both disputed and undisputed, owed to you to any individual and/or corporate entities for the last five(5) years.

10.    Please identify by name of bank(s) or financial institution(s), address and account numbers any and all of your bank accounts and/or financial accounts of any type; including but not limited to checking accounts, savings accounts, trust accounts, stock accounts, investment accounts and/or retirement accounts.

10a.     Please produce any and all of your ESI of name of bank(s) or financial institution(s), address and account numbers any and all of your bank accounts and/or financial accounts of any type; including but not limited to checking accounts, savings accounts, trust accounts, stock accounts, investment accounts and/or retirement accounts.

11.     Please describe in general and specific details each and every fact(s) and/or document(s) and identify any witness(es) in regards to your pricing standards, expense ratios, margins, and markups for your goods and services.

11a.     Please produce any and all of your ESI of general and specific details each and every fact(s) and/or document(s) and identify any witness(es) in regards to your pricing standards, expense ratios, margins, and markups for your goods and services.

12.     Please describe in general and specific detail each and every fact(s), theory(ies) and/or documents for any and all explanations and/or reasons and/or excuses for not paying for the guar gum at issue.

12a.     Please produce any and all of your ESI of general and specific detail each and every fact(s), theory(ies) and/or documents for any and all explanations and/or reasons and/or excuses for not paying for the guar gum at issue.

13.     In regard to your answer to interrogatory no. 12, please describe in general and specific detail each and every fact(s) and/or documents for any and all explanations and/or reasons for not pursuing and/or making a claim and/or filing a lawsuit against the clients and/or customers who placed the order and/or contracted to purchase the guar gum at issue.

13a.     Please produce any and all of your ESI regarding your answer to interrogatory no. 12, please describe in general and specific detail  each and every fact(s) and/or documents for any and all

explanations and/or reasons for not pursuing and/or making a claim and/or filing a lawsuit against the clients and/or customers who placed the order and/or contracted to purchase the guar gum at issue.

14.     If you content that your company should not have its corporate veil pierced and, as such, treated an alter ego with Percy Pinto, Prime Na Technologies, Celeritas and/or other corporate entities or individuals, please describe in general and specific detail each and every fact(s), and/or document(s) and identify any witness which you contend support your claims and/or defenses to this issue(s).

14a.     Please produce any and all of your ESI of your contention that your company should not have its corporate veil pierced and, as such, treated an alter ego with Percy Pinto, Prime Na Technologies, Celeritas and/or other corporate entities or individuals, please describe in general and specific detail each and every fact(s), and/or document(s) and identify any witness which you contend support your claims and/or defenses to this issue(s).

15.     Please identify each and every document(s) and/or witness (es)you may use and/or call at the trial of this matter and/or use and/or rely on in any motion filed in this matter.

15a.     Please produce any and all of your ESI of each and every document(s) and/or witness (es)you may use and/or call at the trial of this matter and/or use and/or rely on in any motion filed in this matter.

# Exhibit F

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **MANIDHARI GUMS & CHEMICALS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.: 2014-cv-00708** |
| | * | |
| **CELERITAS CHEMICALS, LLC, et al** | * | **JUDGE: TERRY R. MEANS** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF DEPOSITION

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Manidhari Gums & Chemicals ("Manidhari"), who will take the deposition of **Mr. Percy Pinto,** for all purposes permitted under the Federal Rules of Civil Procedure before a Notary Public or other officer duly qualified to administer oaths. Pursuant to FRCP Rule 34, please be prepared to produce and discuss the documents and  forth in the attached Exhibit "A", Exhibit "B" and Exhibit "C".

The deposition will be taken on the **11th day of November, 2015, beginning at 9:30 a.m.,** at THE STANTON LAW FIRM, PC, 9400 North Central Expressway, Suite 1304, Dallas, Texas 75231, and continuing from day to day, including but not limited to November 11, 2015, until completed, before a person duly authorized to administer oaths.

Respectfully submitted,

BY: /s/ Paul C. Miniclier
PAUL C. MINICLIER, ESQ. (Texas Bar # 24001361)
Law Office of Paul C. Miniclier
1305 Dublin Street
New Orleans, Louisiana 70118
Telephone: (504) 864-1276
Fax: (504) 864-1278
E-mail: pcm@minilaw.net
Attorneys for plaintiff, Manidhari Gums & Chemicals

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via fax transmission, and/or via e-mail, and/or via hand delivery and/or by placing same in the United States mail, properly addressed and postage pre-paid and/or via e-mail transmission and/or fax transmission, this 30th day of October, 2015.

/s/ Paul C. Miniclier

**EXHIBIT "A"**

Please be prepared to discuss the following documents and produce them.

**DEFINITIONS**

1. Unless otherwise noted, the following definitions apply to this request.

a. "Contracts" refer to the purchase order number PO 277 dated July 12, 2012, purchase order number PO 308 dated July 26, 2012 and purchase order number PO 309 dated July 26, 2012 and any/and all amendments and/or endorsements to the purchase orders which is the subject of this lawsuit.

b. "Mr. Pinto" refers to the defendant, Percy Pinto and any and all representatives, agents, mandataries or persons acting on behalf of Percy Pinto, or at the request of the defendant, including his attorneys, his staff, his agents and his experts.

c. "Celeritas" refers to the defendant, Celeritas Chemical, LLC, and any and all representatives, agents, mandataries or persons acting on behalf of Celeritas Chemicals, LLC, or at the request of the defendant, including its attorneys, its staff, its agents and its experts.

d. "Snap" and/or "Snap Holdings" refer to the defendant, Snap Holdings, LLC and any and all representatives, agents, mandataries or persons acting on behalf of Snap Holdings, LLC, or at the request of the defendant, including its attorneys, its staff, its agents and its experts.

e. "PrimeNA" refers to defendant, PrimeNA Technologies, Inc., and any and all of its representatives, agents, mandatories or persons acting on behalf of PrimeNA Technologies, Inc., or at the request of the defendant, including its attorneys, its staff , its agents and its experts.

f. "You" and/or "your" refers to Percy Pinto and all of your representatives, agents, mandataries or persons acting on behalf of Percy Pinto, or at the request of the defendant, including your attorneys, your staff, your agents and your experts.

g. "Documents" or "all documents" means all documents and tangible things within the scope of the Rules of Civil Procedure, including all non-original, non-conforming, non-identical copies, whether by reason of subsequent modification, notations, deletions or otherwise. This definition includes, without limitation, all accounts, acknowledgments, advertisements, affidavits, agreements, agenda, analyses, annual reports, applications, applications for patents, appointment books, articles, articles of incorporation, assignments, audiocassette tapes, audit reports, balance sheets, bills, bills of lading, bills of sale, books, briefs, brochures, bulletins, business cards, by-laws, calculations, calendars, catalogues, charges, checks, check registers, check stubs, circulars, claim files, client lists, clippings, communications, compact disks, CD-ROM disks, computer tapes, consultant lists, consultant resumes, consultation reports, contracts, conveyances, corporate minutes and minute books, correspondence, cover notes, customer call records, customer lists, data

compilations, deeds, deposition transcripts, diagrams, diaries, descriptions, drafts, drawings, e-mails, employment applications, employment records, endorsements, evaluations, expense accounts, expense reports, files, file wrappers, films, financial statements, forms, formulae, graphs, hearing transcripts, histories, income statements, indices, instructional materials, instructions, insurance policies, insurance records, insurance reports, inventories, invoices, job assignments, job descriptions, journals, ledgers, letters licenses, lists, literature, log books, loose-leaf binders, magazines, mailgrams, manuals, maps, medical files, meetings transcripts, memoranda, messages, microfiche, microfilm, minutes, minute books or reports, models, mortgages, motion pictures, motions and supporting memoranda, news clippings, newsletters, newspapers, notebooks, notes, notices, opinions, order, organizational charts, pamphlets, papers, patents, periodicals, personnel records, phono-records, photographic negatives, photographs, pleadings, pocket calendars, policies, press releases, profit and loss statements, prints, procedures, prototypes, publications, purchase orders, receipts, records, regulations, reports, resumes, Rolodex cards, rules, samples, schedules, searches, security agreements, shipping orders, shop drawings, slides, specifications, statements, statements of account, statements of assets and liabilities, statistics, studies, summaries, surveys, tangible things, tape recordings, tax returns, telefacsimiles, telegrams, telephone bills, telephone lists, telephone logs, telexes, test results, time cards, time sheets, trade letters, transcripts, travel vouchers, treatises, trip reports, underwriting files, videotapes, warranties, work orders, work sheets, wrappers, writings and Zip disks.

h.      Electronically Store Information (ESI) means exact copies (i.e. bit by bit) of any and all documents and/or information stored in any and all types of electronic format(s) and/or programs and in any medium(s) or location(s) including, but not limited to, internet based storage (i.e. "cloud" based or off site backups and/or storages), hard drives on any computer and/or server, back-up tapes or other back-up devices, PDA's, cell phones, computer, laptops, or any other device or medium used to store and/or contain ESI information and/or documents.

Should any of the ESI be located and/or stored offsite from your office(s) either by physical and/or remote access, such as internet/"Cloud" based storage and/or backup, you shall provide exact copies (i.e. bit by bit) of any and all documents. Please be advised that the form and/or format of the ESI must be in its native format as done in the usual course of business so that the ESI can be reasonably searched and used as the supporting software and/or program is designed.  As such, simply copying the ESI onto a compact disc and/or memory stick will not satisfy this request.

The ESI should be produced in an electronic and native format which is not redacted or modified or restricted or password protected and which includes any and all related metadata. The form of the ESI must be produced as it is used in the usual course of business and organized and/or labeled to correspond to the categories in this discovery request. The form of the ESI should be produced in a usable native form or forms, including but not limited to the ability to conduct searches, data selections, report generation and other generally used formats and/or features, which can be used and/or reviewed by use of commercially available programs or systems. If the ESI's form is maintained on a proprietary system or format, the ESI shall be converted to a non-proprietary format or image file or you shall provide access to the use of the proprietary form or system.

I. “Communication” means any expression of any sort, whether oral, written, visual, or otherwise, and includes but is not limited to documents, as defined herein.

j. “Policy language” means any portion, segment, phrase, section, addendum, endorsement, exhibit, exclusion, paragraph, clause, or word of any insurance policy.

k. “Relates to” or “relating to” means constituting, referring, reflecting, mentioning, evidencing, concerning, pertaining to, summarizing, analyzing, touching upon, or being logically or factually connected in any way with the matter discussed.

l. The terms “and” and “or” shall be construed in the conjunctive or in the disjunctive as necessary to bring within the request’s or specification’s scope all responses that might otherwise be construed to be outside its scope.

m. “Each” shall be construed to include the word “every” and “every” shall be construed to include the word “each.”

n. “Any” shall be construed to include the word “all” and “all” shall be construed to include the word “any.”

o. “Including” shall be construed to include the phrase “without limitation.”

p. A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, wherever necessary to bring within the request’s or specification’s scope of all responses that might otherwise be construed as outside its scope.

q. The use of a verb in any tense shall be construed to be the use of the verb in all other tenses, wherever necessary to bring within the request’s or specification’s scope all responses that might otherwise be construed as outside its scope.

r. Definitions provided in these Definitions and Instructions apply to any grammatical variant of the terms or phrase defined.

**INSTRUCTIONS**

1. Each request is deemed to be a continuing one. In the event that at any later date the party to whom these requests are propounded obtains or discovers any additional information which would either add to or amend its responses to these requests, plaintiff hereby requests that said party supplement his responses hereto promptly.

2. If objection is made to any request propounded below on the grounds that it requests information that falls within the attorney-client privilege, is protected by the work product immunity or for any other reason, please provide the following information as to each objection by way of a written privilege log:

(a) The nature of the privilege or immunity invoked and all bases, both legal and factual, of its invocation.

(b) If a document is involved, identify the specific document(s) and give the date, author, recipient, persons to whom copies were furnished together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted and the request to which such documents respond.

© If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person known to defendants to whom the substance of the communication has been disclosed.

(d) To whom the substance of the communication has been disclosed.

3. If you lack information with respect to any request, or any subpart thereof, please respond to the request to the best of your knowledge and belief.

4. The party to whom these requests are propounded shall produce the requested documents for inspection, copying, or photographing as they are kept in the usual course of business, or shall organize and label them to correspond with each and every category outlined in these requests below. If any set of documents are produced "in globo", they must be marked in such a manner os that specific pages can be identified as a response to each category set forth below.

5. The responses herein shall state, with respect to each requested item or document's category, that inspection, copying or photographing will be permitted as requested, unless the request is objected to, in which event the reasons for that objection shall be stated. If objection is made to part of a requested item or document's category, the particular part objected to shall be specified.

6. Each request is to be separately and individually responded to and organized as they are kept in the usual course of business. Any blanket or generalized reference to a group of documents which goes beyond the request will not be acceptable. You should make a reasonable effort to respond to each request.

**DOCUMENTS TO BE DISCUSSED**

The following requested documents are based on previous written discovery and/or Notices of Records Depositions, including all of your responses to discovery to date and any documents not yet produced.

1. Please produce any and all document regarding your formation and/or incorporation of the various corporation and/or LLC including, but not limited to the Articles of Incorporation.

1a. Please produce complete documents, including any and all attachments or references which are signed and dated.

2. Please produce any and all document regarding your bylaws, shareholder agreements, joint ventures and/or resolutions of the defendant corporations and/or LLC.

3. Please produce any and all of your financial documents and/or financial statements and/or financial records for the last five (5) years.

3a. Please produce any and all ESI of your financial documents and/or financial statements and/or financial records for the last five (5) years stored.

4. Please produce any and all document regarding your state and federal tax returns for the last five (5) years, including signed copies of all returns and/or documentation of electronic filing.

4a. Please produce any and all tax returns and/or documents regarding any state and/or county and/or federal tax payments of any kind, including signed copies of all returns and/or documentation of electronic filing.

4b. Please produce any and all ESI for documents requested in 4 and 4a.

4c. Any and all correspondence and/or documents sent to and/or received from any state, local and/or federal tax authority; including, but not limited to letters regarding penalties, interest and amounts owed and any amended tax returns.

5. Please produce any and all documents regarding your board of directors and/or shareholders and/or officer meetings for the last five (5) years.

5a. Please produce any and all documents regarding any minute entry and/or resolutions for any/and all board of directors and/or shareholders and/or officer meetings for the last five (5) years, and if referring to previously produced documents, specifically identify the pages and/or documents

responsive to this request.

5b.     Please produce any and all ESI for documents requested in 5 and 5a.

6.     Please produce any and all of your documents regarding any and all suppliers and/or brokers and/or manufacturers you have used and/or obtained material and/or equipment from June 2012 until the date of this deposition.

6a.     Please produce any and all ESI of your documents regarding any and all suppliers and/or brokers and/or manufacturers you have used and/or obtained material and/or equipment from June 2012 until the date of this deposition.

6b.     The requested documents include any and all e-mails, correspondences, purchase orders, invoices and any and all other documents.

7.     Please produce any and all of your documents regarding any and all customers and/or clients who you have had an agreement with and/or provided services and/or equipment and/or material from June 2012 until the date of this deposition; including but not limited to SRK Consultants, Manjit S. Chowdhary, Apex Resources, Smith Oil, Preferred Quality Services, Preferred Chemicals, Victory Oilfield and any others.

7a.     Please produce any and all ESI of your documents regarding any and all customers and/or clients who you have had an agreement with and/or provided services and/or equipment and/or material from June 2012 until the date of this deposition; including but not limited to SRK Consultants, Manjit S. Chowdhary, Apex Resources, Smith Oil, Preferred Quality Services, Preferred Chemicals, Victory Oilfield and any others.

8.     Please produce any and all your documents regarding any and all accounts receivable, accounts payable, past due and/or open invoices and/or purchase orders and/or income records from

June 2012 until the date of this deposition.

8a.    Please produce any and all ESI of your documents regarding any and all accounts receivable, accounts payable,  past due and/or open invoices and/or purchase orders and/or income records from June 2012 until the date of this deposition.

9.    Please produce any and all documents regarding any and all loans applied for, received and/or made by you in the last five (5) years, including but not limited to Percy Pinto, Snap Holdings, LLC and/or Celeritas Chemicals and/or PrimeNA Technologies, Inc.

9a.    Please produce any and all loan documents applied for, for any and all loans received and/or made by you in the last five (5) years, including but not limited to promissory notes, guaranty, mortgages, applications for loans, financial disclosures required for loans and any other related loan documents.

9b.    Please produce the documents/ESI for all loans and/or loan applications to JP Morgan/Chase Bank, Frost Bank, Benchmark Bank, Wells Fargo Bank, American National Bank and/or any other financial institution  made by you in the last five (5) years

9c.    Please produce any and all ESI for documents requested in 9, 9a and 9b.

10.    Please produce any and all documents regarding any and all lawsuits and/or claims and/or arbitration and/or mediation and/or bankruptcy claims, proceedings or filings against you and/or by you from June 2012 until the date of this deposition; including but not limited to SRK Consultants and/or Manjit S. Chowdhary and/or Apex Resources and/or Smith Oil and/or Preferred Quality Services and/or Preferred Chemicals and/or Supreme Gums, and/or Ruchi Soya Industries, Ltd., and/or JP Morgan Chase, N.A. These documents should include but are not limited to any and all pleadings and/or court filings, any and all depositions, any and all discovery and the responses by

you and/or the opposing party, any and all settlement and/or mediation agreements, any and all correspondence between the parties and/or court and/or mediator, expert reports and other documents related to these matters.

10a.    Please produce any and all depositions and ESI versions of depositions and attached exhibits.

10b.    Please produce any and all of your discovery responses, along with documents and ESI.

10c.    Please produce any and all of your experts' reports, attached exhibits and with ESI.

10d.    Please produce any and all pleadings, exhibits and ESI.

10e.    Please produce all ESI of the documents in the SRK Consultants and/or Manjit S. Chowdhary case requested in 10, 10a, 10b and 10c.

10f.    Please produce all ESI of the of the documents requested in 10, 10a through 10e.

11.    Please produce any and all documents regarding any and all banking and/or financial transactions in any form by you from June 2012 until the date of this deposition; including but not limited to the transfer and/or payments of funds to any individual(s) and/or corporations and/or other corporate entities; transfers or funds and/or payments to and /or purchases for the benefit of Snap Holdings, LLC and/or Celeritas Chemicals and/or Percy Pinto and/or Prime NA Technologies, Inc. and/or any other company and/or corporate entity and/or individual(s), including your family and relations.

11a.    Please produce any and all ESI of any and all documents regarding any and all banking and/or financial transactions in any form by you from June 2012 until the date of this deposition; including but not limited to the transfer and/or payments of funds to any individual(s) and/or corporations and/or other corporate entities; transfers or funds and/or payments to and /or purchases for the benefit of Snap Holdings, LLC and/or Celeritas Chemicals and/or Percy Pinto and/or Prime

NA Technologies, Inc. and/or any other company and/or corporate entity and/or individual(s), including your family and relations.

12. Please produce any and all documents regarding any and all contracts you have agreed to from June 2012 until the date of this deposition.

12a. Please produce any and all ESI of any and all documents regarding any and all contracts you have agreed to from June 2012 until the date of this deposition.

13. Please produce any and all documents regarding any and all capital contributions you have made and/or any company or corporate entity received from June 2012 until the date of this deposition.

13a. Please produce any and all ESI of any and all documents regarding any and all capital contributions you have made and/or any company or corporate entity received from June 2012 until the date of this deposition.

14. Please produce any and all documents sent to and/or received from Manidhari.

14a. Please produce any and all ESI of any and all documents sent to and/or received from Manidhari.

15. Please produce any and all documents provided to your tax preparer from June 2012 until the date of this deposition.

15a. Please produce any and all ESI of any and all documents provided to your tax preparer from June 2012 until the date of this deposition.

16. Please produce any and all documents regarding your payment of wages, benefits, distributions, taxes, and/or bonuses to any and all employees and/or officers and/or directors and/or shareholders and/or others from June 2012 until the date of this deposition.

16a. Please produce any and all ESI of any and all documents regarding your payment of wages, benefits, distributions, taxes, and/or bonuses to any and all employees and/or officers and/or directors and/or shareholders and/or others for the last five (5) years.

17. Please produce any and all documents regarding your payment and/or distribution of any funds and/or dividends and/or any other form of compensation to any and all joint venturers, shareholders, officers and/or directors and/or others in the last five (5) years.

17a. Please produce any and all ESI of any and all documents regarding your payment and/or distribution of any funds and/or dividends and/or any other form of compensation to any and all joint venturers, shareholders, officers and/or directors and/or others in the last five (5) years.

18. Please produce any and all of your documents sent to and/or received from Celeritas from June 2012 until the date of this deposition.

18a. Please produce any and all ESI of any and all of your documents sent to and/or received from Celeritas from June 2012 until the date of this deposition.

19. Please produce any and all of your documents sent to and/or received from PrimeNA Technologies and/or its related companies in the last five (5) years.

19a. Please produce any and all ESI of any and all of your documents sent to and/or received from Snap Holdings and/or its related companies from June 2012 until the date of this deposition.

20. Please produce any and all documents regarding your office locations from June 2012 until the date of this deposition.

20a. Please produce any and all ESI of any and all documents regarding your office locations from June 2012 until the date of this deposition.

21. Please produce any and all documents regarding the loan of any of your funds and/or compensation to individuals and/or other corporate entities for the last five (5) years.

21a. Please produce any and all ESI of any and all documents regarding the loan of any of your funds and/or compensation to individuals and/or other corporate entities for the last five (5) years.

22. Please produce any and all documents regarding the receipt of any loans and/or funds and/or compensation from any individual and/or other corporate entities for the last five (5) years.

22a. Please produce any and all ESI of any and all documents regarding the receipt of any loans and/or funds and/or compensation from any individual and/or other corporate entities for the last five (5) years.

23. Please produce any and all documents regarding the administration of your company and/or any other corporate entity owned, in whole or part, by any of your shareholders and/or officers and/or directors from June 2012 until the date of this deposition.

23a. Please produce any and all ESI of any and all documents regarding the administration of your company and/or any other corporate entity owned, in whole or part, by any of your shareholders and/or officers and/or directors from June 2012 until the date of this deposition.

24. In regard to the affirmative defenses set forth in your answer to the amended complaint in this action, please specifically identify and produce each and every document regarding these defenses, including, but not limited to documents which your contend support the defense or which may undermine or negate this defense.

24a. If you contend that any of the documents previously produced are responsive, please specifically identify each and every page and/or documents which you contend respond to each

affirmative defense set forth in your answer including, 1. quasi estoppel; 2. promissory estoppel; 3. waiver; and 4. release.

24b. Please produce any and all ESI of each and every document regarding these defenses, including, but not limited to documents which your contend support the defense or which may undermine or negate this defense.

25. In regard to your claim and/or defense that plaintiff agreed to waive and/or not pursue any deficiency judgment against you, please produce any and all documents regarding this claim and/or defense including, but not limited to, contract modification, emails and/or other correspondence which you contend support this claim, documents which demonstrate any marketing effort by you including phone research, correspondence and/or other documents.

25a. If you contend that any of the documents previously produced are responsive, please specifically identify each and every page and/or document which supports this claim and/or defense.

25b. In regard to your response and supplemental response to Request for Production No. 25 and answer and supplemental answer to Interrogatory No. 2, please specify the exact page(s) and/or documents(s), produce the following documents and ESI:

A. Any and all documents and ESI where plaintiff sought assistance from you and/or Snap Holdings and/or PrimeNA and/or Celeritas in marketing the guar at issue.

B. Any and all documents and ESI where plaintiff received your and/or Snap Holdings and/or PrimeNA and/or Celeritass' assistance in marketing the guar at issue.

C. Any and all documents and ESI where plaintiff communicated to you and/or Snap Holdings and/or PrimeNA and/or Celeritas that plaintiff would not seek to recover any deficiency against Celeritas.

D. Any and all documents and ESI where plaintiff communicated it would any "loss" through profits on future sale of guar by plaintiff to you and/or Snap Holdings and/or PrimeNA and/or Celeritas.

E. Any and all documents and ESI where plaintiff sought the active assistance in

marketing and sale of the guar, including, but not limited to, the seven (7) containers subject to purchase order 308. Theses documents and ESI should include any and all documents to and/or from the buyers and/or potential buyers including e-mails, letters, invoices, purchase orders and their related documents and ESI.

F.   Any and all documents and ESI where plaintiff promised Celeritas that it would not seek a deficiency claim if Celeritas would actively assist in the marketing and the sale of the guar.

G.   Any and all documents and ESI which show the interest by plaintiff to have Celeritas rely on the promise not to seek a deficiency claim and/or that it was reasonable foreseeable that Celeritas would rely on that promise.

H.   Any and all documents and ESI which show that any reliance by Celeritas on the alleged promise by plaintiff to seek a deficiency claim was detrimental to Celeritas.

25c.   Please produce any and all ESI for the documents requested in 25a and 25b.

26.   For the time frame of June 1, 2012 until December 31, 2012, please provide any and all documents concerning any purchase and/or ordering and/or any shipments of material, including but not limited to guar gum, you ordered and/or contracted for including, but not limited to, e-mails, invoices, purchase orders, bills of lading, warehouse records, correspondence related to the shipments, inventory records, payment records for the shipments, documents regarding the rejection and/or refused to pay for any of these shipments, documents regarding your clients' and/or end user's acceptance and/or rejection of all or a portion of the shipments.

26a.   Please produce any and all ESI of any and all documents concerning any ordering and/or purchasing and/or shipments of material, including but not limited to guar gum, you ordered and/or contracted for including, but not limited to, e-mails, invoices, purchase orders, bills of lading, warehouse and/or inventory records, correspondence related to the shipments, payment records for the shipments, documents regarding the rejection and/or refused to pay for any of these shipments, documents regarding your clients' and/or end user's acceptance and/or rejection of all or a portion

of the shipments for the time frame of January 1, 2012 until December 31, 2012.

27. For the shipments in your response to Request for Production No. 26, please provide any and all documents sent to and/or received from your customers and/or clients and/or end-suers regarding any rejected shipments or portions of shipments including, but not limited to, any claim and/or lawsuits and/or demand letters and/or invoices and/or past due notices and/or other documents.

27a. Please produce any and all ESI for the shipments in your response to Request for Production Nos. 26 and 27, please provide any and all documents sent to and/or received from your customers and/or clients and/or end-suers regarding any rejected shipments or portions of shipments including, but not limited to, any claim and/or lawsuits and/or demand letters and/or invoices and/or past due notices and/or other documents.

28. For the shipments in your Response to Request for Production Nos. 26 and 27, please provide any and all documents which provide any support and/or explanation as to why you did not seek to recover the monies owed by your customers and/or clients and/or end users.

28a. Please produce any and all ESI for the ordering and/or purchasing and/or shipments in your Response to Request for Production Nos. 26, 27 and 28, please provide any and all documents which provide any support and/or explanation as to why you did not seek to recover the monies owed by your customers and/or clients and/or end users.

29. For the ordering and/or purchasing and/or shipments in your Response to Request for Production Nos. 26, 27 and 28, please provide any and all documents regarding any advance payments made on the shipments and the source of funding for these shipments.

29a. Please produce any and all ESI for the ordering and/or purchasing and/or shipments in your Response to Request for Production Nos. 26, 27, 28 and 29, please provide any and all documents

regarding any advance payments made on the shipments and the source of funding for these shipments.

30.     For the ordering and/or purchasing and/or shipments in your responses to Requests for Production No. 26, 27, 28 and 29, please provide any and all documents regarding the funds and/or monies owed by you on these shipments.

30a.    Please produce any and all ESI for the ordering and/or purchasing and/or shipments in your responses to Requests for Production No. 26, 27, 28, 29 and 30 regarding the funds and/or monies owed by you on these shipments.

31.     For the monies and/or funds paid out of and/or transferred into and/or out of your accounts, please produce any and all documents which reflect and/ore demonstrate whether you received anything of value in exchange, including but not limited to goods, services, like kind exchange, or ownership interest in movable and/or immovable property.

31a.    Please produce any and all ESI for the monies and/or funds paid into and/or out of and/or transferred out of your accounts which reflect and/or demonstrate whether you received anything of value in exchange, including but not limited to goods, services, like kind exchange, or ownership interest in movable and/or immovable property.

32.     With regard to any transfer and/or payment of funds into and/or out of your accounts from to the date of this deposition, please provide any and all documents which would reflect and/or demonstrate your financial solvency.

32a.    If you contend you were solvent from 2012 to today, please be prepared to discuss this contention and produce documents in support of this contention.

32b.    Please produce any and all ESI with regard to any and/or payments of funds from your

accounts from 2012 to the date of this deposition which would reflect and/or demonstrate your financial solvency.

33.     With regard to any transfer and/or payment of funds into and/or out of your accounts from 2012 to the date of this deposition, please provide any and all documents which would reflect and/or demonstrate whether you retained possession or control of the property and/or funds that were transferred.

33a.    Please produce any and all ESI with regard to any transfer and/or payment of funds into and/or out of your accounts in 2012 to the date of this deposition, please provide any and all documents which would reflect and/or demonstrate whether you retained possession or control of the property and/or funds that were transferred.

34.     With regard to any transfer and/or payment of funds into and/or out of your accounts from 2012 to the date of this deposition, please provide any and all documents which would reflect and/or demonstrate whether you and/or others, individuals and/or corporate entities, used all or a portion of those funds to acquire and operate Celeritas Chemicals, LLC.

34a.    Please produce any and all ESI with regard to any transfer and/or payment of funds into and/or out of your accounts from 2012 to the date of this deposition,  please provide any and all documents which would reflect and/or demonstrate whether you and/or others, individuals and/or corporate entities, used all or a portion of those funds to acquire and operate Celeritas Chemicals, LLC.

35.     With regard to any transfer and/or payment of funds into and/or out of your accounts from 2012 to the date of this deposition, please provide any and all documents which would reflect and/or demonstrate whether you and/or others, individuals and/or corporate entities, used all or a portion

of those funds to acquire and operate Snap Holdings, LLC.

35a. Please produce any and all ESI with regard to any transfer and/or payment of funds into and/or out of your accounts from 2012 to the date of this deposition, please provide any and all documents which would reflect and/or demonstrate whether you and/or others, individuals and/or corporate entities, used all or a portion of those funds to acquire and operate Snap Holdings, LLC.

36. With regard to any transfer and/or payment of funds into and/or out of your accounts from 2012 to the date of this deposition, please provide any and all documents which would reflect and/or demonstrate whether you and/or others, individuals and/or corporate entities, used all or a portion of those funds to acquire and operate PrimeNA Technologies, Inc.

36a. Please produce any and all ESI with regard to any transfer and/or payment of funds into and/or out of your accounts from 2012 to the date of this deposition, please provide any and all documents which would reflect and/or demonstrate whether you and/or others, individuals and/or corporate entities, used all or a portion of those funds to acquire and operate PrimeNA Technologies, Inc.

37. With regard to any transfer and/or payment of funds into and/or out of your accounts 2012 to the date of this deposition, please provide any and all documents which would reflect and/or demonstrate whether you and/or others, individuals and/or corporate entities, used all or a portion of those funds to purchase any movable and/ore immovable property.

37a. Please produce any and all ESI with regard to any transfer and/or payment of funds into to and/or out of your accounts from 2012 to the date of this deposition, please provide any and all documents which would reflect and/or demonstrate whether you and/or others, individuals and/or corporate entities, used all or a portion of those funds to purchase any movable and/ore immovable

property.

38.     Please produce any and all exhibits you may introduce at trial and/or attach to any motion.

38a.    Please produce any and all ESI of any and all exhibits you may introduce at trial and/or attach

to any motion.

38b.    Please produce any and all documents and/or ESI you have provided to any expert in this

case.

39.     Please produce any and all documents requested during any prior depositions of you, in any
        capacity.

**EXHIBIT "B"- TOPICS/INTERROGATORIES**

The following topics/interrogatories are based on the previous written discovery and/or notices of records depositions. Please be prepared to discuss and produce documents.

**DEFINITIONS**

1. Unless otherwise noted, the following definitions apply to this request.

a. "Contracts" refer to the purchase order number PO 277 dated July 12, 2012, purchase order number PO 308 dated July 26, 2012 and purchase order number PO 309 dated July 26, 2012 and any/and all amendments and/or endorsements to the purchase orders which is the subject of this lawsuit.

b. "Mr. Pinto" refers to the defendant, Percy Pinto and any and all representatives, agents, mandataries or persons acting on behalf of Percy Pinto, or at the request of the defendant, including his attorneys, his staff, his agents and his experts.

c. "Celeritas" refers to the defendant, Celeritas Chemical, LLC, and any and all representatives, agents, mandataries or persons acting on behalf of Celeritas Chemicals, LLC, or at the request of the defendant, including its attorneys, its staff, its agents and its experts.

d. "Snap" and/or "Snap Holdings" refer to the defendant, Snap Holdings, LLC and any and all representatives, agents, mandataries or persons acting on behalf of Snap Holdings, LLC, or at the request of the defendant, including its attorneys, its staff, its agents and its experts.

e. "PrimeNA" refers to defendant, PrimeNA Technologies, Inc., and any and all of its representatives, agents, mandatories or persons acting on behalf of PrimeNA Technologies, Inc., or at the request of the defendant, including its attorneys, its staff , its agents and its experts.

f. "You" and/or "your" refers to Percy Pinto and all of your representatives, agents, mandataries or persons acting on behalf of Percy Pinto, or at the request of the defendant, including your attorneys, your staff, your agents and your experts.

g. "Documents" or "all documents" means all documents and tangible things within the scope of the Rules of Civil Procedure, including all non-original, non-conforming, non-identical copies, whether by reason of subsequent modification, notations, deletions or otherwise. This definition includes, without limitation, all accounts, acknowledgments, advertisements, affidavits, agreements, agenda, analyses, annual reports, applications, applications for patents, appointment books, articles, articles of incorporation, assignments, audiocassette tapes, audit reports, balance sheets, bills, bills of lading, bills of sale, books, briefs, brochures, bulletins, business cards, by-laws, calculations, calendars, catalogues, charges, checks, check registers, check stubs, circulars, claim files, client lists, clippings, communications, compact disks, CD-ROM disks, computer tapes, consultant lists, consultant resumes, consultation reports, contracts, conveyances, corporate minutes

and minute books, correspondence, cover notes, customer call records, customer lists, data compilations, deeds, deposition transcripts, diagrams, diaries, descriptions, drafts, drawings, e-mails, employment applications, employment records, endorsements, evaluations, expense accounts, expense reports, files, file wrappers, films, financial statements, forms, formulae, graphs, hearing transcripts, histories, income statements, indices, instructional materials, instructions, insurance policies, insurance records, insurance reports, inventories, invoices, job assignments, job descriptions, journals, ledgers, letters licenses, lists, literature, log books, loose-leaf binders, magazines, mailgrams, manuals, maps, medical files, meetings transcripts, memoranda, messages, microfiche, microfilm, minutes, minute books or reports, models, mortgages, motion pictures, motions and supporting memoranda, news clippings, newsletters, newspapers, notebooks, notes, notices, opinions, order, organizational charts, pamphlets, papers, patents, periodicals, personnel records, phono-records, photographic negatives, photographs, pleadings, pocket calendars, policies, press releases, profit and loss statements, prints, procedures, prototypes, publications, purchase orders, receipts, records, regulations, reports, resumes, Rolodex cards, rules, samples, schedules, searches, security agreements, shipping orders, shop drawings, slides, specifications, statements, statements of account, statements of assets and liabilities, statistics, studies, summaries, surveys, tangible things, tape recordings, tax returns, telefacsimiles, telegrams, telephone bills, telephone lists, telephone logs, telexes, test results, time cards, time sheets, trade letters, transcripts, travel vouchers, treatises, trip reports, underwriting files, videotapes, warranties, work orders, work sheets, wrappers, writings and Zip disks.

      h.    Electronically Store Information (ESI) means exact copies (i.e. bit by bit) of any and all documents and/or information stored in any and all types of electronic format(s) and/or programs and in any medium(s) or location(s) including, but not limited to, internet based storage (i.e. "cloud" based or off site backups and/or storages), hard drives on any computer and/or server, back-up tapes or other back-up devices, PDA's, cell phones, computer, laptops, or any other device or medium used to store and/or contain ESI information and/or documents.

      Should any of the ESI be located and/or stored offsite from your office(s) either by physical and/or remote access, such as internet/"Cloud" based storage and/or backup, you shall provide exact copies (i.e. bit by bit) of any and all documents. Please be advised that the form and/or format of the ESI must be in its native format as done in the usual course of business so that the ESI can be reasonably searched and used as the supporting software and/or program is designed.  As such, simply copying the ESI onto a compact disc and/or memory stick will not satisfy this request.

      The ESI should be produced in an electronic and native format which is not redacted or modified or restricted or password protected and which includes any and all related metadata. The form of the ESI must be produced as it is used in the usual course of business and organized and/or labeled to correspond to the categories in this discovery request. The form of the ESI should be produced in a usable native form or forms, including but not limited to the ability to conduct searches, data selections, report generation and other generally used formats and/or features, which can be used and/or reviewed by use of commercially available programs or systems. If the ESI's form is maintained on a proprietary system or format, the ESI shall be converted to a non-proprietary format or image file or you shall provide access to the use of the proprietary form or system.

I. "Communication" means any expression of any sort, whether oral, written, visual, or otherwise, and includes but is not limited to documents, as defined herein.

j. "Policy language" means any portion, segment, phrase, section, addendum, endorsement, exhibit, exclusion, paragraph, clause, or word of any insurance policy.

k. "Relates to" or "relating to" means constituting, referring, reflecting, mentioning, evidencing, concerning, pertaining to, summarizing, analyzing, touching upon, or being logically or factually connected in any way with the matter discussed.

l. The terms "and" and "or" shall be construed in the conjunctive or in the disjunctive as necessary to bring within the request's or specification's scope all responses that might otherwise be construed to be outside its scope.

m. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

n. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

o. "Including" shall be construed to include the phrase "without limitation."

p. A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, wherever necessary to bring within the request's or specification's scope of all responses that might otherwise be construed as outside its scope.

q. The use of a verb in any tense shall be construed to be the use of the verb in all other tenses, wherever necessary to bring within the request's or specification's scope all responses that might otherwise be construed as outside its scope.

r. Definitions provided in these Definitions and Instructions apply to any grammatical variant of the terms or phrase defined.

**INSTRUCTIONS**

1. Each request is deemed to be a continuing one. In the event that at any later date the party to whom these requests are propounded obtains or discovers any additional information which would either add to or amend its responses to these requests, plaintiff hereby requests that said party supplement his responses hereto promptly.

2. If objection is made to any request propounded below on the grounds that it requests information that falls within the attorney-client privilege, is protected by the work product immunity or for any other reason, please provide the following information as to each objection by way of a

written privilege log:

(a) The nature of the privilege or immunity invoked and all bases, both legal and factual, of its invocation.

(b) If a document is involved, identify the specific document(s) and give the date, author, recipient, persons to whom copies were furnished together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted and the request to which such documents respond.

© If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person known to defendants to whom the substance of the communication has been disclosed.

(d) To whom the substance of the communication has been disclosed.

3. If you lack information with respect to any request, or any subpart thereof, please respond to the request to the best of your knowledge and belief.

4. The party to whom these requests are propounded shall produce the requested documents for inspection, copying, or photographing as they are kept in the usual course of business, or shall organize and label them to correspond with each and every category outlined in these requests below. If any set of documents are produced "in globo", they must be marked in such a manner os that specific pages can be identified as a response to each category set forth below.

5. The responses herein shall state, with respect to each requested item or document's category, that inspection, copying or photographing will be permitted as requested, unless the request is objected to, in which event the reasons for that objection shall be stated. If objection is made to part of a requested item or document's category, the particular part objected to shall be specified.

6. Each request is to be separately and individually responded to and organized as they are kept in the usual course of business. Any blanket or generalized reference to a group of documents which goes beyond the request will not be acceptable. You should make a reasonable effort to respond to each request.

**TOPICS/INTERROGATORIES**

The following topics/interrogatories are based on previous written discovery and depositions. However, the following includes clarifications and specifications of information and/or document.

1. Please provide the names, last known mailing addresses, e-mail addresses and telephone numbers of any and all past and present officers, directors, managers, members, shareholders,

partners, joint venturers, and/or employees, and/or contractors, and/or agents for Celeritas.

1a.     Please produce any and all of your ESI of the names, last known mailing addresses, e-mail addresses and telephone numbers of any and all past and present officers, directors, managers, members, shareholders, partners, and/or employees, and/or contractors, and/or agents for Celeritas.

2.     Please describe in general and specific detail each and every fact(s) and /or document(s) and identify any witness(es) which you contend supports any of the affirmative defenses raised in your answer to the complaint, as amended at any time, including but not limited to the claims or defense of quasi estoppel and/or promissory estoppel and/or waiver.

2a.     Please produce any and all of your ESI of general and specific detail each and every fact(s) and /or document(s) and identify any witness(es) which you contend supports any of the affirmative defenses raised in your answer to the complaint, as amended at any time, including but not limited to the claims or defense of quasi estoppel and/or promissory estoppel and/or waiver.

2b.     If you content that any documents produced to date respond to this topic, please specifically identify each and every page(s) and document(s).

2c.     Your discovery responses to date for this topic, please specifically identify each and every page(s) and document(s).

2d.     In regard to your response and supplemental response to Request for Production No. 25 and answer and supplemental answer to Interrogatory No. 2, please specify the exact page(s) and/or documents(s), produce the following documents and ESI:

    A.     Any and all documents and ESI where plaintiff sought assistance from you, and/or PrimeNA, and/or Snap Holdings, and/or Percy Pinto in marketing the guar at issue.

    B.     Any and all documents and ESI where plaintiff received from you, and/or PrimeNA, and/or Snap Holdings, and/or Percy Pinto assistance in marketing the guar at issue.

C. Any and all documents and ESI where plaintiff communicated to you, and/or PrimeNA, and/or Snap Holdings, and/or Percy Pinto that plaintiff would not seek to recover any deficiency against Celeritas.

D. Any and all documents and ESI where plaintiff communicated it would any "loss" through profits on future sale of guar by plaintiff to you, and/or PrimeNA, and/or Snap Holdings, and/or Percy Pinto.

E. Any and all documents and ESI where plaintiff sought the active assistance in marketing and sale of the guar, including, but not limited to, the seven (7) containers subject to purchase order 308. Theses documents and ESI should include any and all documents to and/or from the buyers and/or potential buyers including e-mails, letters, invoices, purchase orders and their related documents and ESI.

F. Any and all documents and ESI where plaintiff promised Celeritas that it would not seek a deficiency claim if Celeritas would actively assist in the marketing and the sale of the guar.

G. Any and all documents and ESI which show the interest by plaintiff to have Celeritas rely on the promise not to seek a deficiency claim and/or that it was reasonable foreseeable that Celeritas would rely on that promise.

H. Any and all documents and ESI which show that any reliance by Celeritas on the alleged promise by plaintiff to seek a deficiency claim was detrimental to Celeritas.

3. Please provide the names of any and all contacts, mailing addresses, e-mail addresses and telephone numbers for any and all of your customers and/or clients and/or vendors and/or suppliers and/or brokers and/or end users of materials and/or services of Celeritas for the last five (5) years.

3a. Please produce any and all of your ESI of the names of any and all contacts, mailing addresses, e-mail addresses and telephone numbers for any and all of your customers and/or clients and/or vendors and/or suppliers and/or brokers and/or end users of materials and/or services of Celeritas for the last five (5) years.

4. Please describe in general and specific detail(s) each and every fact(s) and/or document(s) and identify any witness(es) which concerns your claim that Manidhari agreed to not to pursue a

claim and/or deficiency judgment(s) against you in exchange for you marketing and/or assisting in the marketing and/or selling of the guar gum at issue.

4a.      Please produce any and all of your ESI of general and specific detail(s) each and every fact(s) and/or document(s) and identify any witness(es) which concerns your claim that Manidhari agreed to not to pursue a claim and/or deficiency judgment(s) against you in exchange for you marketing and/or assisting in the marketing and/or selling of the guar gum at issue.

4b.      If you content that any documents produced to date respond to this request, please specifically identify each and every page(s) and documents.

5.      Please describe in general and specific detail each and every fact(s) and/or document(s)  and identify any witness(es) which concern your marketing and/or assisting in the marketing of the guar gum at issue; including, but not limited to the date and the time of the marketing, who performed the marketing, who you contacted in this marketing effort,  whether any of your marketing was successful, the amount of time you spent marketing, the cost you incurred in marketing, whether you were also marketing guar gum or other material not owned by Manidihari.

5a.      Please produce any and all of your ESI of general and specific detail(s)  each and every fact(s) and/or document(s)  and  identify any witness(es) which concern your marketing and/or assisting in the marketing of the guar gum at issue; including, but not limited to the date and the time of the marketing, who performed the marketing, who you contacted in this marketing effort,  whether any of your marketing was successful, the amount of time you spent marketing, the cost you incurred in marketing, whether you were also marketing guar gum or other material not owned by Manidihari,

5b.      If you content that any documents produced to date respond to this request, please specifically identify each and every page(s) and documents.

6. Please describe in general and specific detail each and every fact(s) and/or document(s) and identify any witness(es) in regard to any and all disputes and/or claims and/or lawsuits and/or arbitrations and/or mediation(s) between you and any customer, client, supplier, vendor, end user in the last five years, including the lawsuits by SLK Consultants and/or Apex Resources, and/or any other individual and/or corporate entity.

6a. Please produce any and all of your ESI of general and specific detail each and every fact(s) and/or document(s) and identify any witness(es) in regard to any and all disputes and/or claims and/or lawsuits and/or arbitrations and/or mediations between you and any customer, client, supplier, vendor, end user in the last five years, including the lawsuits by SLK Consultants and/or Apex Resources, and/or any other individual and/or corporate entity.

6b. Please produce and and all documents and ESI, including but not limited to correspondences, e-mails, pleadings, releases or settlement agreements, arbitration documents and mediation position papers for all disputes, claims, lawsuits, mediation and arbitrations, including SRK Consultants, Apex Resources, Smith Oil, Greenfield Energy and other individuals and/or corporate entities.

7. Please describe in general and specific detail each and every fact(s) and/or document(s ) and identify any witness(es) in regard to any and all payments, transfer of funds, distribution of profits issuance of shares or other ownership interests and/or bonuses, and/or dividends by you to any other company, person and/or corporate entity, including but not limited to Celeritas, Snap Holdings, LLC, Prime NA Technologies and/or any other corporate entity or individual.

7a. Please produce any and all of your ESI of general and specific detail each and every fact(s) and/or document(s) ) and identify any witness(es) in regard to any and all payments, transfer of funds, distribution of profits issuance of shares or other ownership interests and/or bonuses, and/or

dividends by you to any other company, person and/or corporate entity, including but not limited to Celeritas, Snap Holdings, LLC, Prime NA Technologies and/or any other corporate entity or individual.

8.      Please describe in general and specific detail each and every fact(s) and/or document(s) ) and identify any witness(es) in regard any and all monies and/or funds and/or debts, both disputed and undisputed, owed by you to any individual and/or corporate entities for the last five(5) years.

8a.      Please produce any and all of your ESI of general and specific detail each and every fact(s) and/or document(s) )  and  identify any witness(es) in regard any and all monies and/or funds and/or debts, both disputed and undisputed, owed by you to any individual and/or corporate entities for the last five(5) years.

9.      Please describe in general and specific detail each and every fact(s) and/or document(s)  and identify any witness(es) in regard any and all monies and/or funds and/or debts, both disputed and undisputed, owed to you to any individual and/or corporate entities for the last five(5) years.

9a.      Please produce any and all of your ESI of general and specific detail each and every fact(s) and/or document(s)   and identify any witness(es) in regard any and all monies and/or funds and/or debts, both disputed and undisputed, owed to you to any individual and/or corporate entities for the last five(5) years.

10.      Please identify by name of bank(s) or financial institution(s), address and account numbers any and all of your bank accounts and/or financial accounts of any type; including but not limited to checking accounts, savings accounts, trust accounts, stock accounts, investment accounts and/or retirement accounts.

10a.      Please produce any and all of your ESI of name of bank(s) or financial institution(s), address

and account numbers any and all of your bank accounts and/or financial accounts of any type; including but not limited to checking accounts, savings accounts, trust accounts, stock accounts, investment accounts and/or retirement accounts.

11.     Please describe in general and specific details each and every fact(s) and/or document(s) and identify any witness(es) in regards to your pricing standards, expense ratios, margins, and markups for your goods and services.

11a.     Please produce any and all of your ESI of  general and specific details each and every fact(s) and/or document(s) and identify any witness(es) in regards to your pricing standards, expense ratios, margins, and markups for your goods and services.

12.     Please describe in general and specific detail each and every fact(s), theory(ies) and/or documents for any and all explanations and/or reasons and/or excuses for not paying for the guar gum at issue.

12a.     Please produce any and all of your ESI of general and specific detail each and every fact(s), theory(ies) and/or documents for any and all explanations and/or reasons and/or excuses for not paying for the guar gum at issue.

13.     In regard to your answer to interrogatory no. 12, please describe in general and specific detail each and every fact(s) and/or documents for any and all explanations and/or reasons for not pursuing and/or making a claim and/or filing a lawsuit against the clients and/or customers who placed the order and/or contracted to purchase the guar gum at issue.

13a.     Please produce any and all of your ESI regarding your answer to interrogatory no. 12, please describe in general and specific detail  each and every fact(s) and/or documents for any and all explanations and/or reasons for not pursuing and/or making a claim and/or filing a lawsuit against

the clients and/or customers who placed the order and/or contracted to purchase the guar gum at issue.

14. If you content that your company should not have its corporate veil pierced and, as such, treated an alter ego with Percy Pinto, PrimeNA Technologies, Snap Holdings LLC and/or other corporate entities or individuals, please describe in general and specific detail each and every fact(s), and/or document(s) and identify any witness which you contend support your claims and/or defenses to this issue(s).

14a. Please produce any and all of your ESI of your contention that your company should not have its corporate veil pierced and, as such, treated an alter ego with Celeritas, PrimeNA Technologies, Snap Holdings LLC and/or other corporate entities or individuals, please describe in general and specific detail each and every fact(s), and/or document(s) and identify any witness which you contend support your claims and/or defenses to this issue(s).

15. Please identify each and every document(s) and/or witness (es)you may use and/or call at the trial of this matter and/or use and/or rely on in any motion filed in this matter.

15a. Please produce any and all of your ESI of each and every document(s) and/or witness (es)you may use and/or call at the trial of this matter and/or use and/or rely on in any motion filed in this matter.

**EXHIBIT "C"**

Please be prepared to discuss the following topics and produce documents regarding those topics.

**DEFINITIONS**

1. Unless otherwise noted, the following definitions apply to this request.

a. "Contracts" refer to the purchase order number PO 277 dated July 12, 2012, purchase order number PO 308 dated July 26, 2012 and purchase order number PO 309 dated July 26, 2012 and any/and all amendments and/or endorsements to the purchase orders which is the subject of this lawsuit.

b. "Mr. Pinto" refers to the defendant, Percy Pinto and any and all representatives, agents, mandataries or persons acting on behalf of Percy Pinto, or at the request of the defendant, including his attorneys, his staff, his agents and his experts.

c. "Celeritas" refers to the defendant, Celeritas Chemical, LLC, and any and all representatives, agents, mandataries or persons acting on behalf of Celeritas Chemicals, LLC, or at the request of the defendant, including its attorneys, its staff, its agents and its experts.

d. "Snap" and/or "Snap Holdings" refer to the defendant, Snap Holdings, LLC and any and all representatives, agents, mandataries or persons acting on behalf of Snap Holdings, LLC, or at the request of the defendant, including its attorneys, its staff, its agents and its experts.

e. "PrimeNA" refers to defendant, PrimeNA Technologies, Inc., and any and all of its representatives, agents, mandatories or persons acting on behalf of PrimeNA Technologies, Inc., or at the request of the defendant, including its attorneys, its staff , its agents and its experts.

f. "You" and/or "your" refers to Percy Pinto and all of your representatives, agents, mandataries or persons acting on behalf of Percy Pinto, or at the request of the defendant, including your attorneys, your staff, your agents and your experts.

g. "Documents" or "all documents" means all documents and tangible things within the scope of the Rules of Civil Procedure, including all non-original, non-conforming, non-identical copies, whether by reason of subsequent modification, notations, deletions or otherwise. This definition includes, without limitation, all accounts, acknowledgments, advertisements, affidavits, agreements, agenda, analyses, annual reports, applications, applications for patents, appointment books, articles, articles of incorporation, assignments, audiocassette tapes, audit reports, balance sheets, bills, bills of lading, bills of sale, books, briefs, brochures, bulletins, business cards, by-laws, calculations, calendars, catalogues, charges, checks, check registers, check stubs, circulars, claim files, client lists, clippings, communications, compact disks, CD-ROM disks, computer tapes, consultant lists, consultant resumes, consultation reports, contracts, conveyances, corporate minutes and minute books, correspondence, cover notes, customer call records, customer lists, data compilations, deeds, deposition transcripts, diagrams, diaries, descriptions, drafts, drawings, e-mails,

employment applications, employment records, endorsements, evaluations, expense accounts, expense reports, files, file wrappers, films, financial statements, forms, formulae, graphs, hearing transcripts, histories, income statements, indices, instructional materials, instructions, insurance policies, insurance records, insurance reports, inventories, invoices, job assignments, job descriptions, journals, ledgers, letters licenses, lists, literature, log books, loose-leaf binders, magazines, mailgrams, manuals, maps, medical files, meetings transcripts, memoranda, messages, microfiche, microfilm, minutes, minute books or reports, models, mortgages, motion pictures, motions and supporting memoranda, news clippings, newsletters, newspapers, notebooks, notes, notices, opinions, order, organizational charts, pamphlets, papers, patents, periodicals, personnel records, phono-records, photographic negatives, photographs, pleadings, pocket calendars, policies, press releases, profit and loss statements, prints, procedures, prototypes, publications, purchase orders, receipts, records, regulations, reports, resumes, Rolodex cards, rules, samples, schedules, searches, security agreements, shipping orders, shop drawings, slides, specifications, statements, statements of account, statements of assets and liabilities, statistics, studies, summaries, surveys, tangible things, tape recordings, tax returns, telefacsimiles, telegrams, telephone bills, telephone lists, telephone logs, telexes, test results, time cards, time sheets, trade letters, transcripts, travel vouchers, treatises, trip reports, underwriting files, videotapes, warranties, work orders, work sheets, wrappers, writings and Zip disks.

h.     Electronically Store Information (ESI) means exact copies (i.e. bit by bit) of any and all documents and/or information stored in any and all types of electronic format(s) and/or programs and in any medium(s) or location(s) including, but not limited to, internet based storage (i.e. "cloud" based or off site backups and/or storages), hard drives on any computer and/or server, back-up tapes or other back-up devices, PDA's, cell phones, computer, laptops, or any other device or medium used to store and/or contain ESI information and/or documents.

Should any of the ESI be located and/or stored offsite from your office(s) either by physical and/or remote access, such as internet/"Cloud" based storage and/or backup, you shall provide exact copies (i.e. bit by bit) of any and all documents. Please be advised that the form and/or format of the ESI must be in its native format as done in the usual course of business so that the ESI can be reasonably searched and used as the supporting software and/or program is designed. As such, simply copying the ESI onto a compact disc and/or memory stick will not satisfy this request.

The ESI should be produced in an electronic and native format which is not redacted or modified or restricted or password protected and which includes any and all related metadata. The form of the ESI must be produced as it is used in the usual course of business and organized and/or labeled to correspond to the categories in this discovery request. The form of the ESI should be produced in a usable native form or forms, including but not limited to the ability to conduct searches, data selections, report generation and other generally used formats and/or features, which can be used and/or reviewed by use of commercially available programs or systems. If the ESI's form is maintained on a proprietary system or format, the ESI shall be converted to a non-proprietary format or image file or you shall provide access to the use of the proprietary form or system.

I.     "Communication" means any expression of any sort, whether oral, written, visual, or otherwise, and includes but is not limited to documents, as defined herein.

j. "Policy language" means any portion, segment, phrase, section, addendum, endorsement, exhibit, exclusion, paragraph, clause, or word of any insurance policy.

k. "Relates to" or "relating to" means constituting, referring, reflecting, mentioning, evidencing, concerning, pertaining to, summarizing, analyzing, touching upon, or being logically or factually connected in any way with the matter discussed.

l. The terms "and" and "or" shall be construed in the conjunctive or in the disjunctive as necessary to bring within the request's or specification's scope all responses that might otherwise be construed to be outside its scope.

m. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

n. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

o. "Including" shall be construed to include the phrase "without limitation."

p. A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, wherever necessary to bring within the request's or specification's scope of all responses that might otherwise be construed as outside its scope.

q. The use of a verb in any tense shall be construed to be the use of the verb in all other tenses, wherever necessary to bring within the request's or specification's scope all responses that might otherwise be construed as outside its scope.

r. Definitions provided in these Definitions and Instructions apply to any grammatical variant of the terms or phrase defined.

## INSTRUCTIONS

1. Each request is deemed to be a continuing one. In the event that at any later date the party to whom these requests are propounded obtains or discovers any additional information which would either add to or amend its responses to these requests, plaintiff hereby requests that said party supplement his responses hereto promptly.

2. If objection is made to any request propounded below on the grounds that it requests information that falls within the attorney-client privilege, is protected by the work product immunity or for any other reason, please provide the following information as to each objection by way of a written privilege log:

(a) The nature of the privilege or immunity invoked and all bases, both legal and factual, of its invocation.

(b) If a document is involved, identify the specific document(s) and give the date, author,

recipient, persons to whom copies were furnished together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted and the request to which such documents respond.

© If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person known to defendants to whom the substance of the communication has been disclosed.

(d) To whom the substance of the communication has been disclosed.

3. If you lack information with respect to any request, or any subpart thereof, please respond to the request to the best of your knowledge and belief.

4. The party to whom these requests are propounded shall produce the requested documents for inspection, copying, or photographing as they are kept in the usual course of business, or shall organize and label them to correspond with each and every category outlined in these requests below. If any set of documents are produced "in globo", they must be marked in such a manner os that specific pages can be identified as a response to each category set forth below.

5. The responses herein shall state, with respect to each requested item or document's category, that inspection, copying or photographing will be permitted as requested, unless the request is objected to, in which event the reasons for that objection shall be stated. If objection is made to part of a requested item or document's category, the particular part objected to shall be specified.

6. Each request is to be separately and individually responded to and organized as they are kept in the usual course of business. Any blanket or generalized reference to a group of documents which goes beyond the request will not be acceptable. You should make a reasonable effort to respond to each request.

**TOPICS/INTERROGATORIES**

1. Your retention and termination of the Your various bookkeepers and/or accountants.

2. Your instructions and/or directives to Your various bookkeepers and/or accountants and/or employees and/or contractors and/or officers to not contact prior bookkeepers or accountants.

3. The solvency and/or insolvency of Celeritas.

4. Your transfer of funds out of and into Celeritas' accounts.

5. Your financial records and who was providing input and/or revising those records.

6.      Your termination of your various employees, officers, and contractors.

7.      Your involvement and business dealings with Azyle Global LLC, including transfer of assets and/or funds.

8.      Your involvement, business dealings, litigation and relationship with Dr. Chowdhary and SRK Consultants.

9.      Your involvement, business dealings and relationship with James Hughes and Nike-Tech.

10.     Your loans, including application and ongoing business dealings, with Frost Bank, Benchmark Bank, Wells Fargo Bank, American National Bank, and JP Morgan Chase Bank, N.A.

11.     Your involvement and business dealings with Anatasi Tech Hydrocolloids Private Limited

12.     Mr. And Mrs. Pinto's assets, liabilities, personal financial accounts, transactions, business and property holdings.

13.     Your assets and liabilities.

14.     Your formation of PrimeNA and business dealings with it.

15.     Your formation of Snap Holdings and your business dealings with it.

16.     Your transfer of funds to and/or from PrimeNA, Snap Holdings, Mr. Pinto and/or other persons or companies.

17.     Your accounts receivables and/or payables.

18.     Your Inventory.

19.     Your cash on hand.

20.     Your loans to individuals and/or entities.

21.     Your capital and capital contributions.

22. Your filed federal, state and local tax returns.

23. Your claims with Smith Oil, Supreme Gums, Apex Resources, Inc. and any other company and/or their insurers and/or corporate entity or individual and the entry of such claims into your financial records and reporting to financial institutions.

24. Your defenses and/or claims to the alter ego allegations set forth in plaintiff's claims against you.

25. Your formation of Apex Check Cashing, LLC and your business dealings with it.

26. Your formation of Pyxard Strategies, LLC and your business dealings with it.

27. Your formation of Sample Delivery Incorporated, LLC and your business dealings with it.

28. Your insurance coverage and/or claims with Farmer's Insurance.

29. Your involvement with the purchase of property, both immovable and movable, by Snap Holdings.

30. Any defenses to any of the plaintiff's claims against you.

31. Your retention of experts in this matter.

32. Your transfer of monies into and out of the various companies.

33. Your tax returns and any communications with the IRS and/or amended returns.

34. Your failure to provide documents previously requested.

35. Your personal solvency and assets; including but not limited to receipts and transfers of fund to purchase assets.

36. Your community property.

37. Your separate property.

38. Your wife's involvement with any of the companies.

39. Your ownership of property in Texas, India and elsewhere.

40. Your son's involvement with any of the companies.

41. Your payments of any debts owed.

42. Your decision to purchase quar in 2012 without any completed orders or contracts with customers.

43. Any other issues and/or topics and/or documents requested in this matter and yours responses to date.

# Exhibit G

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

MANIDHARI GUMS & CHEMICALS
V.
CELERITAS CHEMICALS, LLC, et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2014-cv-00708

TO: Mr. John D. Landrum, Jr.
JOHN D. LANDRUM, JR., CPA
215 W. Franklin Street, Ste. 300
Waxahachie, Texas 75165

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The Stanton Law Firm, 9400 North Central Expressway, Ste. 1304, Dallas, Texas 75231 | November 11, 2015 at 1:30 p.m.. |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**PLEASE SEE ATTACHED NOTICE OF DEPOSITION AND EXHIBIT "A"**

| PLACE | DATE AND TIME |
|---|---|
| The Stanton Law Firm, 9400 North Central Expressway, Ste. 1304, Dallas Texas 75231 | November 11, 2015 at 1:30 p.m. |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | October 30, 2015 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
PAUL C. MINICLIER, ESQ.
1305 DUBLIN STREET, NEW ORLEANS, LA 70118
(504) 864-1276

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MANIDHARI GUMS & CHEMICALS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.: 2014-cv-00708 |
| | * | |
| CELERITAS CHEMICALS, LLC, et al | * | JUDGE: TERRY R. MEANS |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF DEPOSITION**

**NOW INTO COURT,** through undersigned counsel, come Plaintiff, Manidhari Gums & Chemicals ("Manidhari"), pursuant to FRCP 30(B)(6), will take the deposition of **Mr. John D. Landrum, Jr.,** individually and as the corporate representative of John D. Landrum, Jr., CPA, for all purposes permitted under the Federal Rules of Civil Procedure before a Notary Public or other officer duly qualified to administer oaths. Pursuant to FRCP Rule 34, please be prepared to produce and discuss the documents set forth in the attached Exhibit "A".

The deposition will be taken on the **11th day of November, 2015, beginning at 1:30 p.m.,** at The Stanton Law Firm, 9400 North Central Expressway, Suite 1304, Dallas, Texas 75231, and continuing from day to day, including but not limited to November 11, 2015, until completed, before a person duly authorized to administer oaths.

Respectfully submitted,

BY: /s/ Paul C. Miniclier

PAUL C. MINICLIER, # 24001361
Law Office of Paul C. Miniclier
1305 Dublin Street
New Orleans, Louisiana 70118
Telephone: (504) 864-1276
Fax: (504) 864-1278
E-mail: pcm@minilaw.net
Attorneys for plaintiff, Manidhari Gums & Chemicals

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via fax transmission, and/or via e-mail, and/or via hand delivery and/or by placing same in the United States mail, properly addressed and postage pre-paid and/or via e-mail transmission and/or fax transmission, this 30th day of October, 2015.

/s/ Paul C. Miniclier

**EXHIBIT "A"- REQUEST FOR PRODUCTION OF DOCUMENTS**

**DEFINITIONS**

1. Unless otherwise noted, the following definitions apply to this request.

a. "Contracts" refer to the purchase order number PO 277 dated July 12, 2012, purchase order number PO 308 dated July 26, 2012 and purchase order number PO 309 dated July 26, 2012 and any/and all amendments and/or endorsements to the purchase orders which is the subject of this lawsuit.

b. "Mr. Pinto" refers to the defendant, Percy Pinto and any and all representatives, agents, mandataries or persons acting on behalf of Percy Pinto, or at the request of the defendants, including his attorneys, his staff or agents and his experts.

c. "Celeritas" refers to the defendant, Celeritas Chemical, LLC. and any and all representatives, agents, mandataries or persons acting on its behalf of Celeritas, or at the request of the Defendants, including its attorneys, its staff or agents and its experts.

d. "Snap" and/or "Snap Holdings" refer to the defendant, Snap Holdings, LLC and any and all representatives, agents, mandataries or persons acting on its behalf of, or at the request of the defendants, including its attorneys, its staff or agents and its experts.

e. "PrimeNA" refers to defendant, PrimeNA Technologies, Inc., and any and all of its representatives, agents, mandatories or persons acting on its behalf or at the request of defendants, including its attorneys, its staff or agents and its experts.

f. "You" and/or "your" refers to John D. Landrum, Jr. , individually and John D. Landrum, Jr., CPA and all of its representatives, agents, mandataries or persons acting on behalf of John D. Landrum, Jr., CPA , or at the request of John D. Landrum, Jr., CPA, including its attorneys, its staff or agents and its experts.

g. "Documents" or "all documents" means all documents and tangible things within the scope of the Rules of Civil Procedure, including all non-original, non-conforming, non-identical copies, whether by reason of subsequent modification, notations, deletions or otherwise. This definition includes, without limitation, all accounts, acknowledgments, advertisements, affidavits, agreements, agenda, analyses, annual reports, applications, applications for patents, appointment books, articles, articles of incorporation, assignments, audiocassette tapes, audit reports, balance sheets, bills, bills of lading, bills of sale, books, briefs, brochures, bulletins, business cards, by-laws, calculations, calendars, catalogues, charges, checks, check registers, check stubs, circulars, claim files, client lists, clippings, communications, compact disks, CD-ROM disks, computer tapes, consultant lists, consultant resumes, consultation reports, contracts, conveyances, corporate minutes and minute books, correspondence, cover notes, customer call records, customer lists, data

compilations, deeds, deposition transcripts, diagrams, diaries, descriptions, drafts, drawings, e-mails, employment applications, employment records, endorsements, evaluations, expense accounts, expense reports, files, file wrappers, films, financial statements, forms, formulae, graphs, hearing transcripts, histories, income statements, indices, instructional materials, instructions, insurance policies, insurance records, insurance reports, inventories, invoices, job assignments, job descriptions, journals, ledgers, letters licenses, lists, literature, log books, loose-leaf binders, magazines, mailgrams, manuals, maps, medical files, meetings transcripts, memoranda, messages, microfiche, microfilm, minutes, minute books or reports, models, mortgages, motion pictures, motions and supporting memoranda, news clippings, newsletters, newspapers, notebooks, notes, notices, opinions, order, organizational charts, pamphlets, papers, patents, periodicals, personnel records, phono-records, photographic negatives, photographs, pleadings, pocket calendars, policies, press releases, profit and loss statements, prints, procedures, prototypes, publications, purchase orders, receipts, records, regulations, reports, resumes, Rolodex cards, rules, samples, schedules, searches, security agreements, shipping orders, shop drawings, slides, specifications, statements, statements of account, statements of assets and liabilities, statistics, studies, summaries, surveys, tangible things, tape recordings, tax returns, telefacsimiles, telegrams, telephone bills, telephone lists, telephone logs, telexes, test results, time cards, time sheets, trade letters, transcripts, travel vouchers, treatises, trip reports, underwriting files, videotapes, warranties, work orders, work sheets, wrappers, writings and Zip disks.

      h.     Electronically Store Information (ESI) means exact copies (i.e. bit by bit) of any and all documents and/or information stored in any and all types of electronic format(s) and/or programs and in any medium(s) or location(s) including, but not limited to, internet based storage (i.e. "cloud" based or off site backups and/or storages), hard drives on any computer and/or server, back-up tapes or other back-up devices, PDA's, cell phones, computer, laptops, or any other device or medium used to store and/or contain ESI information and/or documents.

      Should any of the ESI be located and/or stored offsite from your office(s) either by physical and/or remote access, such as internet/"Cloud" based storage and/or backup, you shall provide exact copies (i.e. bit by bit) of any and all documents. Please be advised that the form and/or format of the ESI must be in its native format as done in the usual course of business so that the ESI can be reasonably searched and used as the supporting software and/or program is designed. As such, simply copying the ESI onto a compact disc and/or memory stick will not satisfy this request.

      The ESI should be produced in an electronic and native format which is not redacted or modified or restricted or password protected and which includes any and all related metadata. The form of the ESI must be produced as it is used in the usual course of business and organized and/or labeled to correspond to the categories in this discovery request. The form of the ESI should be produced in a usable native form or forms, including but not limited to the ability to conduct searches, data selections, report generation and other generally used formats and/or features, which can be used and/or reviewed by use of commercially available programs or systems. If the ESI's form is maintained on a proprietary system or format, the ESI shall be converted to a non-proprietary format or image file or you shall provide access to the use of the proprietary form or system.

i. "Communication" means any expression of any sort, whether oral, written, visual, or otherwise, and includes but is not limited to documents, as defined herein.

j. "Policy language" means any portion, segment, phrase, section, addendum, endorsement, exhibit, exclusion, paragraph, clause, or word of any insurance policy.

k. "Relates to" or "relating to" means constituting, referring, reflecting, mentioning, evidencing, concerning, pertaining to, summarizing, analyzing, touching upon, or being logically or factually connected in any way with the matter discussed.

l. The terms "and" and "or" shall be construed in the conjunctive or in the disjunctive as necessary to bring within the request's or specification's scope all responses that might otherwise be construed to be outside its scope.

m. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

n. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

o. "Including" shall be construed to include the phrase "without limitation."

p. A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, wherever necessary to bring within the request's or specification's scope of all responses that might otherwise be construed as outside its scope.

q. The use of a verb in any tense shall be construed to be the use of the verb in all other tenses, wherever necessary to bring within the request's or specification's scope all responses that might otherwise be construed as outside its scope.

r. Definitions provided in these Definitions and Instructions apply to any grammatical variant of the terms or phrase defined.

**INSTRUCTIONS**

1. Each request is deemed to be a continuing one. In the event that at any later date the party to whom these requests are propounded obtains or discovers any additional information which would either add to or amend its responses to these requests, plaintiff hereby requests that said party supplement his responses hereto promptly.

2. If objection is made to any request propounded below on the grounds that it requests information that falls within the attorney-client privilege, is protected by the work product immunity or for any other reason, please provide the following information as to each objection by way of a written privilege log:

(a) The nature of the privilege or immunity invoked and all bases, both legal and factual, of its invocation.

(b) If a document is involved, identify the specific document(s) and give the date, author, recipient, persons to whom copies were furnished together with their job title, subject matter, the person(s) on whose behalf the privilege or immunity is asserted and the request to which such documents respond.

(c) If an oral communication is involved, identify the communication, identify the person on whose behalf the privilege or immunity is asserted, and each and every person known to defendants to whom the substance of the communication has been disclosed.

(d) To whom the substance of the communication has been disclosed.

3. If you lack information with respect to any request, or any subpart thereof, please respond to the request to the best of your knowledge and belief.

4. The party to whom these requests are propounded shall produce the requested documents for inspection, copying, or photographing as they are kept in the usual course of business, or shall organize and label them to correspond with each and every category outlined in these requests below. If any set of documents are produced "in globo", they must be marked in such a manner os that specific pages can be identified as a response to each category set forth below.

5. The responses herein shall state, with respect to each requested item or document's category, that inspection, copying or photographing will be permitted as requested, unless the request is objected to, in which event the reasons for that objection shall be stated. If objection is made to part of a requested item or document's category, the particular part objected to shall be specified.

6. Each request is to be separately and individually responded to and organized as they are kept in the usual course of business. Any blanket or generalized reference to a group of documents which goes beyond the request will not be acceptable. You should make a reasonable effort to respond to each request.

**DOCUMENTS AND THINGS TO BE PRODUCED**
**AND TOPICS TO BE DISCUSSED**

Please be prepared to discuss the following topics and documents, as well as produce the documents:

1. Any and all certified or original electronically stored (see definition of ESI for form of production above) documents and/or records and/or information and/or

correspondence for bookkeeping for Percy Pinto and/or his wife, Charmaine Pinto;

2.  Any and all certified or original electronically stored (see definition of ESI for form of production above) documents and/or records and/or information and/or correspondence for the tax preparation for tax returns (State and Federal) for Percy Pinto;

3.  Any and all tax returns and/or documents of any type for Percy Pinto and/or his wife, Charmaine Pinto, for the years 2010 2011, 2012, 2013, 2014 and 2015;

4.  Any and all certified or original electronically stored (see definition of ESI for form of production above) documents and/or records and/or information and/or correspondence for bookkeeping for Celeritas Chemicals, LLC;

5.  Any and all certified or original electronically stored (see definition of ESI for form of production above) documents and/or records and/or information and/or correspondence for the tax preparation for tax returns (State and Federal) for Celeritas Chemicals, LLC;

6.  Any and all tax returns and/ore documents of any type for Celeritas Chemicals, LLC for the years 2010, 2011, 2012, 2013, 2014 and 2015.

7.  Any and all certified or original electronically stored (see definition of ESI for form of production above) documents and/or records and/or information and/or correspondence for bookkeeping for PrimeNA Technologies, Inc.;

8.  Any and all certified or original electronically stored (see definition of ESI for form of production above) documents and/or records and/or information and/or correspondence for the tax preparation for tax returns (State and Federal) for PrimeNA Technologies, Inc.;

9.  Any and all tax returns and/or documents of any type for PrimeNA Technologies, Inc. for the years 2010, 2011, 2012, 2013, 2014 and 2015;

10.  Any and all certified or original electronically stored (see definition of ESI for form of production above) documents and/or records and/or information and/or correspondence for bookkeeping for Snap Holdings, LLC;

11.  Any and all certified or original electronically stored (see definition of ESI for form of production above) documents and/or records and/or information and/or correspondence for the tax preparation for tax returns (State and Federal) for Snap Holdings, LLC;

12. Any and all tax returns and/or documents of any type for Snap Holdings, LLC for the years 2010, 2011, 2012, 2013, 2014 and 2015.

13. Any and all communications, including ESI, between you and Mr. Pinto, Celeritas, Snap Holdings and/or PrimeNA.

14. Any and all communications, including ESI, between you and any bank and/or financial institution and/or federal, state and county taxing authorities and/or others regarding Mr. Pinto, Celeritas, Snap Holdings and/or PrimeNA.

15. Any and all accounting and/or business practices, procedures, reports, advice and/or recommendations by you, to anyone regarding Mr. Pinto, Celeritas, Snap Holdings and/or PrimeNA.

16. Generally accepted accounting principles and/or practices used and/or referred to in providing professional services for Mr. Pinto and/or his wife, Charmaine Pinto, Celeritas, Snap Holdings and/or PrimeNA.

17. Generally accepted accounting principles and/or practices and/or changes and/or modifications and/or accounting adjustments as they relate to providing professional services to Mr. Pinto and/or his wife, Charmaine Pinto, Celeritas, Snap Holdings and/or PrimeNA.

18. Any and all professional advice to Mr. Pinto and/or his wife, Charmaine Pinto, Celeritas, Snap Holdings and/or PrimeNA.

19. The financial standing and/or viability and/or solvency of Mr. Pinto and/or his wife, Charmaine Pinto, Celeritas, Snap Holdings and/or PrimeNA.

20. The preparation and/or modification and/or revisions of financial and/or accounting records of Mr. Pinto and/or his wife, Charmaine Pinto, Celeritas, Snap Holdings and/or PrimeNA for the submission to any bank and/or financial institution and/or third party.

21. The preparation and/or modification and/or revisions of financial and/or accounting records of Mr. Pinto and/or his wife, Charmaine Pinto, Celeritas, Snap Holdings and/or PrimeNA for the in the purchase of any new company and/or asset.

22. Any other information and/or documents/ESI for any other financial, accounting, and/or professional services for the defendants.

23. Any and all communications with any local, state and/or federal taxing authority and any modifications and/or amendments to tax returns and/ore penalties and/ore interest paid and all related topics and/or documents.

24.   Any and all expert opinions you have been asked to give in this matter and the bases for those opinions, as well as any documents and/or information you have sent, received and/or reviewed in forming those opinions.

25.   Any and all of your employers and/or others who have worked on and/or provided professional services to Mr. Pinto and/or his wife, Charmaine Pinto, Celeritas, Snap Holdings and/or PrimeNA.

26.   Any and all tax issues related to Mr. Pinto and/or his wife, Charmaine Pinto, Celeritas, Snap Holdings and/or PrimeNA from 2010 to the date of this deposition.

27.   Any and all opinions you will offer at the trial of this matter.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MANIDHARI GUMS & CHEMICALS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-708-Y |
| | § | |
| CELERITAS CHEMICALS, LLC, et al. | § | |

**AGREED PROTECTIVE ORDER**

The parties to this civil action, Plaintiff, Manidhari Gums & Chemicals, and Defendants Celeritas Chemicals, LLC; PrimeNA Technologies, Inc.; Snap Holdings, Inc.; and Percy Pinto (hereafter collectively referred to as "the Parties"), submit this agreed protective order (the "Protective Order") to the Court for entry on the record. Pursuant to the request of the Parties, the Court enters the following Protective Order:

1. Documents and other tangible things to be produced in the above-referenced litigation (the "Litigation") that contain confidential information, personal information, financial information, trade secrets, or other commercially sensitive or proprietary information not heretofore publicly disclosed may be designated as confidential in whole or in part by the producing party. All such documents or portions of documents containing confidential content, and copies thereof, shall be specifically designated in writing as "Confidential" when produced and shall be subject to all terms and conditions of this Protective Order even if the document is not specifically marked with the word "Confidential".

2.   Any documents that are produced and that are designated as Confidential and any copies thereof and any information contained therein or derived therefrom, shall be made available only to the following persons when needed by them in connection with their duties in the conduct of the Litigation:

a.   The Parties in the case;

b.   Attorneys of record in the Litigation and their partners or associate attorneys;

c.   Any persons regularly employed by such attorneys or their firms, when working in connection with the Litigation under the direct supervision of partners or associate attorneys of said firm;

d.   Any independent expert, attorney, consultant, or similar person consulted or retained by counsel to provide assistance, expert advice, technical consultation, or testimony in the Litigation, and the employees of such experts, consultants or similar persons when working in connection with this action under the direct supervision of said persons;

e.   The officers, directors or employees of a Party to the Litigation, only to the extent that such persons are assisting counsel for that party in the conduct of the Litigation;

f.   Witnesses or potential witnesses for the sole purpose of testifying or preparation for trial of the litigation;

g.   The Court;

h.   Court Reporters or other official personnel reasonably required for the preparation of transcripts or testimony;

    i. Commercial photocopying or document-handling firms used by any party to the Litigation or counsel for photocopying, storage, retrieval or handling; and,

j. Any other person on such terms and conditions as the Parties may mutually agree, in writing, or as the Court may hereafter direct by further order.

3. Any document that is designated as Confidential shall be used solely in connection with the preparation, trial, retrial and/or appeal of the Litigation, and for no other purpose.

4. Except for the Court and its personnel, before any person listed in Paragraph 2(d), (f), and (j) can be shown any materials designated as Confidential, counsel for the Parties showing the material shall give a copy of this Protective Order to that person, shall obtain the agreement of that person that he or she will be bound by the terms hereof, and shall obtain the signature of such person on the attached Acknowledgment of Protective Order, attached as Exhibit A. Counsel obtaining the signature of such persons shall be the custodian of the executed acknowledgments.

5. All persons identified in Paragraph 2 to whom documentation or information as Confidential is disclosed shall, by reviewing produced confidential information, agree to jurisdiction of this Court over their person for the purposes of any action seeking to enforce the terms and conditions of this Protective Order or any action for contempt for violation of the terms of this Protective Order.

6.     No person to whom documents or information which is subject to the provisions of this Protective Order shall disclose any such documents or information to any person not entitled, under the terms of this Protective Order, to receive it.

7.     If any information or materials that has been designated as Confidential is included with, or the contents thereof are in any way disclosed by any pleading or other paper filed with the Court or deposition transcript, such confidentially designated materials shall be filed under seal by the party filing the pleading or other paper, until further order of the Court, unless (a) prior permission of the producing party is obtained or (b) the producing party discloses such information in a pleading, deposition transcript or other paper filed with the Court not under seal.

8.     This Protective Order will in no way restrict the use of the information and materials covered by this Protective Order in depositions, at trial, or other hearing before the Court. If any confidential documents or information is needed to be used at a hearing, it shall be filed into the record under seal. If any confidential documents or information is to be used at trial, the party opposing its use at trial shall submit the issue to the Court for a pretrial determination and in accordance with the Court's instructions.

9. At the conclusion of the Litigation, all documents, information or other discovery materials covered by this Protective Order, all copies thereof, and all information contained therein shall remain confidential pursuant to the terms of this Protective Order and shall be returned to the producing party's attorneys of record within 60 days of the filing of the final non-appealable judgment or settlement.

10. Any notes, memoranda, summaries, identification, or indices relating to any of the materials or information that are designated as Confidential and that are produced during the course of the Litigation shall not be disseminated to any persons other than those specifically authorized by this Protective Order, and shall be used solely in connection with the preparation, trial, retrial and/or appeal of the Litigation, and for no other purpose. All such notes, memoranda, summaries, identification or indexes relating to or containing such confidentially designated materials, and any copies thereof, prepared by the attorneys of record are subject to the terms of this Protective Order for as long as such documents exist. Except as provided herein, all notes, memoranda, summaries, identification or indexes relating to or containing such confidentially designated material or information, prepared by anyone other than the attorneys of record will be destroyed within 60 days of the conclusion of the Litigation and any such person

will provide certification to the attorney who provided such confidentially designated material that the material has been destroyed. Any documents in the possession of the attorneys of record for a party are not subject to the requirement of destruction, but subject to the terms of Paragraph 8 of this Protective Order.

11. The Parties shall undertake, in good faith, to designate as Confidential only those documents or portions of documents that they believe contain confidential or proprietary information or other commercially sensitive or proprietary information or personal information.

12. At any time prior to final judgment, a party may challenge the other party's designation of materials as Confidential by notifying the designating party in writing of the specific materials at issue. The Parties will make an effort to resolve by agreement any dispute regarding the confidentiality of the challenged materials. With regard to those items upon which no agreement can be reached after conference on the matter, the challenging party shall have 45 days after such conference to file a motion with this Court with respect to any challenged materials. The challenged materials shall continue to be governed by the terms of this Protective Order unless and until ordered otherwise by the Court. If said motion is not sought within 45 days, as described

above, the challenged materials shall continue to be considered confidential information.

13. The Parties are specifically given the right to request that this Court modify or otherwise grant relief from any provision of this Protective Order notwithstanding their approval or agreement to this Protective Order.

14. This Protective Order does not affect the producing party's right to use its own confidentially designated information in any way.

15. Nothing in this Protective Order precludes a party from sharing confidentially designated information with a deponent or witness that authored the document containing the confidential information, or with a deponent or witness that reviewed, received, or was copied with the confidentially designated information prior to the date of this Protective Order or the production of the confidentially designated information.

16. Nothing in this Protective Order shall prevent any party from using or disclosing its own documents or information, or from the use or disclosure of any document or information which such party may have acquired from independent sources or outside of the production produced in the Litigation.

17. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to the Litigation.

18. Nothing in this Protective Order shall be construed in any way as a finding that any particular document or information is or is not confidential or is, or is not, admissible in evidence. Additionally, a party's compliance with the terms of this Protective Order shall not operate as an admission that any particular document is, or is not, admissible in evidence at any potential trial of the Litigation.

**Unless this order includes a clause that explicitly states that a particular local civil rule is modified as applied to this case, nothing in this order shall be construed to modify the provisions, operation, or effect of any local civil rule of this court.**

SIGNED April 20, 2015.

Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

AGREED TO BY:

/s/ Paul C. Miniclier
Paul C. Miniclier, (Texas  Bar # 24001361)
LAW OFFICE OF PAUL C. MINICLIER
1305 Dublin Street
New Orleans, Louisiana 70118
Telephone: (504) 864-1276
Fax: (504) 864-1278
E-mail: pcm@minilaw.net
Attorney for Plaintiff, Manidhari Gums & Chemicals


/s/ Catherine Brandt
James M. Stanton, Esq. (Texas Bar # 24037542)
Catherine Brandt, Esq. (Texas Bar # 02565200)
THE STANTON LAW FIRM, PC
4350 Beltway Drive
Addison, Texas  75001
Telephone: (972)233-2300
Fax: (972) 692-6812
E-mails: stanton@stantonlawfirm.com; brandt@stantonlawfirm.com
Attorneys for Defendants, Celeritas Chemicals, LLC,
PrimeNA Technologies, Inc., Snap Holdings, Inc. and Percy Pinto

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MANIDHARI GUMS & CHEMICALS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-708-Y |
| | § | |
| CELERITAS CHEMICALS, LLC, et al. | § | |

**EXHIBIT "A"**

I, the undersigned, have reviewed the attached Agreed Protective Order entered in the case styled "Manidhari Gums & Chemicals vs. Celeritas Chemicals, LLC, et al", Case No. 2014-cv-00708, United States District Court, Northern District of Texas, (the "Agreed Protective Order"), and I acknowledge its terms. Having been advised to seek my own counsel before doing so, I agree to be bound by the terms of the Agreed Protective Order.

Signed this _____ day of ____________________, 2015.

Printed Name: ________________________________________

Title: ________________________________